

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**12/02/2010**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE | ) | |
| | ) | |
| JANE RASHAD, | ) | CASE NO. 10-34549-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JANE RASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 10-3362 |
| | ) | |
| J. MICHAEL KELLY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a combined evidentiary hearing on

the motion to transfer venue contained in "Defendant J. Michael

Kelly's Motion for Mandatory Abstention, Motion for Permissive

Abstention, and Motion to Transfer Venue" (Docket No. 8) filed in

the above adversary proceeding[1] and "J. Michael Kelly's Motion

for Relief from Stay" (Docket No. 11) filed in the above

captioned Chapter 11 case.  The following are the Findings of

Fact and Conclusions of Law of the court.  Separate conforming

judgments will be entered in the instant adversary proceeding and

in the instant Chapter 11 case.  To the extent any of the

Findings of Fact are considered Conclusions of Law, they are

---

[1]The court has previously denied Kelly's motion for
abstention.  <u>See</u> Docket No. 11, Adv. No. 10-3362.

adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Jane Rashad ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 30, 2010.

In Debtor's Schedule A, she lists as her real property an undivided 50 percent interest in a residence located at 2460 Aaron Street, Los Angeles, California (the "California Property"), and fee simple title as to a residence located at 6829 Carvel Lane, Houston, Texas.  (Docket No. 8, Case No. 10-34549-H3-11).

In the instant motion for relief from stay, J. Michael Kelly seeks lifting of stay in order to file a partition action with respect to the California Property in a state court in California.  (Docket No. 11, Case No. 10-34549-H3-11).  Kelly, who represented Debtor's former spouse, Dr. Mohammed Rashad, in a divorce proceeding, asserts that he acquired Dr. Rashad's undivided 50 percent interest in the California Property at a foreclosure sale conducted on April 29, 2010, pursuant to a lien for payment of his attorney fees.  (Docket No. 8, Adv. No. 10-3362).  Kelly asserts that he holds a lien on Debtor's interest in the California Property as a result of capital expenditures he made with respect to the California Property.  (Docket No. 11, Case No. 10-34549-H3-11).

In the instant adversary proceeding, Debtor seeks a declaratory judgment determining that the April 29, 2010 foreclosure sale is void.  Debtor seeks a determination that the California Property is her own property.  Debtor asserts several theories of recovery, including:  that Dr. Rashad did not own an interest in the California Property, that the notice of foreclosure was insufficient in light of Dr. Rashad's death in February, 2010, and that the transfer to Kelly was a fraudulent transfer or a preference.  (Docket No. 1, Adv. No. 10-3362).[2]

In the instant motion to transfer, Kelly seeks the transfer of the instant adversary proceeding to a District court in California.  He asserts that California is the correct venue because the divorce case took place in California, and the property is located in California.  He asserts that all non-party witnesses are located in California.  He asserts that California law will govern all of the issues in the instant adversary proceeding, including the preference and fraudulent transfer actions.

Debtor takes the position that venue should not be transferred, and stay should not be lifted, because Debtor has a second adversary proceeding against Kelly, seeking similar relief

---

[2]Although Debtor states in her pleadings that Dr. Rashad's death occurred in February, 2010, she testified at the hearing on the instant motions that his death occurred on March 17, 2010.

with respect to a parcel of real property located in Texas.[3]

Debtor asserts that the witnesses will be required to come to

Texas for trial in that adversary proceeding.  Debtor asserts

that the California Property is property of the bankruptcy

estate, and that this court's determination of the issues

regarding the California Property are core proceedings.

    At the hearing on the instant motion, Kelly testified

that he began representing Dr. Rashad in connection with a

divorce proceeding during 2003.  He testified that he represented

Dr. Rashad through at least 2008.

    The Superior Court for the State of California entered

a default judgment granting divorce on January 30, 2008.  (Kelly

Exhibit 7).  Debtor appealed, and the appeal was referred to

mediation among Debtor, Dr. Rashad, and Kelly's law firm.  At the

conclusion of the mediation, held during October, 2009, Debtor,

Dr. Rashad, and a lawyer from Kelly's firm signed a stipulation

which, inter alia, provided for settlement of the attorney fee

and sanction orders in the divorce case.  (Kelly Exhibit 12).

    Kelly testified that, at his direction, Ryan Newman

conducted a foreclosure sale of the California Property on April

29, 2010.  He testified that he bid $215,000, and was the only

_____

    [3]This property, located at 2341 Maroneal, Houston, Texas, is
the subject of Adversary Proceeding No. 10-3433.  There are
parties other than Debtor and Kelly to Adversary Proceeding No.
10-3433.

bidder.

Debtor testified that a corrected divorce decree was entered in the divorce case during February, 2010.  Debtor testified that the corrected divorce decree provided, <u>inter</u> <u>alia</u>, that the California Property was her separate property.  The corrected divorce decree is not in evidence with respect to the instant motions.

Kelly testified that two contractors, who estimated the cost of work needed to be done to the California Property, are located in California.  He implied in his testimony that they are necessary witnesses.

Debtor testified that she has sought to determine the cost of obtaining counsel other than her bankruptcy counsel to litigate the instant adversary proceeding, if the adversary proceeding were transferred to California.  She testified that she was quoted a legal fee of $50,000.

Debtor testified that the value of the California Property is approximately $500,000.  She testified that she acknowledges that she owes Kelly approximately $350,000.

Conclusions of Law

In considering whether to transfer an adversary proceeding, the court considers private interest factors (relative ease of access to sources of proof; availability of

compulsory process to secure the attendance of witnesses; cost of

attendance for willing witnesses; and all other practical

problems that make trial of a case easy, expeditious, and

inexpensive) and public interest factors (administrative

difficulties flowing from court congestion; local interest in

having localized issues decided at home; familiarity of the forum

with the law that will govern the case; and avoidance of

unnecessary problems of conflict of laws or in the application of

foreign law).  The movant seeking transfer bears the burden of

proof.  In Re Volkswagen of America, Inc., 545 F.3d 304 (5th Cir.

2008).

In the instant case, the relative ease of access to

sources of proof does not support a transfer of this adversary

proceeding.  Kelly's assertion that the contractors who assert

liens against the property are necessary parties is without

merit, because a court must determine the relative property

rights of the parties in the property before determining the

question of partition on which Kelly bases his argument.  With

respect to the availability of compulsory process, no witnesses

have been identified whose appearance would be required to be

compelled.  The cost of attendance for willing witnesses is a

neutral factor.[4]  As to other practical problems, the only

_____

[4]The court notes that Kelly testified that he leads a 32
person firm specializing in divorce law, and that he is
responsible for bringing in all of the firm's business.  However,

6

evidence is that it would cost Debtor $50,000 to hire counsel in

California, and there are similar issues to those in the instant

adversary proceeding pending in Adversary No. 10-3433.  The court

concludes that this factor weighs against transfer.

        With respect to the public interest factors, there is

no evidence with respect to administrative difficulties.

Although the California courts are familiar with California law,

there are bankruptcy issues present in the instant case, such

that either this court or a California state court would be

required to become familiar with the laws applicable in the other

court.  There is no evidence before this court as to conflicts of

laws issues.

        The court concludes that Kelly has not met his burden

of proof to demonstrate that there is good cause for transfer of

the above captioned adversary proceeding.

        As to Kelly's motion for relief from stay, the law is

that the court shall grant relief, such as by terminating,

annulling, modifying, or conditioning the stay, for cause.

11 U.S.C. § 362(d)(1).

        What constitutes "cause" for the lifting of the stay

pursuant to Section 362(d)(1) is not defined in the Bankruptcy

Code.  Whether cause exists must be determined on a case by case

---

when balanced against the Debtor's financial hardship (Debtor now
resides in Houston, Texas), the court finds the relative hardship
to be evenly balanced.

basis based on an examination of the totality of circumstances.
In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton
v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc.,
912 F.2d 1162 (9th Cir. 1990).  The burden of proof rests with
the party opposing relief from stay.  11 U.S.C. § 362(g)(2).

        In determining whether to lift the automatic stay to
allow litigation against a debtor to proceed outside this court,
the court should consider whether lifting the stay will result in
any great prejudice to the debtor or the bankruptcy estate,
whether any hardship to a nondebtor of continuation of the stay
outweighs any hardship to debtor, and whether the creditor has a
probability of prevailing on the merits of the case.  In re
Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).

        In the instant case, the lifting of stay to permit
Kelly to commence a suit in California would result in a
duplication of the issues raised in the instant adversary
proceeding, and the possibility of inconsistent results.  Kelly
has an adequate forum available in the Southern District of
Texas, to determine the parties' respective rights in property.
However, in the interest of equity, The court concludes that the
stay should be lifted, in part, to permit Kelly to assert his
claims and defenses in the instant adversary proceeding and in
Adversary No. 10-3433.  The court concludes that the remainder of
the relief requested by Kelly in the instant motion should be

denied.

Based on the foregoing, separate conforming Judgments will be entered in the instant adversary proceeding and in the instant Chapter 11 case.

Signed at Houston, Texas on December 2, 2010.


                                 LETITIA Z. PAUL
                                 UNITED STATES BANKRUPTCY JUDGE