# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re | **Case No.:** | **10-34549-H3-11** |
| | | Chapter 11 |
| **JANE RASHAD**, | **Adversary** | |
| | **Proceeding No.:** | **10-03362** |
| Debtor. | | |
| | *Assigned to the Honorable Letitia Z. Paul, Judge* | |
| Address:    9374 Briar Forest Drive | | |
|               Houston, Texas  77063 | Bankruptcy Petition Filed:    May 20, 2010 | |
| SSN / ITIN:    xxx-xx-6481 | | |
| *also known as* **JANE KAO** | Adversary Proceeding | |
| | Complaint Filed:    August 10, 2010 | |
| **JANE RASHAD**, | Modified Discovery Cut-Off: June 1, 2011 | |
| Plaintiff, | | |
| | Modified Dispositive | |
| vs. | Motion Filing Deadline:    July 8, 2011 | |
| **J. MICHAEL KELLY**, | Modified Trial Date:    August 22, 2011 | |
| Defendant. | | |

## DEFENDANT J. MICHAEL KELLY'S FRCP RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT SEEKING TO SET ASIDE NON-JUDICIAL FORECLOSURE ON AARON STREET REAL PROPERTY

PER BANKRUPTCY LOCAL RULES 7007-1 AND 9013-1(B), PLEASE TAKE NOTICE THAT THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE THE RESPONSE WITH THE UNITED STATES BANKRUPTCY COURT LOCATED IN THE BOB CASEY UNITED STATES COURTHOUSE AT 515 RUSK STREET, HOUSTON, TEXAS 77002, AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY, IF ANY.

– i –

DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. 10-03362

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Defendant J. Michael Kelly (hereinafter referred to as "Defendant-Creditor," "Defendant" or "Kelly"), through the undersigned attorney, who respectfully requests that this Court enter an order granting him judgment on the pleadings, dismissing Plaintiff-Debtor Jane Rashad's (hereinafter referred to as "Plaintiff-Debtor," "Plaintiff" or "Jane") adversary proceeding Original Complaint under Federal Rules of Civil Procedure, rule 12(c) for her failure to state any cognizable claim upon which relief could be granted as a matter of law.  Defendant-Creditor further respectfully requests that said order granting his motion for judgment on the pleadings dismiss Plaintiff-Debtor's adversary proceeding Original Complaint with prejudice and without leave to amend, enter judgment in Defendant-Creditor's favor, as well as award any and all further relief, including payment of Defendant-Creditor's attorneys' fees and costs, as may be equitable and just:

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vii

TABLE OF EXHIBITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  xlviii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     DEBTOR'S ORIGINAL COMPLAINT FAILS TO COMPLY WITH
       PLEADING REQUIREMENTS OF FRCP RULE 8 AND THEREFORE
       FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF SO THAT
       JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN
       DEFENDANT-CREDITOR'S FAVOR UNDER FRCP RULE 12(c). . . . . . . . . . . . . . . 2

II.    COURT MAY CONSIDER MATERIAL BEYOND THE FACE OF PLAINTIFF-
       DEBTOR'S COMPLAINT IN DETERMINING THE INSTANT MOTION.. . . . . . . . . . 8

       A.     Documents Referred to and/or Central to Claims Raised in the Complaint. . . . . . 9

       B.     Materials Subject to Judicial Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

– ii –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

III.   CALIFORNIA STATE LAW GOVERNS ANALYSIS OF THE VARIOUS
       REAL PROPERTY TRANSACTIONS, SECURITY INSTRUMENTS,
       JUDGMENTS, CONTRACTS AND SETTLEMENT AGREEMENTS
       AT ISSUE HEREIN.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

IV.    THE 2009 STIPULATION DID NOT EFFECTUATE A NOVATION OR
       RELEASE OF THE 2008 DEED OF TRUST, PROMISSORY NOTE OR
       SETTLEMENT AGREEMENT SINCE IT DID NOT REFLECT ANY
       PARTY INTENT TO EXTINGUISH ANY OF THE RASHADS'
       PREVIOUS OBLIGATIONS OR THE LIENS TO SECURE THEM. . . . . . . . . . . . . . 31

       A.   Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

       B.   Plaintiff-Debtor Bore Burden to Properly Plead Elements That a
            Novation Had Been Consummated Between the Parties. . . . . . . . . . . . . . . . . . . 33

       C.   Plaintiff-Debtor Fails to Allege and the Relevant Documents Do Not
            Reflect Any Party Intent to Extinguish Defendant-Creditor's Liens
            on the Aaron Street Property, Thereby Vitiating Her Novation Claim. . . . . . . . 34

            1.   The Relevant Documents at Issue Herein Clearly Express the
                 Lack of Party Intent to Extinguish the 2008 Promissory Note
                 or the Deed of Trust with Power of Sale. . . . . . . . . . . . . . . . . . . . . . . . 36

            2.   Parties' Conduct After Execution of November 2009 Stipulation
                 with Respect to the Absence of the Reconveyance Required
                 Under California State Law Upon Extinction of a Lien Clearly
                 Reflects that There was no Party Intent to Extinguish the 2008
                 Promissory Note or the Deed of Trust with Power of Sale. . . . . . . . . . . . 45

                 a.   Plaintiff-Debtor's Failure to Demand Reconveyance. . . . . . . . . . 46

                 b.   Plaintiff-Debtor's Failure to Object to Lifting of
                      Foreclosure Sale Stay on Any of Bases Raised in Her
                      Complaint Reflects the Lack of Merit of Her Claims. . . . . . . . . . 52

                 c.   The Rashads' Lack of Disclosure or Notice in Secretly Preparing
                      and Submitting the "Corrected" Judgment and Transferring Dr.
                      Rashad's Aaron Street Property Interest to Plaintiff-Debtor
                      Reflect Fraudulent Intent as Opposed to an Understanding of
                      Novation, Release or Extinction of the Aaron Street Liens. . . . . . 55

       D.   Plaintiff-Debtor Fails to Allege a Valid Contract to Substitute
            for the Previous Settlement Agreement, Thereby Vitiating
            Her Novation Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

1.     The January 2008 Promissory Note Could Only be Modified or Extinguined by Subsequent Written Agreement Executed by Defendant-Creditor, a Fact Plaintiff-Debtor Fails to Allege and that in Fact Never Occurred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

2.     August 2008 Settlement Agreement was Irrevocable and Therefore Not Subject to an Implied Modification, Rescission, Termination, Extinguishment or Novation. . . . . . . . . . . . . . . . . . . . . . . . 58

3.     The November 2009 Stipulation was Void *Ab Initio* as Having Been Procured by the Rashads' Fraud and Material Omissions. . . . . . . . 59

4.     The Marital Dissolution Trial Court was Without Jurisdiction to Enter the November 2009 Stipulation Due to an Appellate Stay in Place as a Result of Plaintiff-Debtor's June 56, 2009 Filing of Her Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

E.     Plaintiff-Debtor's Allegation of Release is Insufficient to Survive Beyond the Pleading Stage. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

1.     Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

2.     Plaintiff-Debtor Has Not Properly Pled Release Since She Fails to Actually Allege that the Parties Ever Entered into Any Release Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

3.     Plaintiff-Debtor's Claim of Release is Contradicted by the Clear Terms of the Relevant Settlement Documents as well as Allegations within Her Own Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

V.     PLAINTIFF-DEBTOR IS ESTOPPED  FROM ASSERTING THAT AARON STREET CONSTITUTES HER SEPARATE PROPERTY SO THAT DR. RASHAD HAD NO INTEREST AGAINST WHICH DEFENDANT-CREDITOR COULD SECURE HIS FEES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

A.     Plaintiff-Debtor's Failure to Object to Defendant-Creditor's Lien on Aaron Street at the Time of Its Creation Despite the Opportunity and Statutory Mechanism to do so Precludes Her from Asserting that the Aaron Street Property is Not Community Property. . . . . . . . . . . . . . . . . . . . 68

B.     Collateral Estoppel and *Res Judicata* Preclude Plaintiff-Debtor from Contradicting the Final State Court Judgment Establishing the Community Property Character of the Aaron Street Property. . . . . . . . . . . . . 72

1.     The Bankruptcy Court Must Afford the January 2008 Judgment "Full Faith and Credit" as a Final Judgment of a State Court. . . . . . . . . . 72

– iv –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad)  – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

2.      Doctrines of Collateral Estoppel and *Res Judicata* Preclude Plaintiff-Debtor from Relitigating the Aaron Street Property Characterization Issues Finally Determined by the California Marital Dissolution Trial Court in the January 2008 Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

3.      Rooker-Feldman Doctrine Precludes This Bankruptcy Court from Reviewing the Validity of the California Marital Dissolution Trial Court's January 2008 Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . 78

C.      Plaintiff-Debtor's Reliance on the Purported "Corrected" Judgment is Seriously Misplaced Since it is of Absolutely No Legal Effect . . . . . . . . . . . . . . 81

1.      Active Appellate Stay Deprived Trial Court of Subject Matter Jurisdiction to Entertain and Enter Rashads' Purported "Corrected" Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

2.      Parties to an Action in California Cannot Stipulate to Substantively "Correct" a Judgment without Having Timely Filed an Appropriate Motion so the Rashads' "Corrected" Judgment is of No Effect. . . . . . . . . . . . . . . . . . . . . . . . . . . 83

VI.     PLAINTIFF-DEBTOR HAS FAILED TO STATE A CLAIM FOR AN AVOIDABLE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548. . . . . . . . . . . . . 86

VII.    PLAINTIFF-DEBTOR HAS FAILED TO STATE A CLAIM FOR AN AVOIDABLE PREFERENTIAL TRANSFER UNDER 11 U.S.C. § 547. . . . . . . . . . . . 88

VIII.   PLAINTIFF-DEBTOR'S NOT-EVEN-BARE-BONES CLAIM OF DEFECTIVE FORECLOSURE NOTICE SHOULD BE SUMMARILY DISREGARDED AS BEREFT OF ANY NECESSARY DETAILS OR SUBSTANTIVE ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

A.      Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

B.      Plaintiff-Debtor Omits Numerous Necessary General Allegations from Her Claim of Defective Notice of the Foreclosure Sale. . . . . . . . . . . . . . . . . . . . 95

C.      Defendant-Creditor Effectuated Proper Notice of the Aaron Street Foreclosure Sale. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

D.      Even if the Aaron Street Foreclosure Notice was in Any Way Defective, Plaintiff-Debtor's Failure to Allege an Attempted Tender or a Present Ability to Do So Vitiates Her Claim. . . . . . . . . . . . . . . . . 104

IX.   IN ANTICIPATION OF PLAINTIFF-DEBTOR'S REQUEST FOR LEAVE TO
      AMEND, DEFENDANT-CREDITOR ADDRESSES THE EXPECTED
      AMENDMENT BASED UPON CALIFORNIA'S "ONE FORM OF ACTION"
      RULE REFLECTED IN DEFENDANT-CREDITOR'S PROPOSED
      FIRST AMENDED COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106

      A.    Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

      B.    Plaintiff-Debtor Has Relied upon Inapplicable Law. . . . . . . . . . . . . . . . . . 108

      C.    Plaintiff-Debtor Lacks Necessary Standing to Assert Any
            Purported "One Action" Rule Violation. . . . . . . . . . . . . . . . . . . . . . . . . . . 109

      D.    Defendant-Creditor's Exercise of the Power of Sale in the Aaron Street
            Deed of Trust Did Not Constitute an "Action" for the Purposes of
            California's "One Action" Rule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 111

      E.    California's "One Action" Rule Does Not Apply to Enforcement of
            Judgment Steps against Real Property Located Outside of California. . . . . . . 115

X.    PLAINTIFF-DEBTOR SHOULD NOT BE GRANTED LEAVE TO AMEND
      HER ADVERSARY COMPLAINT SINCE SHE CANNOT STATE A
      COGNIZABLE CLAIM AS A MATTER OF LAW SO THAT HER ADVERSARY
      PROCEEDING COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE. . . . . 117

XI.   DEFENDANT-CREDITOR REQUESTS THAT THE ORDER GRANTING THE
      INSTANT MOTION AND ENTERING JUDGMENT IN HIS FAVOR INCLUDE A
      PROVISION FOR PLAINTIFF-DEBTOR'S PAYMENT OF THE COSTS AND
      REASONABLE ATTORNEYS' FEES DEFENDANT-CREDITOR INCURRED
      DEFENDING AGAINST THIS TRAVESTY OF AN ADVERSARY PROCEEDING
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119

XII.  DEFENDANT-CREDITOR REQUESTS THAT THE COURT ISSUE A
      STATEMENT OF DECISION CONTAINING ITS FINDINGS OF FACT
      AND CONCLUSIONS OF LAW IN RULING ON THE INSTANT MOTION. . . . . . 121

XIII. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 124

# TABLE OF AUTHORITIES

**Federal Constitution**

*United States Constitution, article IV, § 1*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72, 73

**Federal Statutes**

*11 U.S.C. § 547* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 88-89, 91

*11 U.S.C. § 548* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 29, 86-88

*28 U.S.C. § 1257* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

*28 U.S.C. § 1481* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*28 U.S.C. § 1652* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*28 U.S.C. § 1738* (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 72-73, 80

**Federal Cases**

*Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*
   698 F.2d 862 (7th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*A.L.T. Corp. v. Small Business Administration*
   801 F.2d 1451 (5th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Achtman v. Kirby, McInerney & Squire, LLP*
   464 F.3d 328 (2nd Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Addington v. Farmer's Elevator Mut. Ins. Co.*
   650 F.2d 663 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Adelman v. Centaur Corp.*
   145 F.2d 573 (6th Cir. 1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Airs Int'l v. Perfect Scents Distributions*
   902 F. Supp. 1141 (N.D. Cal. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 55-57, 59

*al-Kidd v. Ashcroft*
   580 F.3d 949 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Albrecht v. Lund*
   845 F.2d 193 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

– vii –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Alexander v. State of Oklahoma*
    382 F.3d 1206 (10th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Allen v. Henggeler*
    32 F.2d 69 (8th Cir. 1929). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Allen v. McCurry*
    449 U.S. 90 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Amell v. Kucewicz*
    53 F. Supp. 2d 145 (D. Ma. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*American Surety Co. v. Edwards & Bradford Lumber Co.*
    57 F. Supp. 18 (D. Iowa 1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*American Tank Co. v. Continental & Commercial Trust & Sav. Bank*
    3 F.2d 122 (8th Cir. 1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Amphibious Partners, LLC v. Redman*
    534 F.3d 1357 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Archer v. Warner*
    538 U.S. 314 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

*ASARCO LLC v. Americas Min. Corp.*
    382 B.R. 49 (Bankr. S.D. Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Asdar Group v. Pillsbury, Madison & Sutro*
    99 F.3d 289 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ashcroft v. Iqbal,*
    556 U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). . . . . . . . . . . . . . . . . . 2, 4-8, 42

*Askanase v. Fatjo*
    148 F.R.D. 570 (S.D. Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Atherton v. Atherton*
    181 U.S. 155 (1901). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc. (In re Parkway Sales and Leasing, Inc.)*
    411 B.R. 337 (Bankr. E.D. Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Baker v. Putnal*
    75 F.3d 190 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*
    194 F.3d 1089 (10th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Barnhill v. Johnson*
    503 U.S. 393 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Batlan v. Bledsoe (In re Bledsoe)*
    569 F.3d 1106 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

*Bay Area Factors v. Calvert (In re Calvert)*
    105 F.3d 315 (6th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Belizan v. Hershon*
    434 F.3d 579 (D.C. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544  (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-8, 42, 88, 118

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*
    343 F.3d 719, (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bender v. Suburban Hosp., Inc.*
    159 F.3d 186 (4th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 68

*Bennett v. Yoshina*
    140 F.3d 1218 (9th Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Berthold Types Ltd. v. Adobe Systems Inc.*
    242 F.3d 772 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*BFP v. Resolution Trust Corp.*
    511 U.S. 531 (1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91, 92

*Blackshear v. First Nat'l Bank*
    261 F. 601 (5th Cir. 1919). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Bldg. Communs., Inc. v. Rahaim (In re Rahaim)*
    324 B.R. 29 (Bankr. E.D. Mich. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Blue Cross & Blue Shield of Maryland, Inc. v. Weiner*
    868 F2d 1550 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*Board of Trade v. Johnson*
    264 U.S. 1 (1924).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Bolen v. Dengel (In re Dengel)*
    340 F.3d 300 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bonanno v. Thomas*
    309 F.2d 320 (9th Cir. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

*Bradley v. Chiron Corp.*
    136 F.3d 1317 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 68

*Branch v. Tunnell*
    14 F. 3d 449 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

*Brine v. Insurance Co.*
    96 U.S. 627 (6 Otto) (1878). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Brown v. Felsen*
    442 U.S. 127 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Brown v. Van Braam*
    3 U.S. 344 (3 Dall.) (1797). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Bryant v. Avado Brands, Inc.*
    187 F. 3d 1271 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bryant v. Carleson*
    444 F.2d 353 (9th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Buck v. Hampton Tp. School Dist.*
    452 F.3d 256 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burns Mortg. Co. v. Fried*
    292 U.S. 487 (1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Butner v. United States*
    440 U.S. 48 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 30

*Cannon v. Loyola Univ. of Chicago*
    784 F.2d 777 (7th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119

*Carmona v. Carmona*
    544 F3d 988 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*Castillo-Villagra v. I.N.S.*
    972 F.2d 1017 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Causey v. Sewell Cadillac-Chevrolet, Inc.*
    394 F.3d 285 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Central Laborers' Pension Fund v. Integrated Elec. Services Inc.*
    497 F.3d 546 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*Chambers v. Time Warner, Inc.*
    282 F.3d 147 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chauhan v. Formosa Plastics Corp.*
    212 F.3d 595 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cinel v. Connick*
    15 F.3d 1338 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Coalition for an Airline Passengers' Bill of Rights v. Delta Airlines, Inc.*
    693 F. Supp. 2d 667 (S.D. Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-10

*Collins v. Morgan Stanley Dean Witter*
    224 F.3d 496 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 10

*Collins v. Streitz*
    95 F.2d 430 (9th Cir. 1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Commissioner v. Stern*
    357 U.S. 39 (1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Conley v. Gibson*
    355 U.S. 41, 47 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Connecticut Bank of Commerce v. Republic of Congo*
    (5th Cir. 2002) 309 F.3d 240. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Conopco, Inc. v. Roll International*
    231 F.3d 82 (2nd Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Consolidated Flour Mills Co. v. File Bros. Wholesale Co.*
    110 F.2d 926 (10th Cir. 1940). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Cortec Industries, Inc. v. Sum Holdings*
    949 F.2d 42 (2nd Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Covad Communications Co. v. Bell Atlantic Corp.*
    407 F.3d 1220 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Credit Alliance Corp. v. Penn Hook Coal Co.*
    77 B.R. 57 (Bankr. W.D. Va. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Crowe v. Wiltel Communications Systems*
    103 F.3d 897 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*
    182 F.3d 788 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Culhane v. Anderson*
    17 F.2d 559 (8th Cir. 1927). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Cuvillier v. Sullivan*
    503 F.3d 397 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Davani v. Virginia Dept. of Transp.*
    434 F.3d 712 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*Davis v. Bayless, Bayless & Stokes*
    70 F.3d 367 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 78, 121, 122

*Davis v. Dallas Area Rapid Transit*
    383 F.3d 309 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

*Davis v. Scherer*
    468 U.S. 183 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Day v. Moscow*
    955 F.2d 807 (2nd Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*DeCarlo v. Fry*
    141 F.3d 56 (2nd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Dewsnup v. Timm*
    502 U.S. 410 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*District of Columbia Court of Appeals v. Feldman*
    460 U.S. 462 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73, 78-81

*Dodd v. Hood River County*
    136 F.3d 1219 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Doe v. Hillsboro Independent School District*
    81 F.3d 1395 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Doe v. MySpace, Inc.*
    528 F.3d 413 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Doe v. United States*
    58 F.3d 494 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*Dorsey v. Portfolio Equities, Inc.*
    540 F.3d 333 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Durning v. First Boston Corp.*
    815 F.2d 1265 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Edward Hines Yellow Pine Trustees v. Martin*
    296 F. 442 (5th Cir. 1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Ellingson v. Burlington Northern, Inc.*
    653 F.2d 1327 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 68

*Elsensohn v. St. Tammany Parish Sheriff's Office*
    530 F.3d 368 (5th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Enterprise Bank v. Magna Bank of Missouri*
    92 F.3d 743 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Erickson v. Pardus*
    551 U.S. 89 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

*Erie R.R. v. Tompkins*
    304 U.S. 64 (1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23, 30

*Ernst v. Child & Youth Services of Chester County*
    108 F.3d 486 (3rd Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ex parte Benevolent & Protective Order of Elks*
    69 F.2d 816 (2d Cir. 1934).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*
    544 U.S. 280 (2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75, 78-80

*F.D.I.C. v. Firemen's Ins. Co. of Newark, NJ*
    109 F.3d 1084 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Faibisch v. University of Minnesota*
    304 F.3d 797 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Fanucchi & Limi Farms v. United Agric. Prods.*
    414 F.3d 1075 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 35, 45, 46

*Faris v. Hope*
    298 F. 727 (8th Cir. 1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Farrey v. Sanderfoot*
    500 U.S. 291 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

*Fay Corp. v. BAT Holdings I, Inc.*
    646 F. Supp. 946 (W.D. Wash. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Fay Corp. v. Frederick & Nelson Seattle, Inc.*
    896 F.2d 1227 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*FDIC v. O'Flahaven*
    857 F. Supp. 154 (D. N.H. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*
    410 F.3d 17 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Fernandez-Montes v. Allied Pilots Ass'n*
    987 F.2d 278 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ferrer v. Chevron Corp.*
    484 F.3d 776 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fidelity Union Trust Co. v. Field*
    311 U.S. 169 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Fin. Acquisition Partners v. Blackwell (In re Financial Acquisition Partners, LP)*
    440 F.3d 278 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Firestone v. Firestone*
    76 F.3d 1205 (DC Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Foman v. Davis*
    371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117, 118, 122

*Fru-Con Const. Corp. v. Controlled Air, Inc.*
    574 F.3d 527 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Galbraith v. County of Santa Clara*
    307 F. 3d 1119 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE**
**PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Gauthier v. Cont'l Diving Servs., Inc.*
  831 F.2d 559 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Gentilello v. Rege*
  627 F.3d 540 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

*Gillis v. Welch*
  80 F.2d 165 (9th Cir. 1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Giove v. Stanko*
  977 F.2d 413 (8th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Global Network Communications, Inc. v. City of New York*
  458 F.3d 150 (2nd Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gonazalez v. Kay*
  577 F.3d 600 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Government Personnel Mut. Life Ins. Co. v. Kaye*
  584 F.2d 738 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Grand Ave. Partners, L.P. v. Goodan*
  25 F. Supp. 2d 1064 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*
  313 F.3d 305 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

*Greenberg v. General Mills Fun Group, Inc.*
  478 F.2d 254 (5th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Griggs v. Hinds Junior College*
  563 F.2d 179 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

*Guaranty Trust Co. of New York v. York*
   326 U.S. 99 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Guffey v. Smith*
  237 U.S. 101 (1915).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Haber Oil Co., Inc. v. Swinehart (In re Haber Oil Co.)*
  12 F.3d 426 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Halbert v. City of Sherman*
  33 F.3d 526 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Harris v. Parker College of Chiropractic*
   286 F.3d 790 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Hayes v. Whitman*
   264 F.3d 1017 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 68

*Heiser v. Woodruff*
   327 U.S. 726 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Hensley Mfg. v. ProPride, Inc.*
   579 F.3d 603 (6th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*Herbert Abstract Co. v. Touchstone Prop., Ltd.*
   914 F.2d 74 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hoblock v. Albany County Board of Elections*
   422 F.3d 77 (2nd Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Holder v. Holder*
   305 F.3d 854 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Hole v. Texas A&M University*
   360 Fed. Appx. 571 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Holman v. Indiana*
   211 F.3d 399 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 68

*Howell Hydrocarbons, Inc. v. Adams*
   897 F.2d 183 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

*Hughes v. Tobacco Institute, Inc.*
   278 F.3d 417 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re A-1 24 Hour Towing, Inc.*
   33 B.R. 281 (Bankr. D. Nev. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*In re Almazan*
   No. 10-07017, 2011 WL 841349 (Bankr. S.D. Tex. 2011). . . . . . . . . . . . . . . . . . . . 87, 88

*In re Brazelton Cedar Rapids Group LC*
   264 B.R. 195 (Bankr. N.D. Iowa 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*In re Brown*
   60 F.2d 269 (D. Ky. 1932). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*In re Byard*
      47 B.R. 700 (Bankr. M.D. Tenn 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*In re Calder*
      907 F.2d 953 (10th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In re Deicas*
      137 B.R. 51 (Bankr. S.D. Cal. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*In re Ehring*
      900 F.2d 184 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

*In re Farrell*
      27 B.R. 241 (Bankr. E.D. N.Y. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*In re FIBSA Forwarding, Inc.*
      230 B.R. 334 (Bankr. S.D. Tex. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91, 92

*In re Great Lakes Dredge & Dock Co.*
      624 F.3d 201 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 109

*In re Itzler*
      247 B.R. 546 (Bankr. S.D. Fla. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

*In re Katrina Canal Breaches Litig.*
      495 F.3d 191 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Keene*
      135 B.R. 162 (Bankr. S.D. Fla. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*In re Kim*
      125 B.R. 594 (Bankr. C.D. Cal. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 35

*In re Martin*
      47 F.2d 498 (6th Cir. 1931). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*In re Nazu, Inc.*
      350 B.R. 304 (Bankr. S.D. Tex 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*In re Nghiem*
      264 B.R. 557 (9th Cir. B.A.P. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*In re Nghiem*
      53 Fed. Appx. 489 (9th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*In re Pascucci*
     90 B.R. 438 (Bankr. C.D. Cal. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*In re Prestige Ltd. Partnership-Concord*
     164 F.3d 1214 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

*In re Rambo*
     297 B.R. 418 (Bankr. E.D. Pa. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

*In re Scott*
     400 B.R. 257 (Bankr. C.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89, 90

*In re Southmark Corp.*
     163 F.3d 925 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*In re St. Laurent*
     991 F.2d 672 (11th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

*In re Stac Electronics Securities Litig.*
     89 F.3d 1399 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Worldcom, Inc.*
     382 B.R. 610 (S.D. N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*In re Zoernack*
     289 B.R. 220 (Bankr. M.D. Fla. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72, 74, 75, 81

*Indest v. Freeman Decorating, Inc.*
     164 F.3d 258 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ingalls v. Erlewine (In re Erlewine)*
     349 F.3d 205 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

*Irving Trust Co. v. Finance Service Co.*
     63 F.2d 694 (2d Cir. 1933). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Island Software & Computer Service, Inc. v. Microsoft Corp.*
     413 F.3d 257 (2nd Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Jebaco Inc. v. Harrah's Operating Co. Inc.*
     587 F.3d 314 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jefferson v. Lead Industries Association Inc.*
     106 F.3d 1245 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. De Grandy*
        512 U.S. 997 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79, 80

*Johnson v. Johnson*
        385 F.3d 503 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jones v. Greninger*
        188 F.3d 322 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kane Enters. v. MacGregor (USA), Inc.*
        322 F.3d 371 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Keams v. Tempe Technical Institute, Inc.*
        110 F.3d 44 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kimball v. Florida Bar*
        632 F.2d 1283 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

*Kinnett Dairies, Inc. v. Farrow*
        580 F.2d 1260 (5th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Knievel v. ESPN*
        393 F.3d 1068 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kougasian v. TMSL, Inc.*
        359 F.3d 1136 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Kramer v. Time Warner Inc.*
        937 F.2d 767 (2nd Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Krieser v. Hobbs*
        166 F.3d 736 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Krupski v. Costa Crociere S. p. A.*
        ___ U.S. ___, 130 S. Ct. 2485 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*Lampkin v. Supreme Court of Florida*
        601 F.2d 760 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

*Lance v. Dennis*
        546 U.S. 459 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Layfield v. Bill Heard Chevrolet Co.*
        607 F.2d 1097 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Lee v. City of Los Angeles*
        250 F.3d 668 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Liedtke v. State Bar of Texas*
        18 F.3d 315 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*Loubser v. Thacker*
        440 F.3d 439 (7th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Lovelace v. Software Spectrum Inc.*
        78 F.3d 1015 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lowrey v. Texas A & M University System*
        117 F.3d 242 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 109, 117

*Lyn-Lea Travel Corp. v. American Airlines, Inc.*
        283 F.3d 282 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*MacGregor v. Mallinckrodt, Inc.*
        373 F.3d 923 (8th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Madeja v. Olympic Packers, LLC*
        310 F.3d 628 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Marrese v. American Academy of Orthopaedic Surgeons*
        470 U.S. 373 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Marshall v. Bramer*
        828 F.2d 355 (6th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Massingill v. Downs*
        48 U.S. 760 (7 How.) (1849). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Material Prods., Int'l, Ltd. v. Ortiz (In re Ortiz)*
        441 B.R. 73 (Bankr. W.D. Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5, 109

*Matsushita Elec. Indus. Co., Ltd. v. Epstein*
        516 U.S. 367 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Matter of Baudoin*
        981 F.2d 736 (5th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

*Mauro v. Freeland*
        735 F. Supp. 2d 607 (S.D. Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*
    452 F.3d 494 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mayes v. Leipziger*
    729 F.2d 605 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

*McCall v. Southwest Airlines Co.*
    661 F. Supp. 2d 647 (N.D. Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8

*McDonald Amusement Co. v. Fleming Bros. Lumber Co.*
    35 F.2d 638 (10th Cir. 1929). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*McIncrow v. Harris County*
    878 F.2d 835 (5th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 122

*Meehan v. United Consumers Club Franchising Corp.*
    312 F.3d 909 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119

*Mehta v. Wells Fargo Bank*
    737 F. Supp. 1185 (S.D. Cal. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109

*Meza v. General Battery Corp.*
    908 F.2d 1262 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

*Montana v. United States*
    440 U.S. 147 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

*Montoya v. FedEx Ground Package System, Inc.*
    614 F.3d 145 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morgan v. Hubert*
    335 Fed. Appx. 466 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mothershed v. Justices of Supreme Court*
    410 F3d 602 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Mullis v. United States Bankruptcy Court*
    828 F2d 1385 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Muttathottil v. Gordon H. Mansfield*
    381 Fed. Appx. 454 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117, 118

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Ctr.*
    492 F.3d 1158 (10th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 123

*National City Bank v. Continental Nat'l Bank & Trust Co.*
  83 F.2d 134 (10th Cir. 1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Neitzke v. Williams*
  490 U.S. 319 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*New York Life Insurance Co. v. Gillispie*
  203 F.3d 384 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

*Nicholson v. Shafe*
  558 F.3d 1266 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

*Nishimatsu Construction Co., Ltd. v. Houston National Bank*
  515 F2d 1200 (5th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 41, 68

*Nobelman v. Am. Sav. Bank*
  508 U.S. 324 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*
  352 Fed. Appx. 945 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-8

*Opoka v. I.N.S.*
  94 F3d 392 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Over and Out, Inc. v. Eclipse Aviation Corp. (In re AE Liquidation, Inc.)*
  426 B.R. 511 (Bankr. D. Del. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

*O'Sullivan v. Donohue*
  14 F. Supp. 605 (D. Mass. 1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*O'Toole v. Northrop Grumman Corp.*
  499 F.3d 1218 (10th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Paepcke v. Kirkman*
  55 F.2d 814 (5th Cir. 1932). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Papasan v. Allain*
  478 U.S. 265 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*Parrino v. FHP, Inc.*
  146 F.3d 699 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Parsons Steel, Inc. v. First Alabama Bank*
  474 U.S. 518 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Pelletier v. Zweifel*
      921 F.2d 1465 (11th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Peloza v. Capistrano Unified School District*
      37 F.3d 517 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*
      998 F.2d 1192 (3rd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Petro-Hunt, L.L.C. v. United States*
      365 F.3d 385 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74, 75, 77

*Plotkin v. IP Axess Inc.*
      407 F.3d 690 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 42

*Polk's Lessee v. Wendal*
      13 U.S. 87 (9 Cranch 87) (1815). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dept.*
      973 F.2d 169 (3rd Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

*Precision Air Parts, Inc. v. Avco Corp.*
      736 F.2d 1499 (11th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

*Qualley v. Clo-Tex International, Inc.*
      212 F.3d 1123 (8th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Radaszewski ex rel. Radaszewski v. Maram*
      383 F.3d 599 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ragsdale v. Rubbermaid, Inc.*
      193 F.3d 1235 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

*Rally Hill Prods. v. Bursack (In re Bursack)*
      65 F.3d 51 (6th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Ramming v. United States*
      281 F.3d 158 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ramsgate Court Townhome Ass'n v. West Chester Borough*
      313 F.3d 157 (3rd Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119

*Reichert v. Federal Land Bank*
      139 F.2d 627 (8th Cir. 1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)*
    152 F.3d 341 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

*Reusser v. Wachovia Bank, N.A.*
    525 F.3d 855 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79, 81

*Rios v. City of Del Rio, Texas*
    444 F.3d 417 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rivet v. Regions Bank*
    108 F.3d 576 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75-77

*Roberts v. Brooks*
    71 F. 914 (C.C.D. N.Y. 1896). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Rooker v. Fidelity Trust Co.*
    263 U.S. 413 (1923). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73, 78-81

*Rushing v. Green Tree Servicing, LLC (In re Rushing)*
    443 B.R. 85 (Bankr. E.D. Tex 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 8

*S. Tex. Wildhorse Desert Invs., Inc. v. Tex. Commerce Bank-Rio Grande. N.A.*
    314 B.R. 107 (Bankr. S.D. Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*San Juan County, Utah v. United States*
    420 F.3d 1197 (10th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Scanlan v. Texas A & M University*
    343 F.3d 533 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Scheuer v. Rhodes*
    416 U.S. 232 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Schmit v. United States*
    688 F. Supp. 1466 (D. Nev. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

*Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*
    806 F.2d 1393 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Sierra Club v. El Paso Gold Mines, Inc.*
    421 F.3d 1133 (10th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Silva v. Bieluch*
    351 F.3d 1045 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Smith v. Morris R Greenhaw Oil and Gas, Inc (In re Greenhaw Energy, Inc.)*
  359 B.R. 636 (Bankr. S.D. Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sonnier v. State Farm Mut. Auto. Ins. Co.*
  509 F.3d 673 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Southmark Properties v. Charles House Corp.*
  742 F.2d 862 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

*Spivey v. Robertson*
  197 F.3d 772 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*St. Louis Baptist Temple, Inc. v. Federal Dep. Ins. Corp.*
  605 F.2d 1169 (10th Cir. 1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*St. Paul Mercury Insurance Co. v. Williamson*
  224 F.3d 425 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*State of New York v. Blank*
  27 F.3d 783 (2nd Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Swierkiewicz v. Sorema N. A.*
  534 U.S. 506 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Talcott v. United States*
  (9th Cir. 1928) 23 F.2d 897. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Taplinger v. Northwestern Nat'l Bank*
  101 F.2d 274 (3d Cir. 1938).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Taylor v. Charter Medical Corp.*
  162 F.3d 827 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Taylor v. Voss*
  271 U.S. 176 (1926).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
  551 U.S. 308 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Test Masters Educ. Servs. v. Singh*
  428 F.3d 559 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*
  368 F.3d 1053 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Thompson v. Illinois Dept. of Prof. Reg.*
  300 F3d 750 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Thompson v. Thompson*
  226 U.S. 551 (1913). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Travis v. Irby*
  326 F.3d 644 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*True v. United States*
  51 F. Supp. 720 (E.D. Wash. 1943). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*
  417 F.3d 450 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*
  355 F.3d 370 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States ex rel. Steury v. Cardinal Health, Inc.*
  625 F.3d 262 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*United States Gypsum Co. v. Greif Bros. Cooperage Corp.*
  389 F.2d 252 (8th Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 57

*United States v. Armour & Co.*
  402 U.S. 673 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*United States v. Deya*
  369 F. Supp. 1113 (D. P.R. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Harrison*
  651 F.2d 353 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Jones*
  29 F.3d 1549 (11th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. McCargo*
  783 F.2d 507 (5th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Shanbaum*
  10 F.3d 305 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*United States v. Shepherd*
    23 F.3d 923 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

*United States v. Warneke*
    199 F.3d 906 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Vanderbilt v. Vanderbilt*
    354 U.S. 416 (1957).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Venture Associates Corp. v. Zenith Data Systems Corp.*
    987 F.2d 429 (7th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

*Vernon v. City of Los Angeles*
    27 F.3d 1385 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Vernon v. Resolution Trust Corp.*
    907 F.2d 1101 (11th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Voest-Alpine Trading USA Corp. v. Bank of China*
    142 F.3d 887 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Von Saher v. Norton Simon Museum of Art at Pasadena*
    578 F.3d 1016 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wagner v. Daewoo Heavy Indus. America Corp.*
    314 F3d 541 (11th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*Wahoski v. Classic Packaging Co. (In re Pillowtex Corp.)*
    427 B.R. 301 (Bankr. D. Del. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ware v. Associated Milk Producers, Inc.*
    614 F.2d 413 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Waterhouse v. Hoover*
    203 F.2d 171 (6th Cir. 1953). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Weisbuch v. County of Los Angeles*
    119 F.3d 778 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 118

*West Va. Hous. Dev. Fund v. Sroka*
    415 F. Supp. 1107 (W.D. Pa.1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

*Weyerhaeuser Co. v. First Nat. Bank*
    27 U.C.C. R..Serv. 777 (S.D. Iowa 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

*Wildbur v. Arco Chemical Co.*
    974 F.2d 631 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

*Williams v. Kaiser*
    323 U.S. 471 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Williams v. North Carolina*
    317 U.S. 287 (1942). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Williams v. WMX Techs., Inc.*
    112 F.3d 175 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wyatt v. Terhune*
    315 F3d 1108 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wyser-Pratte Management Co., Inc. v. Telxon Corp.*
    413 F.3d 553 (6th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*York v. American Tel. & Tel. Co.*
    95 F.3d 948 (10th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 16

*Zimomra v. Alamo Rent–A–Car, Inc.*
    111 F.3d 1495 (10th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Federal Rules**

*Federal Rules of Appellate Procedure, rule 32.1.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Federal Rules of Bankruptcy Procedure, rule 7008.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Federal Rules of Bankruptcy Procedure, rule 7009.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Federal Rules of Bankruptcy Procedure, rule 7012.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Federal Rules of Bankruptcy Procedure, rule 7015.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Federal Rules of Bankruptcy Procedure, rule 7041.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 123

*Federal Rules of Bankruptcy Procedure, rule 7052.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

*Federal Rules of Bankruptcy Procedure, rule 9017.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Federal Rules of Civil Procedure, rule 7.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Federal Rules of Civil Procedure, rule 8.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 104, 118

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Federal Rules of Civil Procedure, rule 9*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Federal Rules of Civil Procedure, rule 10*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Federal Rules of Civil Procedure, rule 11*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119, 120

*Federal Rules of Civil Procedure, rule 12*. . . . . . . . . . . . . . . .   3-6, 8-12, 15, 17, 42, 51, 119, 121

*Federal Rules of Civil Procedure, rule 15*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117

*Federal Rules of Civil Procedure, rule 41*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119, 123

*Federal Rules of Civil Procedure, rule 50*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 119

*Federal Rules of Civil Procedure, rule 52*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 121

*Federal Rules of Civil Procedure, rule 56*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 51

*Federal Rules of Civil Procedure, rule 81*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Federal Rules of Evidence, rule 201*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-18

## California Statutes

*California Business and Professions Code § 6201*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*California Business and Professions Code §§ 6200-6206*. . . . . . . . . . . . . . . . . . . . . . . . . . 37, 38

*California Civil Code § 726*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107, 113-116

*California Civil Code § 1114*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 1427*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 1428*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 1485*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 43, 105

*California Civil Code § 1486*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43, 105

*California Civil Code § 1493*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*California Civil Code § 1494*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42, 105

*California Civil Code § 1495*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

*California Civil Code § 1504*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*California Civil Code § 1530*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 55

*California Civil Code § 1531*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 34, 58

*California Civil Code § 1532*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*California Civil Code § 1541*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

*California Civil Code § 1549*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 1550*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 2872*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 2881*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Civil Code § 2883*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*California Civil Code § 2909*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43, 43

*California Civil Code § 2910*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*California Civil Code § 2911*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*California Civil Code § 2912*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*California Civil Code § 2913*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*California Civil Code § 2924*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 99, 101, 104

*California Civil Code § 2924b*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99-101

*California Civil Code § 2924f*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99, 100

*California Civil Code § 2924g*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*California Civil Code § 2924h*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*California Civil Code § 2930*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*California Civil Code § 2932*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*California Civil Code § 2939*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

– xxx –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*California Civil Code § 2940*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*California Civil Code § 2941*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46-49

*California Civil Code § 2941.5*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*California Code of Civil Procedure § 22*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

*California Code of Civil Procedure § 85*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108

*California Code of Civil Procedure § 128*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*California Code of Civil Procedure § 377.32*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Code of Civil Procedure § 377.10*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

*California Code of Civil Procedure § 377.11*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96, 97

*California Code of Civil Procedure § 377.20*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

*California Code of Civil Procedure § 377.21*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Code of Civil Procedure § 377.31*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Code of Civil Procedure § 377.33*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Code of Civil Procedure § 473*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*California Code of Civil Procedure § 483.012*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112

*California Code of Civil Procedure § 580*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108

*California Code of Civil Procedure § 580b*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 108

*California Code of Civil Procedure § 580d*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109, 120

*California Code of Civil Procedure § 656, et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

*California Code of Civil Procedure § 657*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83, 85

*California Code of Civil Procedure § 658*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*California Code of Civil Procedure § 659*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84, 85

*California Code of Civil Procedure § 663*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84, 85

– **xxxi** –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*California Code of Civil Procedure § 663, et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

*California Code of Civil Procedure § 663a*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84, 85

*California Code of Civil Procedure § 664.6*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114

*California Code of Civil Procedure § 916*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62, 82, 103

*California Code of Civil Procedure § 1013*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 101

*California Code of Civil Procedure § 1180*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*California Code of Civil Procedure § 2015.5*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

*California Commercial Code § 10407*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*California Evidence Code § 622*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 36, 94

*California Evidence Code § 641*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

*California Evidence Code § 780*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

*California Evidence Code § 1200*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*California Evidence Code § 1221*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

*California Family Code § 2010*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

*California Family Code § 2033*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68, 69, 110

*California Family Code § 2122*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*California Family Code § 8814.5*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

*California Family Code § 8815*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

*California Government Code § 6000*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

*California Probate Code § 200*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 201*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 203*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 210*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 212*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 1220*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 8100*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 8110*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 8112*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code §§ 8120, et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 9001*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*California Probate Code § 9050*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Probate Code § 9052*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*California Probate Code § 9391*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 114

*California Probate Code § 15400*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*California Probate Code § 15404*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*California Probate Code § 15407*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43, 44

**California Cases**

*6 Angels, Inc. v. Stuart–Wright Mortgage, Inc.*
     85 Cal. App. 4th 1279 (Ct. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93-95

*Adler v. Friedman*
     16 Cal. 138 (1860). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*Agosta v. Astor*
     120 Cal. App. 4th 596 (Ct. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Aguilar v. Lerner*
     32 Cal. 4th 974 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Alexander v. Angel*
     37 Cal. 2d 856 (1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 33, 35

*Alliance Mortgage Co.  v. Rothwell*
     10 Cal. 4th 1226 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

*Angell v. Superior Court (Verdugo Trustee Service Corp.)*
    73 Cal. App. 4th 691 (Ct. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94, 95, 104

*Anglo-California Trust Co. v. Wallace*
    58 Cal. App. 625 (Ct. App. 1922) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Arata v. Downer*
    21 Cal. App. 2d 406 (Ct. App. 1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

*Arnolds Management Corp. v. Eischen*
    158 Cal. App. 3d 575 (Ct. App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104, 105

*Automobile Salesmen's Union v. Eastbay Motor Car Dealers, Inc.*
    10 Cal. App. 3d 419 (Ct. App. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Ayoob v. Ayoob*
    74 Cal. App. 2d 236 (Ct. App. 1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 35

*Banc of Am. Leasing & Capital v. 3 Arch Tr. Services*
    180 Cal. App. 4th 1090 (Ct. App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109

*Bank of America Nat'l Trust & Sav. Ass'n v. Reidy*
    15 Cal. 2d 243 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*Bank of Italy Nat'l Trust & Sav. Ass'n v. Bentley*
    217 Cal. 644 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Barberi v. Rothchild*
    7 Cal. 2d 537 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Bartold v. Glendale Federal Bank*
    81 Cal. App. 4th 816 (Ct. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47, 49

*Bateman v. Burr*
    57 Cal. 480 (1881) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Beck v. American Health Group International, Inc.*
    211 Cal. App. 3d 1555 (Ct. App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36, 65

*Beckwith v. Sheldon*
    165 Cal. 319 (1913) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 55, 59

*Birman v. Loeb*
    64 Cal. App. 4th 502 (Ct. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Blumberg v. Birch*
99 Cal. 416 (1893). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115

*Blumer v. Madden*
128 Cal. App. 22 (Ct. App. 1932). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Bluxome Str. Assocs. v. Fireman's Fund Ins. Co.*
206 Cal. App. 3d 1149 (Ct. App. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Bowman v. Bowman*
29 Cal. 2d 808 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Brown v. Coffee*
17 Cal. App. 381 (Ct. App. 1911). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Burge v. Michael*
213 Cal. App. 2d 780 (Ct. App. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*California Bank v. Bell*
38 Cal. App. 2d 533 (Ct. App. 1940). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*California Canning Peach Growers v. Downey*
76 Cal. App. 1 (Ct. App. 1925). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 57

*California Title Ins. & Trust Co. v. Pauly*
111 Cal. 122 (1896). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Central Nat. Bank v. Bell*
5 Cal. 2d 324 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

*Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.*
60 Cal. App. 4th 1053 (Ct. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*City of Manhattan Beach v. Superior Court*
13 Cal. 4th 232 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 111

*Clark v. Child*
66 Cal. 87 (1884). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*Colley v. Chowchilla Nat. Bank*
200 Cal. 760 (1927). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Collins v. Home Sav. & Loan Ass'n*
205 Cal. App. 2d 86 (Ct. App. 1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Columbia Cas. Co. v. Lewis*
      14 Cal. App. 2d 64 (Ct. App. 1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Cornelison v. Kornbluth*
      15 Cal. 3d 590 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92, 110

*Cosentino v. Coastal Const. Co.*
      `30 Cal. App. 4th 1712 (Ct. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Cox v. Miller*
      15 Cal. App. 2d 494 (Ct. App. 1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*Craig v. Brown & Root, Inc.*
      84 Cal. App. 4th 416 (Ct. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

*Crestview Cemetery Association v. Dieden*
      54 Cal.2d 744 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Critz v. Farmers Ins. Group*
      230 Cal. App. 2d 788 (Ct. App. 1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Culligan v. Leider*
      65 Cal. App. 2d 51 (Ct. App. 1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Davidow v. Corporation of America*
      16 Cal. App. 2d 6 (Ct. App. 1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Davies Machinery Co. v. Pine Mountain Club, Inc.*
      39 Cal. App.3d 18 (Ct. App. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 35

*De La Cuesta v. Superior Court (Fidelity Fed. Sav. & Loan Assn.)*
      152 Cal. App. 3d 945 (Ct. App. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

*Denver Stockyards Bank v. Martin*
      177 Cal. 223 (1918). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115

*Dixon v. Grossman*
      22 Cal. App. 3d 941 (Ct. App. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49, 50

*Domarad v. Fisher & Burke, Inc.*
      270 Cal. App. 2d 543 (Ct. App. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Dreyfuss v. Union Bank of California*
      24 Cal. 4th 400 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91, 92

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Duarte v. Lake Gregory Land and Water Co.*
  39 Cal. App. 3d 101 (Ct. App. 1974)...........................................43

*Ehrenreich v. Shelton*
  213 Cal. App. 2d 376 (Ct. App. 1963)........................................33

*Elliano v. Assurance Co. of America*
  3 Cal. App. 3d 446 (Ct. App. 1970)......................................54, 71

*Elsea v. Saberi*
  4 Cal. App. 4th 625 (Ct. App. 1992)........................................62

*Eluschuk v. Chemical Engineers Termite Control, Inc.*
  246 Cal. App. 2d 463 (Ct. App. 1966)......................................39

*Enfield v. Hoffman Motor Co.*
  117 Cal. App. 2d 800 (Ct. App. 1953)......................................43

*Engalla v. Permanente Med. Group, Inc.*
  15 Cal. 4th 951 (1997)....................................................38

*Ervin, Cohen & Jessup, LLP v. Kassel*
  147 Cal. App. 4th 821 (Ct. App. 2007).....................................38

*Estate of Lagersen*
  169 Cal. App. 2d 359 (Ct. App. 1959)......................................45

*Felton v. West*
  102 Cal. 266 (1894).................................................115, 116

*Ferguson v. Avelo Mortgage, LLC*
  195 Cal. App. 4th 1618 (Ct. App. 2011).....................93, 104, 105, 113

*Field v. Hughes*
  134 Cal. App. 325 (Ct. App. 1933)......................................62, 82

*First-Trust Joint Stock Land Bank v. Meredith*
  5 Cal. 2d 214 (1936).....................................................115

*FPCI RE-HAB 01 v. E&G Investments, Ltd.*
  207 Cal. App. 3d 1018 (Ct. App. 1989)....................................105

*Garfinkle v. Superior Court (Wells Fargo Bank)*
  21 Cal. 3d 268 (1978)....................................................113

*Golden West Credit & Adjustment Co. v. Wilson*
    119 Cal. App. 627 (Ct. App. 1932). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

*Goodman v. Citizens Life & Cas. Ins. Co.*
    253 Cal. App. 2d 807 (Ct. App. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Greene v. Superior Court (Greene)*
    55 Cal. 2d 403 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Hanlon v. Western Loan & Bldg. Co.*
    46 Cal. App. 2d 580 (Ct. App. 1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*Hardisty v.Hinton & Alfert*
    124 Cal. App. 4th 999 (Ct. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*Hatch v. Collins*
    225 Cal. App. 3d 1104 (Ct. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Hatch v. Security First National Bank*
    19 Cal. 2d 254 (1942). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Hicks v. E.T. Legg & Assocs.*
    89 Cal. App. 4th 496 (Ct. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*Homestead Savings v. Darmiento*
    230 Cal. App. 3d 424 (Ct. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Howard v. County of Amador*
    220 Cal. App.3d 962 (Ct. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33-35

*Huckell v. Matranga*
    99 Cal. App. 3d 471 (Ct. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*Huene v. Cribb*
    9 Cal. App. 141 (Ct. App. 1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Hunt v. Smyth*
    25 Cal. App. 3d 807 (Ct. App. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 46

*I.E. Associates v. Safeco Title Ins. Co.*
    39 Cal. 3d 281 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

*In re Estate of Doane*
    62 Cal. 2d 68 (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*In re Estate of Neilson*
     57 Cal.2d 733 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

*In re Estate of Regli*
     121 Cal. App. 4th 878 (Ct. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*In re Estate of Yates*
     25 Cal. App. 4th 511 (Ct. App. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99, 113

*In re Marriage of Kilkenny*
     96 Cal. App. 3d 617 (Ct. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*In re Marriage of Peters*
     52 Cal. App. 4th 1487 (Ct. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*In re Marriage of Weaver*
     224 Cal. App. 3d 478 (Ct. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*In re Mission Ins. Co.*
     41 Cal. App. 4th 828 (Ct. App. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Islander Yachts, Inc. v. One Freeport 36-Foot Vessel, No. 145*
     173 Cal. App. 3d 1081 (Ct. App. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Ivy v. Pacific Auto. Ins. Co.*
     156 Cal. App. 2d 652 (Ct. App. 1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Jones v. Union Bank of California*
     127 Cal. App. 4th 542 (Ct. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 120

*Kachlon v. Markowitz*
     168 Cal. App. 4th 316 (Ct. App. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Karlsen v. American Sav. & Loan Assn.*
     15 Cal. App. 3d 112 (Ct. App. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

*Karrell v. First Thrift of Los Angeles*
     104 Cal. App. 2d 536 (Ct. App. 1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

*Kennecott Corp. v. Union Oil Co.*
     196 Cal. App. 3d 1179 (Ct. App. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Kinard v. Jordan*
     175 Cal. 13 (1917). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

*Knapp v. Doherty*
    123 Cal. App. 4th 76 (Ct. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94-95

*Koch v. Briggs*
    14 Cal. 256 (1859) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Krukow v. Silvius*
    105 Cal. App. 724 (Ct. App. 1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

*Lankton v. Superior Court*
    5 Cal. 2d 694 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Law Offices of Dixon R. Howell v. Valley*
    129 Cal. App. 4th 1076 (Ct. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Lerner v. Superior Court (Lerner)*
    38 Cal.2d 676 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Linder Hardware Co. v. Pacific Sugar Corp.*
    17 Cal. App. 81 (Ct. App. 1911) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Lo v. Jensen*
    88 Cal. App. 4th 1093 (Ct. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95, 104

*Lopez v. Charles Schwab & Co., Inc.*
    118 Cal. App. 4th 1224 (Ct. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Lucas v. Board of Trustees*
    18 Cal. App. 3d 988 (Ct. App. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

*Lucido v. Superior Court (People)*
    51 Cal.3d 335 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75-77

*MacLeod v. Moran*
    153 Cal. 97 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

*Maryland Cas. Co. v. Nottingham*
    18 Cal. App. 2d 135 (Ct. App. 1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115

*McCabe v. Willard*
    119 Cal. App. 122 (Ct. App. 1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99

*McGue v. Rommel*
    148 Cal. 539 (1906) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 115

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. 10-03362**

*Meadows v. Grimsgaard*
> 175 Cal. App. 3d 475 (Ct. App. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Melendrez v. D & I Investment, Inc.*
> 127 Cal. App. 4th 1238 (Ct. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 113

*Metro. Transp. Comm'n v. Motorola, Inc.*
> 342 Fed. Appx. 269 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Millennium Rock Mortgage, Inc. v. T.D. Service Co.*
> 179 Cal. App. 4th 804 (Ct. App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 95

*Miller v. Cote*
> 127 Cal. App. 3d 888 (Ct. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

*Miller v. Hicken*
> 92 Cal. 229 (1891) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*Moeller v. Lien*
> 25 Cal. App. 4th 822 (Ct. App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92, 93

*Mortgage Guarantee Co. v. Sampsell*
> 51 Cal. App. 2d 180 (Ct. App. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Moss v. Minor Propserties*
> 262 Cal. App. 2d 847 (Ct. App. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109

*Murphy v. White*
> 101 Cal. App. 719 (Ct. App. 1929) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Mycogen Corp. v.  Monsanto Co.*
> 28 Cal. 4th 888 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*National Enterprises v. Woods*
> 94 Cal. App. 4th 1217 (Ct. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112, 115

*Onofrio v. Rice*
> 55 Cal. App. 4th 413 (Ct. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

*O'Brien v. Obrien*
> 124 Cal. 422 (1899) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Paykar Const. v. Spilat Const. Corp.*
> 92 Cal. App. 4th 488 (Ct. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Paykar Construction v. Spilat Construction Corp.*
   92 Cal. App. 4th 488 (Ct. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 116

*Pearsall v. Henry*
   153 Cal. 314 (1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*Pellett v. Sonotone Corp.*
   26 Cal. 2d 705 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*People v. Lewis*
   180 Cal. App. 3d 816 (Ct. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

*People v. Sonoqui*
   1 Cal. 2d 364 (1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61, 82

*People v. Zamudio*
   43 Cal. 4th 327 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45, 50

*Perego v. Seltzer*
   260 Cal. App. 2d 825 (Ct. App. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Phillips v. Trusheim*
   25 Cal.2d 913 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

*Pierson v. Fischer*
   131 Cal. App. 2d 208 (Ct. App. 1955). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Pintor v. Ong*
   211 Cal. App. 3d 837 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Platt Pacific, Inc. v. Andelson*
   6 Cal. 4th 307 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Porter Pin Co. v. Sakin*
   112 Cal. App. 2d 760 (Ct. App. 1952). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Producers Fruit Co. v. Goddard*
   75 Cal. App. 737 (Ct. App. 1925). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*R. D. Reeder Lathing Co. v. Allen*
   66 Cal. 2d 373 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

*Ralph C. Sutro Co. v. Paramount Plastering, Inc.*
   216 Cal. App. 2d 433 (Ct. App. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362

*REO Broadcasting Consultants v. Martin*
    69 Cal. App. 4th 489 (Ct. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

*Residential Capital v. Cal-Western Reconveyance Corp.*
    108 Cal. App. 4th 807 (Ct. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Royal Thrift & Loan Co. v. County Escrow, Inc.*
    123 Cal. App. 4th 24 (Ct. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Saint Agnes Medical Center v. PacifiCare of California*
    31 Cal. 4th 1187 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Saint Agnes Medical Center v. PacifiCare of California*
    31 Cal. 4th 1187 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Sanai v. Saltz*
    170 Cal. App. 4th 746 (Ct. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62, 82

*Snider v. Basinger*
    61 Cal. App. 3d 819 (Ct. App. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*Snyder v. Western Loan & Bldg. Co.*
    1 Cal. 2d 697 (1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Sobremonte v. Superior Court (Bank of America Nat'l Tr. & Savs. Assn.)*
    61 Cal. App. 4th 980 (Ct. App. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Sondel v. Arnold*
    2 Cal. 2d 87 (1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*South Bay Bldg. Enterprises, Inc. v. Riviera Lend–Lease, Inc.*
    72 Cal. App. 4th 1111 (Ct. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*Stewart v. Powers*
    98 Cal. 514 (1893). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Strike v. Trans-West Discount Corp.*
    92 Cal. App. 3d 735 (Ct. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*System Invest. Corp. v. Union Bank*
    21 Cal. App. 3d 137 (Ct. App. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

*Trustors Security Service v. Title Recon Tracking Service*
    49 Cal. App. 4th 592 (Ct. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

*Tucker v. Schumacher*
    90 Cal. App. 2d 71 (Ct. App. 1949). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Tully v. World Sav. & Loan Ass'n*
    56 Cal. App. 4th 654 (Ct. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*U.S. Hertz, Inc. v. Niobrara Farms*
    41 Cal. App. 3d 68 (Ct. App. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Union Bank of California v. Braille Institute of America, Inc.*
    92 Cal App 4th 1324 (Ct. App. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*United States Gypsum Co. v. Snyder-Ashe Co.*
    139 Cal. App. 731 (Ct. App. 1934). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Varian Medical Systems, Inc. v. Delfino*
    35 Cal. 4th 180 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62, 63, 82

*Vournas v. Fidelity Nat. Tit. Ins. Co.*
    73 Cal. App. 4th 668 (Ct. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Wade v. Diamond A Cattle Co.*
    44 Cal. App. 3d 453 (Ct. App. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Walker v. Community Bank*
    10 Cal. 3d 729 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 113

*Weddle v. Heath*
    211 Cal. 445 (1931). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

*Wells Fargo Bank, N.A. v. Bank of America, NT&SA*
    32 Cal. App. 4th 424 (Ct. App. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 32, 55

*Whitman v. Transtate Title Co.*
    165 Cal. App. 3d 312 (Ct. App. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*Williams v. Reed*
    113 Cal. App. 2d 195 (Ct. App. 1952). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Windt v. Covert*
    152 Cal. 350 (1907). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36, 46

*Wolcott v. Hudner*
    67 Cal. App. 704 (Ct. App. 1924). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

*Young v. Benton*
    21 Cal. App. 382 (Ct. App. 1913) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 56, 57

*Young v. Gardner-Denver Co.*
    244 Cal. App. 2d 915 (Ct. App. 1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

**Practice Guides, Legal Treatises, and Other Authorities**

1 B.E. Witkin, *California Evidence,*
    Burden of Proof and Presumptions, § 38 (4th ed. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 33

1 B.E. Witkin, *Summary of California Law,*
    Contracts § 946 (10th ed. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

1 B.E. Witkin, *Summary of California Law,*
    Contracts, § 961 (10th ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 35

1 B.E. Witkin, *Summary of California Law,*
    Contracts, § 907 (9th ed. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

1 B.E. Witkin, *Summary of California Law,*
    Contracts, § 906 (9th ed. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

1 B.E. Witkin, *Summary of California Law,*
    Contracts, § 963 (10th ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

1 B.E. Witkin, *Summary of California Law,*
    Contracts, § 962 (10th ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 56

13 B.E. Witkin, *Summary of California Law,*
    Equity, § 6 (10th ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 104

15 *Williston on Contracts*, § 1869 (3d ed. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*1995 Official Comments on Uniform Commercial Code*
    *following California Commercial Code § 5106.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

*36 Cal.Jur.2d 451.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

5 Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure § 1189* (3d ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 3

5C Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure § 1357* (3d ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 9

5C Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure § 1367* (3d ed. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Advisory Committee Notes to Federal Rules of Evidence, rule 201(a).* . . . . . . . . . . . . . . . . . . . 16

Bernhardt, *California Mortgage and Deed of Trust Practice*
(Cont.Ed.Bar 1990) §§ 6.39, 6.40. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

BLACK'S LAW DICT. (Deluxe 7th ed. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*California Assembly Committee on Judiciary,*
*Report on Assembly Bill No. 333 (1965 Reg. Sess.)*
*1 Assem. J. (1965 Reg. Sess.) p. 1755.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45, 50

*California Senate Committee on Judiciary*
*Report on Assembly Bill No. 333 (1965 Reg. Sess.)*
*2 Sen. J. (1965 Reg. Sess.) p. 1573.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Judicial Council of California Civil Jury Instructions No. 214,*
*Evidence– Admissions by Silence* (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

*Judicial Council of California Civil Jury Instructions (CACI) No. 337*
*Affirmative Defense–Novation* (New Sept. 2003; Revised Oct. 2004). . . . . . . . . . . . . . 33

*Judicial Council of California Civil Jury Instructions No. 213,*
*Evidence–Adoptive Admissions.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54, 71

Kenneth Culp Davis, 2 *Administrative Law Treatise* § 15.03 (1958). . . . . . . . . . . . . . . . . . . 16

Kenneth Culp Davis, *A System of Judicial Notice Based on Fairness and Convenience*
in PERSPECTIVES OF LAW 69 (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Moore's Federal Practice 3d*
§ 131.10 (3d ed. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Moore's Federal Practice 3d*
§ 131.13 (3d ed. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

RESTATEMENT (SECOND) OF CONTRACTS § 279 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 56

RESTATEMENT (SECOND) OF CONTRACTS § 280 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

RESTATEMENT (SECOND) OF CONTRACTS § 284 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

*Webster's New World Dict.* (4th college ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad)  – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

# TABLE OF EXHIBITS

Exhibit A    *Notice of [Dr. Rashad]'s Intent to File a Family Law Attorney's Real Property Lien*, dated August 8, 2007 and filed in LASC Case No. BD392871 on January 16, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 70

Exhibit B    *Notice of [Dr. Rashad]'s Intent to File an Additional Family Law Attorney's Real Property Lien [Amended]*, dated January 16, 2008 and filed in LASC Case No. BD392871 on January 17, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19, 70

Exhibit C    *Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008. . .  12, 19, 26, 27, 61, 70

Exhibit D    *Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad*, dated February 11, 2008 and recorded February 12, 2008. . .  12, 19, 70

Exhibit E    *$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly Secured by Deed of Trust*, dated January 16, 2008. . . . . . . . . . . 13, 19, 26, 57, 120

Exhibit F    *Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly*, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008. . . 13, 20, 70, 94, 120, 121

Exhibit G    *Settlement and Conditional Mutual Release Agreement between J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008. . . . . . . . . . . . . . . . . . . . 26, 37, 58, 66

Exhibit H    *Notice of Default and Election to Sell Under Deed of Trust*, dated September 26, 2008 and recorded in the Los Angeles County Recorder's Office on September 29, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20, 101

Exhibit I    *Addendum Settlement and Conditional Mutual Release Dated August 16, 2008*, dated January 20, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Exhibit J    *California Superior Court's Order After Hearing re Respondent Jane Rashad's Order to Show Cause to Vacate Default Judgment and Judgment on Reserved Issues (LASC Case No. BD 392 871)*, dated and filed April 13, 2009. . . . . . 20, 37, 61, 84

Exhibit K    *Correspondence from J. Michael Kelly, Esq., to Marshall W. Waller, Esq.*, dated April 21, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 52

Exhibit L    *Notice of Trustee's Sale of Aaron Street Property*, dated April 23, 2009. . . . . . 101

Exhibit M    *Jane Rashad's Ex Parte Order to Show Cause Seeking Stay of Enforcement*, dated and filed in LASC Case No. BD392871 on April 30, 2009. . . . . . . . . . . . . . 20, 52

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE
PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

Exhibit N        *California Superior Court's Minute Order Temporarily Granting Jane Rashad's Ex Parte Order to Show Cause to Stay Enforcement and Sales of Aaron Street and Maroneal Properties*, dated and filed in LASC Case No. BD392871 on April 30, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 53, 102

Exhibit O        *Declaration of Publication re Notice of Trustee's Sale of Aaron Street Property*, dated May 11, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 102

Exhibit P        *Jane's Rashad's Notice of Appeal*, dated and filed June 5, 2009 in LASC Case No. BD392871. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 61, 62, 82

Exhibit Q        *Rashad Handwritten Mediation Settlement Agreement*, dated September 28, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 39, 66

Exhibit R        *Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad*, dated September 30, 2009 and recorded October 1, 2009. . .14, 110

Exhibit S        *Demand Payoff Statement / Special Instructions from Michael Kelly of the Law Offices of Michael Kelly to Ticor Title Company of California*, dated October 8, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Exhibit T        *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. 392 871 on November 13, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 26, 39, 40, 44, 51, 57, 67, 112

Exhibit U        *J. Michael Kelly's Ex Parte Application to Lift and Release Stay of Enforcement*, dated November 19, 2009 and filed in LASC Case No. BD392871 on November 20, 2009. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53, 103

Exhibit V        *Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009*, dated, entered and filed in LASC Case No. BD392871 on November 20, 2009. . . 53, 103

Exhibit W        *Notice of Entry of Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009*, Proof of Service attached thereto and filed ands served therewith, dated December 2, 2009 and filed December 3, 2009. . . . . . . . . . . . . . . . . . . . . . 21, 103

Exhibit X        *Stipulation between Mohammed Rashad and Jane Rashad to "Correct" Judgment and Order*, dated October 5, 2009 and filed February 4, 2010. . . . . . 14, 15, 21, 40

Exhibit Y        *"Corrected" Stipulated Judgment in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated September 28, 2009 and filed February 4, 2010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 21, 26, 82

Exhibit Z        *Trustee's Deed Upon Sale re 2460 Aaron Street*, dated April 29, 2010 and recorded in the Los Angeles County Recorder's Office on May 3, 2010. . . . . . . . . . . . . . . 94

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

Exhibit AA    *Plaintiff-Debtor's Original Complaint*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362). . . . 2, 13-15, 21, 28, 29, 32, 41, 42, 64, 65, 67, 89, 90, 92, 96, 110

Exhibit BB    *Plaintiff-Debtor's Proposed First Amended Complaint*. . .30, 107, 108, 110, 111, 114

Exhibit CC    *Corporate Business Entity Detail Profile Page from California Secretary of State Business Portal Website*, downloaded from http://kepler.sos.gov/cbs.aspx on May 3, 2011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 57

Exhibit DD    *California Court of Appeal Order Dismissing Jane Rashad's Appeal of Judgment in LASC Case No. BD 392 871*, filed in California Appellate Case No. B217020 April 5, 2010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 61, 82

Exhibit EE    *California Court of Appeal Remittitur*, filed in California Appellate Case No. B217020 June 10, 2010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 61, 82

Exhibit FF    *Order Instructing the Court Clerk to Execute Documents on Behalf of [Jane Rashad]*, dated and filed in LASC Case No. BD 392 871 on February 8, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 70

Exhibit GG    *California Superior Court's Order After Hearing on the Court's Order to Show Cause of May 4, 2009*, dated and filed in LASC Case No. BD392871 on July 1, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 53, 102

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad)  – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

<u>**DEFENDANT-CREDITOR'S MEMORANDUM OF LAW IN SUPPORT**</u>
<u>**OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Defendant-Creditor J. Michael Kelly hereby submits the following memorandum of law in

support of his motion for judgment on the pleadings on Plaintiff-Debtor Jane Rashad's adversary

proceeding original complaint, seeking to overturn the foreclosure sale on the Aaron Street property,

wherein Kelly will establish Plaintiff-Debtor's action is without merit, fails to state any cognizable

bases upon which the relief sought may be granted as a matter of law, and should be dismissed with

prejudice and without leave to amend or re-file, with judgment entered in Defendant-Creditor's

favor:

**INTRODUCTION**

Plaintiff-Debtor and Dr. Rashad have been colluding for almost four years to deprive Kelly

of the fees he rightfully earned while representing Dr. Rashad during the Rashads' marital

dissolution matter, with Dr. Rashad's March 2010 death providing no impediment to Jane with

respect to seeing her fraudulent scheme through to its fruition.[1]  This bankruptcy court represents the

*fourth* judicial venue within which Jane has avariciously prosecuted her frivolous claims to obtain

the entirety of the Rashads' marital estate, having previously *unsuccessfully* litigated in the Los

Angeles County (Cal.) Superior Court, the California Court of Appeal, and the 215th, 247th and

270th Judicial District Courts of Harris County (Texas).  This court of Jane's last resort should see

---

[1]  This Court has already taken uncontradicted testimony from Plaintiff-Debtor wherein she admits to having consummated a fraudulent real estate transfer to avoid the foreclosure sale on the real property located at 2341 Maroneal Street, Houston, Texas 77030, with the stated intent of defrauding Defendant-Creditor, her legitimate judgment creditor.  *See **Bankruptcy Court's Mem. Op. Ruling on Motion of Garza Properties LLC d/b/a/ Garza Maldonado Properties LLC for Relief from Automatic Stay to Proceed with State Court Litigation***, dated and entered on May 9, 2011 (Docket No. 59, Adv. No. 10-03433), p. 3, l. 9-11; **Reporter's Transcript of Evidentiary Hearing on Motion for Relief from Stay**, April 19, 2011 (Docket No. 64, Adv. No. 10-03433), p. 18, l. 6-18; pp. 22-23, l. 11-3 (Jane Rashad's in-court testimony relating her deeding of Maroneal property to her son with intent to forestall pending constable sale instigated by Defendant-Creditor and have her son reconvey it back to her after resolution of her bankruptcy matter).

through her deception and meritless allegations, dismiss the instant adversary proceeding, and finally

end her desperate maneuvering whereby she seeks to deny Defendant-Creditor of what is rightfully

and fairly his.

**ARGUMENT**

**I.**

**DEBTOR'S ORIGINAL COMPLAINT FAILS TO COMPLY WITH
PLEADING REQUIREMENTS OF FRCP RULE 8 AND THEREFORE
FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF SO THAT
JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN
DEFENDANT-CREDITOR'S FAVOR UNDER FRCP RULE 12(c)**

"A pleading that states a claim for relief must contain ... [¶] ... a short and plain statement of

the claim showing that the pleader is entitled to relief...."[2]  Although "detailed factual allegations"

are not required,[3] the Rule does call for sufficient factual matter, accepted as true, to "state a claim

to relief that is plausible on its face."[4]  Although Plaintiff-Debtor has alleged Defendant-Creditor

participated in a fraudulent transfer,[5] she makes no specific allegation of his purported intent to

defraud, so presumably she is asserting a constructive fraudulent transfer[6] to which Rule 9's

heightened pleading requirements[7] do not apply.[8]

---

[2] *Fed. R. Civ. P. 8(a)(2)*; *Fed. R. Bankr. P. 7008(a)* (incorporating FRCP rule 8 to apply to adversary proceedings in bankruptcy cases).

[3] *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (hereinafter "*Twombly*"); *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (hereinafter "*Iqbal*"); *Hole v. Tex. A&M Univ.*, 360 Fed. Appx. 571, 573 (5th Cir. 2010); *see Fed. R. App. P. 32.1* (court may not prohibit or restrict citation of federal judicial opinions, orders, judgments or other written dispositions that have been designated as unpublished, not for publication, non-precedential, not precedent, or the like and issued on or after January 1, 2007).

[5] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 7-8, ¶¶ 28-33, attached as **Exhibit AA** hereto and filed and served herewith.

[6] *11 U.S.C. § 548(a)(1)(B)(i)-(ii)* (2011).

[7] *Fed. R. Civ. P. 9(b)* ("[i]n alleging fraud ..., a party must state with particularity the
(continued...)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[9]  In the instant matter, Defendant-Creditor filed and served his Original Answer to Plaintiff-Debtor's original adversary proceeding complaint on September 17, 2010,[10] so that the pleadings are closed.[11]  "If a party so moves, any defense listed in Rule 12(b)(1)-(7)–whether made in a pleading or by motion–and a motion under Rule 12(c) must be heard and decided before

---

[7]  (...continued)
circumstances constituting fraud...."); *FED. R. BANKR. P. 7009* (incorporating FRCP rule 9 to apply to adversary proceedings in bankruptcy cases); *Haber Oil Co., Inc. v. Swinehart (In re Haber Oil Co.)*, 12 F.3d 426, 439 (5th Cir. 1994); *Material Prods., Int'l, Ltd. v. Ortiz (In re Ortiz)*, 441 B.R. 73, 76, 77 (Bankr. W.D. Tex. 2010) ("Under Rule 9's particularity requirement, '[t]he allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants.' "), *quoting Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993), *cited with approval in Haber Oil*, *supra*, 12 F.3d at 439; *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) ("At a minimum [Rule 9] requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud."); *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (same); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (same).

[8]  *Wahoski v. Classic Packaging Co. (In re Pillowtex Corp.)*, 427 B.R. 301, 310 (Bankr. D. Del. 2010).

[9]  *FED. R. CIV. P. 12(c)*; *FED. R. BANKR. P. 7012(b)* (incorporating FRCP rule 12(b)-(i) to apply to adversary proceedings in bankruptcy cases); *Rushing v. Green Tree Servicing, LLC (In re Rushing)*, 443 B.R. 85, 93 (Bankr. E.D. Tex 2010); *see, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (holding that Rule 12(b)(6) motion made by a defendant after it has filed a responsive pleading "will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted"); *Mauro v. Freeland*, 735 F. Supp. 2d 607, 614 fn. 37 (S.D. Tex. 2009) (motion to dismiss after pleadings closed treated as motion for judgment on the pleadings); *see also FED. R. CIV. P. 12(h)(2)(B)* ("Failure to state a claim upon which relief can be granted ... may be raised ... [¶] by a motion under Rule 12(c)....").

[10]  *Defendant-Creditor's Orig. Answer*, filed August 10, 2010 (Docket No. 9, Adv. No. 10-03362).

[11]  *FED. R. CIV. P. 7(a)(1)&(2)*; 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1367* (3d ed. 2004) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings."); see also 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1189* (3d ed. 2004) (rule 7(a) designed to bring pleading stage to early close and provide clear and definite guide as to when point of closure is reached).

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

trial unless the court orders a deferral until trial."[12]  "A Rule 12(c) motion is designed to dispose of cases where the material facts are undisputed and a judgment on the merits may be rendered by examining the substance of the pleadings and any judicially noticed facts."[13]  "The court may enter judgment on the pleadings if the material facts show that the movants are entitled to prevail as a matter of law."[14]  "This standard is roughly equivalent to that applied on a motion under Rule 12(b)(6) to dismiss for failure to state a claim."[15]

The Supreme Court has set out a "two-pronged approach" for reviewing a motion to dismiss for failure to state a claim when considering a Rule 12 motion to dismiss or for judgment on the pleadings.[16]  When ruling on a motion for judgment on the pleadings, the court is required to assume the allegations of fact presented by the opposing party are true and must draw all inferences in the light most favorable to the nonmoving party,[17] with the exception that the court need not accept as

---

[12]  *FED. R. CIV. P. 12(i)*.

[13]  *Ortiz*, *supra*, 441 B.R. at 76; *Herbert Abstract Co. v. Touchstone Prop., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[14]  *Ortiz*, *supra*, 441 B.R. at 76; *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (judgment on pleadings appropriate only if material facts not in dispute and questions of law all that remain); *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir. 1973).

[15]  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002); *Ortiz*, *supra*, 441 B.R. at 76; *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, 352 Fed. Appx. 945, 950 (5th Cir. 2009); *Mauro*, *supra*, 735 F. Supp. 2d at 614 fn. 37; *Coalition for an Airline Passengers' Bill of Rights v. Delta Airlines, Inc.*, 693 F. Supp. 2d 667, 673 (S.D. Tex. 2009).

[16]  *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949-50; *McCall v. Southwest Airlines Co.*, 661 F. Supp. 2d 647, 653 (N.D. Tex. 2009); *Rushing*, *supra*, 443 B.R. at 93.

[17]  *Twombly*, *supra*, 550 U.S. at 555-56, *citing* *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("In deciding whether the complaint states a valid claim for relief, we accept all (continued...)

true allegations contradicted by facts which may be judicially noticed by the court.[18]   Although

pleadings should be construed liberally,[19] and while Plaintiff-Debtor need not provide specific facts

in support of her allegations,[20] she must include sufficient factual information to provide the grounds

on which her claim rests.[21]   In considering the factual assertions within Plaintiff-Debtor's Original

Complaint, the Court may " 'not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions.' "[22]  "The tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice."[23]  "While legal

conclusions can provide the framework of a complaint, they must be supported by factual

---

[17]  (...continued)
well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.");
***Great Plains***, ***supra***, 313 F.3d at 313; ***Indest v. Freeman Decorating, Inc.***, 164 F.3d 258, 261 (5th
Cir. 1999); ***Jefferson v. Lead Indus. Ass'n Inc.***, 106 F.3d 1245, 1250 (5th Cir. 1997); ***Baker v.
Putnal***, 75 F.3d 190, 196 (5th Cir. 1996); ***Ortiz***, ***supra***, 441 B.R. at 76.

[18]   ***Von Saher v. Norton Simon Museum of Art at Pasadena***, 578 F.3d 1016 (9th Cir. 2010).

[19]   ***Great Lakes***, ***supra***, 624 F.3d at 210; ***Lowrey v. Tex. A & M Univ. Sys.***, 117 F.3d 242,
247 (5th Cir. 1997); ***Ortiz***, ***supra***, 441 B.R. at 76.

[20]   ***Erickson***, ***supra***, 551 U.S. at 93; ***Ortiz***, ***supra***, 441 B.R. at 76.

[21]    ***Twombly***, ***supra***, 550 U.S. at 555-56 & n.3 (2007) (addressing dismissal under Rule
12(b)(6)).

[22]   ***Gentilello***, ***supra***, 627 F.3d at 544, *quoting* ***Plotkin v. IP Axess Inc.***, 407 F.3d 690, 696
(5th Cir. 2005); ***Iqbal***, ***supra***, 556 U.S. at ___, 129 S. Ct. at 1950 (legal conclusions "not entitled to
the assumption of truth."); ***Ferrer v. Chevron Corp.***, 484 F.3d 776, 780 (5th Cir. 2007) (courts
accept on motion to dismiss well-pleaded facts as true and construe complaint in light most favorable
to plaintiff, but do not accept as true "conclusory allegations, unwarranted factual inferences, or legal
conclusions."); ***Collins v. Morgan Stanley Dean Witter***, 224 F.3d 496, 498 (5th Cir. 2000); ***Oceanic
Exploration***, ***supra***, 352 Fed. Appx. at 950; ***Coalition for an Airline Passengers' Bill of Rights***,
***supra***, 693 F. Supp. 2d at 673 ("Mere conclusory allegations are not sufficient.").

[23]   ***Iqbal***, ***supra***, 556 U.S. at ___, 129 S. Ct. at 1949, *citing* ***Twombly***, ***supra***, 550 U.S. at 550;
***Auto. Fin. Corp.***, ***supra***, 411 B.R. at 350.

allegations."[24]   So the first step of the Court's "two-pronged"[25] analysis of the instant motion

involves identifying those statements within the complaint that are actually conclusions, even if

presented as factual allegations, and disregarding them since they "are not entitled to a presumption

of truth."[26]

Next, the Court presumes the truth of any remaining "well-pled factual allegations," and

determines whether those factual allegations and their reasonable inferences plausibly support a

claim for relief[27] since " ' "the central issue is whether, in the light most favorable to the plaintiff,

the complaint states a valid claim for relief." ' "[28]   For purposes of a Rule 12 motion to dismiss,

"claim" means a set of facts that, if established, entitle the pleader to relief.[29]   To avoid dismissal,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face,' "[30] with this determination being "context specific, requiring the reviewing

court to draw on its judicial experience and common sense."[31]   "A claim has facial plausibility when

---

[24] *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1950.

[25]   *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949-50; *McCall*, *supra*, 661 F. Supp. 2d at 653; *Rushing*, *supra*, 443 B.R. at 93.

[26] *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949-50; *McCall*, *supra*, 661 F. Supp. 2d at 653; *Rushing*, *supra*, 443 B.R. at 93.

[27] *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949-50; *McCall*, *supra*, 661 F. Supp. 2d at 653; *Rushing*, *supra*, 443 B.R. at 93.

[28]   *Gentilello*, *supra*, 627 F.3d at 544, *quoting MySpace*, *supra*, 528 F.3d at 418, *in turn quoting Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001); *Gonazalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Doe v. Hillsboro Indep. School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996); *Coalition for an Airline Passengers' Bill of Rights*, *supra*, 693 F. Supp. 2d at 673.

[29]   *Twombly*, *supra*, 550 U.S. at 555.

[30]   *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949, *quoting Twombly*, *supra*, 550 U.S. at 570; *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008).

[31]   *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1940, 1950, *citing Twombly*, *supra*, 550 U.S. at 556; *Oceanic Exploration*, *supra*, 352 Fed. Appx. at 950; *Auto. Fin. Corp. v. Ray Huffines Chevrolet, Inc. (In re Parkway Sales and Leasing, Inc.)*, 411 B.R. 337, 350 (Bankr. E.D. Tex. 2009).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32]   "In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged."[33]

The **Iqbal** Court held that the "plausibility" standard articulated in **Twombly** applies in all civil cases.[34]   "[W]here the well-pleaded facts do not permit the court to infer more than the 'mere possibility of misconduct,' the pleader has failed to show that [s]he 'is entitled to relief,' and **dismissal is appropriate**."[35]   Furthermore, " a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....   Factual allegations must be enough to raise a right to

---

[32] **Iqbal**, *supra*, 556 U.S. at ___, 129 S. Ct. at 1940, 1949; **Twombly**, *supra*, 550 U.S. at 556; **Montoya v. FedEx Ground Package System, Inc.**, 614 F.3d 145 (5th Cir. 2010).

[33] **Oceanic Exploration**, *supra*, 352 Fed. Appx. at 950, *quoting* **Iqbal**, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949; *see also* **Iqbal**, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949 ("The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully."); **Twombly**, *supra*, 550 U.S. at 570.

[34] **Iqbal**, *supra*, 556 U.S. at ___, 129 S. Ct. at 1953; **Morgan v. Hubert**, 335 Fed. Appx. 466 (5th Cir. 2009) (discussing **Iqbal**).

[35] **Hole**, *supra*, 360 Fed. Appx. at 573 (emphasis added), *quoting* **Iqbal**, *supra*, 556 U.S. at ___, 129 S. Ct. at 1950; **Montoya**, *supra*, 614 F.3d 145; **Rios v. City of Del Rio, Texas**, 444 F.3d 417, 421 (5th Cir. 2006) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ...."; **Ramming v. United States**, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (dismissal "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."); **ASARCO LLC v. Americas Min. Corp.**, 382 B.R. 49, 57 (Bankr. S.D. Tex. 2007) ("Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.") (citation and internal quotation marks omitted), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008); **Coalition for an Airline Passengers' Bill of Rights**, *supra*, 693 F. Supp. 2d at 673; **Pena v. Wells Fargo Bank, N.A. (In re Pena)**, 409 B.R. 847, 854-55 (Bankr. S.D. Tex. 2003) ("Motion to Dismiss 'should be granted only if it is evident the plaintiff cannot prove any set of facts entitling them to relief.' "), *quoting* **Fin. Acquisition Partners v. Blackwell (In re Fin. Acquisition Partners, LP)**, 440 F.3d 278, 286 (5th Cir. 2006).

relief above the speculative level."[36]

Under the "two-pronged"[37] analysis of the instant motion enunciated by the Supreme Court, once the conclusory allegations within Plaintiff-Debtor's Original Complaint are disregarded and only the "well-pled factual allegations" are considered, this Court can only come to the conclusion that Jane's Original Complaint fails as a matter of law to state a plausible claim for relief.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[38]  In the instant matter, since Plaintiff-Debtor has not, **and cannot as a matter of law**, "nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."[39]

## II.

### COURT MAY CONSIDER MATERIAL BEYOND THE FACE OF PLAINTIFF-DEBTOR'S COMPLAINT IN DETERMINING THE INSTANT MOTION

When evaluating a Rule 12 motion, the Court cannot look beyond the pleadings[40] and "must limit [its] inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . [and] matters of which [it] may take judicial notice."[41]  This

---

[36]  *Twombly*, *supra*, 550 U.S. at 555; *Erickson*, *supra*, 551 U.S. at 93; *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 318 (5th Cir. 2009); *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007); *Oceanic Exploration*, *supra*, 352 Fed. Appx. at 950; *Coalition for an Airline Passengers' Bill of Rights*, *supra*, 693 F. Supp. 2d at 673; *McCall*, *supra*, 661 F. Supp. 2d at 653.

[37]  *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949-50; *McCall*, *supra*, 661 F. Supp. 2d at 653; *Rushing*, *supra*, 443 B.R. at 93.

[38]  *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1949; *Coalition for an Airline Passengers' Bill of Rights*, *supra*, 693 F. Supp. 2d at 673.

[39]  *Twombly*, *supra*, 550 U.S. at 570; *Iqbal*, *supra*, 556 U.S. at ___, 129 S. Ct. at 1950-51, 1952.

[40]  *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229 (2000).

[41]  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (Court may (continued...)

"incorporation by reference" doctrine allows the Court to look beyond the pleadings without

converting the Rule 12 motion into a Rule 56 motion for summary judgment.[42]

### A.    Documents Referred to and/or Central to Claims Raised in the Complaint

Certainly, the Court is permitted to look at an exhibit attached to a complaint, as the exhibit

is deemed to be part of the complaint and thus the pleadings.[43]  Additionally, the Court may consider

the full text of any document that the complaint quotes only in part.[44]  Although Plaintiff-Debtor was

not required to attach to her complaint the documents on which it is based, once she fails to do so,

Defendant-Creditor may attach to his Rule 12(c) motion the documents referred to in the complaint

to show that they do not support Plaintiff-Debtor's claims.[45]  "In so attaching, the defendant merely

---

[41]  (...continued)
consider documents attached to or incorporated in complaint in deciding motion to dismiss); ***Buck v. Hampton Tp. School Dist.***, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."), quoting  Wright & Miller, Federal Practice & Procedure: Civil 3d § 1357; ***Lovelace v. Software Spectrum Inc.***, 78 F.3d 1015, 1017-18 (5th Cir. 1996); ***Coalition for an Airline Passengers' Bill of Rights***, *supra*, 693 F. Supp. 2d at 674, 675-76; *see also* ***Collins v. Morgan Stanley Dean Witter***, *supra*, 224 F.3d at 498-99 ("pleadings" for purposes of Rule 12 motion include complaint and any documents attached to it).

[42]  ***Knievel v. ESPN***, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *but see* ***Bolen v. Dengel (In re Dengel)***, 340 F.3d 300, 312 (5th Cir. 2003) (when movant submits matters outside pleadings along with motion to dismiss, court must convert motion to dismiss into motion for summary judgment).

[43]  ***FED. R. CIV. P. 10(c)*** ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); ***Dorsey v. Portfolio Equities, Inc.***, 540 F.3d 333, 338 (5th Cir. 2008) (documents attached to complaint and incorporated therein by reference are treated as part of complaint for purposes of Rule 12(b)(6) motion); ***Fin. Acquisition Partners***, *supra*, 440 F.3d at 286; *see also* ***Travis v. Irby***, 326 F.3d 644, 648 (5th Cir. 2003).

[44]  ***Dorsey***, *supra*, 540 F.3d at 338; ***In re Stac Electronics Securities Litig.***, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996).

[45]  ***Collins v. Morgan Stanley Dean Witter***, *supra*, 224 F.3d at 498 ("Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."), *quoting* ***Venture Assocs. Corp. v. Zenith Data Systems Corp.***, 987 F.2d 429, 431 (7th Cir. 1993); *see also* ***Kane Enters. v.***
(continued...)

assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[46]

The Fifth Circuit has held that a district court may consider certain documents attached by a defendant to a motion to dismiss,[47] "restrict[ing] such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[48] Finally, documents attached to a Rule 12 motion may be considered by the Court if no party questions the authenticity of the copy attached.[49] This prevents "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied."[50] Some courts have

---

[45] (...continued)
*MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999).

[46] *Collins v. Morgan Stanley Dean Witter*, *supra*, 224 F.3d at 499.

[47] *Collins v. Morgan Stanley Dean Witter*, *supra*, 224 F.3d at 498-99; *Coalition for an Airline Passengers' Bill of Rights*, *supra*, 693 F. Supp. 2d at 674, 675-76.

[48] *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are **considered part of the pleadings** if they are referred to in the plaintiff's complaint and are central to her claim.") (emphasis added); *Great Plains*, *supra*, 313 F.3d at 313 (district court may look to pleadings and any documents attached thereto in ruling on Rule 12 motion); *Collins v. Morgan Stanley Dean Witter*, *supra*, 224 F.3d at 498-99 (same); *Coalition for an Airline Passengers' Bill of Rights*, *supra*, 693 F. Supp. 2d at 674, 675-76; *Smith v. Morris R Greenhaw Oil and Gas, Inc (In re Greenhaw Energy, Inc.)*, 359 B.R. 636, 644-45 (Bankr. S.D. Tex. 2007).

[49] *Branch*, *supra*, 14 F.3d at 454; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2nd Cir. 2002) (collecting cases).

[50] *Pension Benefit Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (if exhibit attached to complaint contradicts allegation in complaint, exhibit controls); *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F3d 750, 754 (7th Cir. 2002) ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations.") (internal quotes omitted); *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F2d 1200, 1206 (5th Cir. 1975) (court may disregard allegations in complaint if contradicted by facts established by reference to documents attached as exhibits to complaint; breach of contract action against an individual and a corporation vulnerable to dismissal since court may disregard
(continued...)

extended the above rule to documents attached to defendant's Rule 12 motion, the authenticity of which is not contested and upon which plaintiff's complaint necessarily relies **even though they were not mentioned in the complaint**; this prevents plaintiffs from "deliberately omitting references to documents upon which their claims are based,"[51] and thus "generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting."[52]  Under such circumstances where documents attached to a Rule 12 motion are "integral to the plaintiff's claims and [their] authenticity is not disputed, the plaintiff obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished."[53]  It bears noting that a dismissal motion is not converted into a summary judgment motion under FRCP rule 56 unless the trial court **actually relied** on improperly-attached extraneous materials in ruling on the motion.[54]

---

[50] (...continued)
contradicted allegation of individual liability since contract attached as exhibit to complaint expressly states that individual signed as an officer of the corporation, directly contradicting plaintiff's allegation that individual "signed in his individual capacity"); ***Durning v. First Boston Corp.***, 815 F.2d 1265, 1267 (9th Cir. 1987).

[51] ***Parrino v. FHP, Inc.***, 146 F.3d 699, 706 (9th Cir. 1998).

[52] ***Global Network Communications, Inc. v. City of New York***, 458 F.3d 150, 156-57 (2nd Cir. 2006).

[53] ***Parrino***, *supra*, 146 F.3d at 706 n. 3 (internal quotes omitted) (where plaintiff's complaint referred to an ERISA "group plan" and its "cost containment program" but did not mention the documents governing plan membership and coverage, court could properly consider these documents attached to defendant's Rule 12(b)(6) motion since such documents were essential to plaintiff's claim and their authenticity was not contested); ***Cortec Industries, Inc. v. Sum Holdings***, 949 F.2d 42, 47 (2nd Cir. 1991) (in ruling on motion to dismiss complaint alleging securities fraud, court may consider documents attached to motion that are central to fraud claim (*e.g.*, public disclosure documents filed with SEC, or stock purchase agreement and offering memorandum) even though such documents were not attached to complaint or mentioned therein).

[54] ***Fernandez-Montes v. Allied Pilots Ass'n***, 987 F.2d 278, 283 (5th Cir. 1993); ***Ware v. Associated Milk Producers, Inc.***, 614 F.2d 413, 415 (5th Cir. 1980) (court has discretion to consider or not consider additional materials and to treat a motion to dismiss as one for summary judgment); ***Test Masters Educ. Servs. v. Singh***, 428 F.3d 559, 570 n.2 (5th Cir. 2005) ("Even though a court permits affidavits and other evidence to be entered into the record, as long as the court does not base its judgment on matters outside of the pleading it may grant a dismissal pursuant to Rule 12(b)(6)"),
(continued...)

Defendant-Creditor has attached to his moving papers the following documents referred to within Plaintiff-Debtor's Original Complaint, or central to the claims raised therein, and thus necessary to properly determine and rule upon the instant motion for judgment on the pleadings:

- ***Notice of [Dr. Rashad]'s Intent to File a Family Law Attorney's Real Property Lien***, dated August 8, 2007 and filed in LASC Case No. BD392871 on January 16, 2008, attached as **Exhibit A** hereto and filed and served herewith;

- ***Notice of [Dr. Rashad]'s Intent to File an Additional Family Law Attorney's Real Property Lien [Amended]***, dated January 16, 2008 and filed in LASC Case No. BD392871 on January 17, 2008, attached as **Exhibit B** hereto and filed and served herewith;

- ***Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)***, dated and filed January 30, 2008, attached as **Exhibit C** hereto and filed and served herewith;

- ***Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad***, dated February 11, 2008 and recorded February 12, 2008, attached as **Exhibit D** hereto and filed and served herewith;

- ***$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly***

---

[54] (...continued)

*citing* ***Davis v. Bayless, Bayless & Stokes***, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (the presence of affidavits in the record does not convert the motion to dismiss to a motion for summary judgment); ***Alexander v. State of Oklahoma***, 382 F.3d 1206, 1213-14 (10th Cir. 2004); ***Keams v. Tempe Technical Inst., Inc.***, 110 F.3d 44, 46 (9th Cir. 1997); *but see* ***Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.***, 452 F.3d 494, 503 (6th Cir. 2006) (mere presentation of extraneous evidence in support of Rule 12(c) motion, unless court expressly rejects it, triggers conversion to Rule 56 motion for summary judgment) *and* ***Berthold Types Ltd. v. Adobe Systems Inc.***, 242 F.3d 772, 775 (7th Cir. 2001) once court "actually considers additional documents, the motion must be treated as one for summary judgment"); ***Fed. R. Civ. P. 12(d)*** ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

*Secured by Deed of Trust*, dated January 16, 2008, attached as **Exhibit E** hereto and filed and served herewith[55];

- *Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly*, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008, ¶ 11, attached as **Exhibit F** hereto and filed and served herewith[56];

- *Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008 (hereinafter referred to as "August 2008 Settlement Agreement"), attached as **Exhibit G** hereto and filed and served herewith[57];

- *Notice of Default and Election to Sell Under Deed of Trust*, dated September 26, 2008 and recorded in the Los Angeles County Recorder's Office on September 29, 2008, attached as **Exhibit H** hereto and filed and served herewith[58];

- *Addendum Settlement and Conditional Mutual Release Dated August 16, 2008*, dated January 20, 2009, attached as **Exhibit I** hereto and filed and served herewith;

- *Correspondence from J. Michael Kelly, Esq., to Marshall W. Waller, Esq.*, dated April 21, 2009, attached as **Exhibit K** hereto and filed and served herewith[59];

---

[55] *See **Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 8, 11, 20, 22, 23, 25, attached as **Exhibit AA** hereto and filed and served herewith.

[56] *See **Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 8, 11, 20, 22, 23, 25, attached as **Exhibit AA** hereto and filed and served herewith.

[57] *See **Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 13, 14, attached as **Exhibit AA** hereto and filed and served herewith.

[58] *See **Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[59] *See **Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-(continued...)

- ***Declaration of Publication re Notice of Trustee's Sale of Aaron Street Property***, dated May 11, 2009, attached as **Exhibit O** hereto and filed and served herewith[60];

- ***Jane's Rashad's Notice of Appeal***, dated and filed June 5, 2009 in LASC Case No. BD392871, attached as **Exhibit P** hereto and filed and served herewith;

- ***Rashad Handwritten Mediation Settlement Agreement***, dated September 28, 2009, attached as **Exhibit Q** hereto and filed and served herewith;

- ***Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad***, dated September 30, 2009 and recorded October 1, 2009, attached as **Exhibit R** hereto and filed and served herewith;

- ***Demand Payoff Statement / Special Instructions from Michael Kelly of the Law Offices of Michael Kelly to Ticor Title Company of California***, dated October 8, 2009, attached as **Exhibit S** hereto and filed and served herewith[61];

- ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, attached as **Exhibit T** hereto and filed and served herewith[62];

- ***Stipulation between Mohammed Rashad and Jane Rashad to "Correct" Judgment and Order***, dated October 5, 2009 and filed February 4, 2010, attached as **Exhibit**

[59] (...continued) 03362), ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[60] See ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[61] See ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[62] See ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, attached as **Exhibit AA** hereto and filed and served herewith.

**X** hereto and filed and served herewith[63];

- ***"Corrected" Stipulated Judgment in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)***, dated September 28, 2009 and filed February 4, 2010, attached as **Exhibit Y** hereto and filed and served herewith[64];

- ***Trustee's Deed Upon Sale re 2460 Aaron Street***, dated April 29, 2010 and recorded in the Los Angeles County Recorder's Office on May 3, 2010, attached as **Exhibit Z** hereto and filed and served herewith.[65]

Where the documents do not support Plaintiff-Debtor's claim, her allegations to the contrary may be disregarded and the complaint may be dismissed for failure to state a valid claim.[66]

### B.    Materials Subject to Judicial Notice

A Court may refer to matters of public record when deciding a motion to dismiss,[67] and as to such matters, the court is permitted to rely on public records of the sort of which the court could take ready judicial notice.[68]  "Judicial notice" is the court's recognition of the existence of a fact

---

[63]  *See **Plaintiff-Debtor's Orig. Compl.**, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 29, 30, attached as **Exhibit AA** hereto and filed and served herewith.

[64]  *See **Plaintiff-Debtor's Orig. Compl.**, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶¶ 29, 30, attached as **Exhibit AA** hereto and filed and served herewith.

[65]  *See **Plaintiff-Debtor's Orig. Compl.**, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[66]  ***Branch***, *supra*, 14 F.3d at 454; ***Venture Assocs.***, *supra*, 987 F.2d at 431.

[67]  ***Chauhan v. Formosa Plastics Corp.***, 212 F.3d 595, 595 (5th Cir. 2000); ***Cinel v. Connick***, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) (federal courts permitted to refer to matters of public record when deciding Rule 12(b)(6) motion to dismiss).

[68]  *See, e.g.* ***Davis v. Bayless***, *supra*, 70 F.3d at 372 & n.3 (lower court took judicial notice of state court orders); ***Covad Communications Co. v. Bell Atlantic Corp.***, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (appellate court took "judicial notice of facts on the public record ... " in form of published opinions of other federal courts that defendant had not brought bad faith and baseless suit) (internal quotes omitted).

without the necessity of formal proof,[69] constituting essentially a substitute for evidence,[70] thereby

simplifying the process of proving matters on which there can be no reasonable dispute.[71]  Because

a judicially-noticed matter is beyond dispute, the civil case trier of fact must accept it as conclusive.[72]

Judicial notice is limited to "adjudicative facts"[73] that are "not subject to reasonable

dispute"[74] and either "generally known"[75] in the community or "capable of accurate and ready

determination by resort to sources whose accuracy cannot be reasonably questioned."[76]  "Judicial

notice may be taken at any stage of the proceeding"[77] and the "court shall take judicial notice if

---

[69] *United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981); *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).

[70] *York v. American Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996); *Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 864 (7th Cir. 1983).

[71] *York*, *supra*, 95 F.3d at 958; *St. Louis Baptist Temple, Inc. v. Federal Dep. Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

[72] FED. R. EVID. 201(g).

[73] FED. R. EVID. 201(a); FED. R. BANKR. P. 9017 (incorporating Federal Rules of Evidence to apply to bankruptcy proceedings); *see* FED. R. EVID. 201, Adv. Comm. Notes to subdiv. (a) (discussing what constitutes "adjudicative facts"), *citing* Kenneth Culp Davis, *A System of Judicial Notice Based on Fairness and Convenience*, in PERSPECTIVES OF LAW 69, 73 (1964), *and* Kenneth Culp Davis, 2 *Administrative Law Treatise* § 15.03 at 353 (1958); *Qualley v. Clo-Tex Int'l, Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000) ("Adjudicative facts are 'facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses.'), *quoting* Davis, 2 *Administrative Law Treatise* § 15.03; *see also United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) (stating that adjudicative facts concern "who did what, where, when, how and with what motive or intent."), *quoting* Davis, 2 *Administrative Law Treatise* § 15.03.

[74] FED. R. EVID. 201(b).

[75] FED. R. EVID. 201(b).

[76] FED. R. EVID. 201(b); *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001) (discussing what may and may not be judicially noticed).

[77] FED. R. EVID. 201(f); *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (court may take judicial notice when deciding motion to dismiss for failure to state claim); *Marshall v. Bramer*, 828 F.2d 355, 358 (6th Cir. 1987) (judicial notice applied to pretrial discovery motions); *St. Louis Baptist Temple*, *supra*, 605 F.2d at 1172-73 (district court may take judicial notice in hearing on motion for summary judgment in substantially same manner as it would at trial).

requested by a party and supplied with the necessary information."[78]

Courts may properly take judicial notice of the official acts of the legislative, executive and judicial departments of the United States, or of any state or political subdivision thereof, or of other public entity in the United States; this includes state court decisions,[79] public records,[80] records and reports of administrative bodies,[81] and court records as reflected in documents filed and orders or decisions entered in any federal or state court,[82] including a court's own records in prior litigation related to the case before it.[83] For example, the defense of *res judicata* can be raised by a Rule 12 motion when "all relevant facts are shown by the court's own records, of which the court takes

---

[78] *FED. R. EVID. 201(d)*.

[79] *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86, n. 3 (2nd Cir. 2000); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) (court took judicial notice of California Supreme Court decision issued while parties' appeal in federal case was pending).

[80] *al-Kidd v. Ashcroft*, 580 F.3d 949, 954 n. 6 (9th Cir. 2009) (court took judicial notice of official government report cited extensively in complaint); *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 933-34 (8th Cir. 2004) (number of employees relevant to damages, though not common knowledge, subject to judicial notice as readily obtainable from tax records).

[81] *San Juan County, Utah v. United States*, 420 F.3d 1197, 1202 n. 2 (10th Cir. 2005) (National Park Service's 1995 Backcountry Management Plan for Canyonlands National Park and 2002 environmental assessment of Middle Salt Creek Canyon Access Plan); *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004) (in disability discrimination action, administrative findings about adult patient's medical status and needs); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *Mullis v. United States Bank. Ct.*, 828 F2d 1385, 1388 n. 9 (9th Cir. 1987).

[82] *United States v. Warneke*, 199 F.3d 906, 909 n. 1 (7th Cir. 1999); *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 541 n. 9 (8th Cir. 2009) (court may judicially notice proceedings in other courts relating to matters at issue); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (appellate court judicially noticed state appellate opinion and briefs to determine that waiver issue was not actually litigated or necessarily decided).

[83] *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n. 1 (9th Cir. 1996); *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 746 (8th Cir. 1996); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 (5th Cir. 1978) (court "had no duty to grind the same corn a second time").

notice."[84]

However, a court may take judicial notice "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."[85]  In other words, although a court may judicially notice the existence and content of court files in another court, it cannot take judicial notice of factual findings[86] or legal determinations[87] made by that court as they do not constitute "adjudicative facts" that are "not subject to reasonable dispute" within the meaning of Rule 201.  Additionally, allowing a court to take judicial notice of a fact merely because it had been found to be true in some other action would undermine the doctrine of collateral estoppel,[88] rendering it "superfluous."[89]  Judicial notice may be taken of the type of information contained in a document filed by a party,[90] as well as the existence and filing of an affidavit and the averments made therein[91]; again, the veracity of the allegations is not judicially noticeable.[92]

---

[84]   *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992).

[85]   *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 829-30 (5th Cir. 1998); *Opoka v. I.N.S.*, 94 F3d 392, 395 (7th Cir. 1996); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2nd Cir. 1991).

[86]   *Wyatt v. Terhune*, 315 F3d 1108, 1114 (9th Cir. 2003); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

[87]   *See Taylor*, *supra*, 162 F.3d at 830-31 (court could not take judicial notice of another court's determination that party constituted state actor for 42 USC § 1983 purposes); *see also Sierra Club v. El Paso Gold Mines, Inc.*, 421 F.3d 1133, 1150-51 (10th Cir. 2005) (court declined to take judicial notice of district court ruling, in parallel litigation brought by plaintiffs, that identical expert opinions were inadmissible).

[88]   *Taylor*, *supra,* 162 F.3d at 830.

[89]   *United States v. Jones*, *supra*, 29 F.3d at 1553.

[90]   *In re Calder*, 907 F.2d 953, 955 n. 2 (10th Cir. 1990) (in bankruptcy case, court judicially noticed omissions in debtor's previously filed "Statement of Affairs" and Schedule B–1).

[91]   *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 498 (3rd Cir. 1997); *Giove v. Stanko*, 977 F.2d 413, 416 (8th Cir. 1992); *United States v. McCargo*, 783 F.2d 507, 509 (5th Cir. 1986).

[92]   *FDIC v. O'Flahaven*, 857 F. Supp. 154, 157-58 (D. N.H. 1994) (affidavits from state court case).

Defendant-Creditor has complied with the statutory and procedural prerequisites for the Court to properly take judicial notice of the following materials by attaching authenticated copies[93] of the materials subject to the judicial notice request, thereby supplying the Court and Plaintiff-Debtor with the necessary information[94] to analyze and evaluate the propriety of the request with respect to the following materials constituting "public records":

- *Notice of [Dr. Rashad]'s Intent to File an Additional Family Law Attorney's Real Property Lien [Amended]*, dated January 16, 2008 and filed in LASC Case No. BD392871 on January 17, 2008, attached as **Exhibit B** hereto and filed and served herewith;

- *Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008, attached as **Exhibit C** hereto and filed and served herewith;

- *Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad*, dated February 11, 2008 and recorded February 12, 2008, attached as **Exhibit D** hereto and filed and served herewith;

- *$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly Secured by Deed of Trust*, dated January 16, 2008, attached as **Exhibit E** hereto and

---

[93]   *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir. 2002) (court may refuse to take judicial notice of documents if requesting party has failed to authenticate them); *but see Island Software & Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2nd Cir. 2005) (if court accepts unauthenticated documents into evidence, opposing party not prejudiced where court could have taken judicial notice of official documents to cure error).

[94]   *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (court required to take judicial notice of retirement fund earnings where requesting party presented court with company's website address where information could be found, and company that created website did not dispute accuracy of information); *Zimomra v. Alamo Rent–A–Car, Inc.*, 111 F.3d 1495, 1523 (10th Cir. 1997) (court required to take judicial notice of local ordinance where requesting party presented court with copy of ordinance).

filed and served herewith;

- **Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly**, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008, ¶ 11, attached as **Exhibit F** hereto and filed and served herewith;

- **Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad**, dated August 16, 2008 (hereinafter referred to as "August 2008 Settlement Agreement"), attached as **Exhibit G** hereto and filed and served herewith;

- **Notice of Default and Election to Sell Under Deed of Trust**, dated September 26, 2008 and recorded in the Los Angeles County Recorder's Office on September 29, 2008, attached as **Exhibit H** hereto and filed and served herewith;

- **California Superior Court's Order After Hearing re Respondent Jane Rashad's Order to Show Cause to Vacate Default Judgment and Judgment on Reserved Issues (LASC Case No. BD 392 871)**, dated and filed April 13, 2009, attached as **Exhibit J** hereto and filed and served herewith;

- **Jane Rashad's Ex Parte Order to Show Cause Seeking Stay of Enforcement**, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit M** hereto and filed and served herewith;

- **California Superior Court's Minute Order Temporarily Granting Jane Rashad's Ex Parte Order to Show Cause to Stay Enforcement and Sales of Aaron Street and Maroneal Properties**, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit N** hereto and filed and served herewith;

– **20** –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362

- ***Notice of Entry of Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009***, Proof of Service attached thereto and filed ands served therewith, dated December 2, 2009 and filed December 3, 2009, attached as **Exhibit W** hereto and filed and served herewith;

- ***Stipulation between Mohammed Rashad and Jane Rashad to "Correct" Judgment and Order***, dated October 5, 2009 and filed February 4, 2010, attached as **Exhibit X** hereto and filed and served herewith;

- ***"Corrected" Stipulated Judgment in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)***, dated September 28, 2009 and filed February 4, 2010, attached as **Exhibit Y** hereto and filed and served herewith;

- ***Trustee's Deed Upon Sale re 2460 Aaron Street***, dated April 29, 2010 and recorded in the Los Angeles County Recorder's Office on May 3, 2010, attached as **Exhibit Z** hereto and filed and served herewith;

- ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), attached as **Exhibit AA** hereto and filed and served herewith;

- ***Corporate Business Entity Detail Profile Page from California Secretary of State Business Portal Website***, downloaded from http://kepler.sos.gov/cbs.aspx on May 3, 2011 (reflecting corporate nature of Michael Kelly, Esq. A Professional Corporation, also known as the Law Offices of Michael Kelly, as of December 14, 2004), attached as **Exhibit CC** hereto and filed and served herewith;

- ***California Court of Appeal Order Dismissing Jane Rashad's Appeal of Judgment in LASC Case No. BD 392 871***, filed in California Appellate Case No. B217020 April 5, 2010, attached as **Exhibit DD** hereto and filed and served herewith;

- ***California Court of Appeal Remittitur***, filed in California Appellate Case No. B217020 June 10, 2010, attached as **Exhibit EE** hereto and filed and served herewith;

- ***Order Instructing the Court Clerk to Execute Documents on Behalf of [Jane Rashad]***, dated and filed in LASC Case No. BD 392 871 on February 8, 2008, attached as **Exhibit FF** hereto and filed and served herewith;

- ***California Superior Court's Order After Hearing on the Court's Order to Show Cause of May 4, 2009***, p. 3, ¶ 6; p. 4, ¶ 8, dated and filed in LASC Case No. BD392871 on July 1, 2009, attached as **Exhibit GG** hereto and filed and served herewith; and

- Various California statutory and decision/appellate law, cited throughout the instant motion, that is readily available on subscription legal research databases Westlaw and Lexis, or free online at FindLaw.com.

## III.

### CALIFORNIA STATE LAW GOVERNS ANALYSIS OF THE VARIOUS REAL PROPERTY TRANSACTIONS, SECURITY INSTRUMENTS, JUDGMENTS, CONTRACTS AND SETTLEMENT AGREEMENTS AT ISSUE HEREIN

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."[95]   Although generally

---

[95]   ***28 U.S.C. § 1652*** (2011) (also known as the "Rules of Decision Act"); ***Erie R.R. v. Tompkins***, 304 U.S. 64, 78-79 (1938) (except in matters governed by the Constitution or federal statutes, state law is applicable law; neither Congress nor federal courts have power to declare substantive rules of common law applicable in state; there is no federal general common law).

applicable to the substantive law governing federal diversity jurisdiction cases,[96] the "***Erie*** doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law."[97]  Where the Bankruptcy Code is silent and no uniform bankruptcy rule is required or policy promoted, the parties' rights are governed by non-bankruptcy law, which in most cases is determined by applicable state law.[98]

Many issues such as the existence and elements of a claim or defense are obviously "substantive"  and thus governed by state law.[99]  Under ***Erie***, federal courts are to follow state substantive law as derived from state statutes and decisions of the state's highest court.[100]  Where the issues involved are ones upon which the state supreme court has not yet ruled, federal courts must attempt to predict how the state supreme court would decide; in doing so, federal courts may properly consider the state supreme court's dicta, the opinions of lower state courts (intermediate

---

[96] ***Guaranty Trust Co. of New York v. York***, 326 U.S. 99, 108 (1945) (for substantive law purposes, "a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State").

[97] ***Achtman v. Kirby, McInerney & Squire, LLP***, 464 F.3d 328, 337, fn. 4 (2nd Cir. 2006); ***Crowe v. Wiltel Communications Systems***, 103 F.3d 897, 899 (9th Cir. 1996); ***BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.***, 194 F.3d 1089, 1103 (10th Cir. 1999).

[98] ***Butner v. United States***, 440 U.S. 48, 54 (1979) (determination of contract or property rights by the bankruptcy courts ordinarily controlled by state law); ***Board of Trade v. Johnson***, 264 U.S. 1 (1924) (with regard to property rights which are regulated by state law, federal courts would follow state courts in actions under Bankruptcy Act of 1898 [former ***11 U.S.C. §§ 1, et seq.***], but when language of Congress indicated policy requiring broader construction than state decisions would give it, federal courts could not be guided by state court actions); ***In re Deicas***, 137 B.R. 51, 54 (Bankr. S.D. Cal. 1992); ***In re Pascucci***, 90 B.R. 438, 442 (Bankr. C.D. Cal. 1988).

[99] ***Crowe***, *supra*, 103 F.3d at 899 (required elements for defamation per se claim).

[100] ***Williams v. Kaiser***, 323 U.S. 471 (1945) (decision of state supreme court, whatever its grounds, was binding on United States Supreme Court, insofar as state law was concerned); ***Erie***, *supra*, 304 U.S. at 78; ***Guffey v. Smith***, 237 U.S. 101 (1915) (where rule of property had been established by highest court of state, federal court was bound to follow it); ***Waterhouse v. Hoover***, 203 F.2d 171 (6th Cir. 1953) (where issues in federal court and in state court were for all practical purposes identical and had been decided by state court adversely to plaintiff's theory, federal district court properly followed state court decision).

courts of appeal or trial courts), or even opinions from courts of other states.[101]

In the instant matter, Plaintiff-Debtor seeks a declaratory judgment that the April 29, 2010 non-judicial foreclosure sale of the Aaron Street property instigated by Defendant-Creditor is void, as well as the recovery of money and/or property from Defendant-Creditor purportedly obtained as a result of that allegedly preferential and/or fraudulent transfer.  California state law[102] provides the proper analytical bases for determining the validity of Plaintiff-Debtor's claims given that

- the real property[103] at the center of this adversary proceeding is located in California[104];

---

[101] *Fidelity Union Trust Co. v. Field*, 311 U.S. 169 (1940) (federal court is not free to disregard decisions of state's intermediate appellate courts unless it is convinced by other persuasive data that state's highest court would decide otherwise); *Krieser v. Hobbs*, 166 F.3d 736, 743 (5th Cir. 1999); *CSX Transp., Inc. v. Trism Specialized Carriers, Inc.*, 182 F.3d 788, 790-91 (11th Cir. 1999); *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994); *Taplinger v. Northwestern Nat'l Bank*, 101 F.2d 274 (3d Cir. 1938) (construction of state statute by appellate court of state was accepted as binding on federal court even though if matter were open for federal court's consideration, different conclusion might have been reached).

[102] *FED. R. CIV. P. 81(d)(1)* (when FRCP refer to state law, term "law" includes state's statutes and judicial decisions).

[103] *Polk's Lessee v. Wendal*, 13 U.S. 87 (9 Cranch 87) (1815) (in cases depending on statutes of state, and more especially in those respecting titles to land, construction of state where that construction was settled and could be ascertained was adopted); *United States Gypsum Co. v. Greif Bros. Cooperage Corp.*, 389 F.2d 252 (8th Cir. 1968) (in diversity action to quiet title to land, state law is applicable); *Collins v. Streitz*, 95 F.2d 430 (9th Cir. 1938) (state statutes and decisions in respect to titles to real property were binding on federal court); *In re Martin*, 47 F.2d 498 (6th Cir. 1931) (nature of interest in real property, and liability of same to execution, was determined by laws of state); *Edward Hines Yellow Pine Trustees v. Martin*, 296 F. 442 (5th Cir. 1924) (state decisions construing state statute and establishing rule of property were controlling in federal courts), *aff'd* 268 U.S. 458 (1925); *Roberts v. Brooks*, 71 F. 914 (C.C.D. N.Y. 1896) (decisions of state courts in foreclosure suits and suits to quiet title were binding on federal courts as determining title to realty), *aff'd* 78 F. 411 (2d Cir. 1897); *United States v. Deya*, 369 F. Supp. 1113 (D. P.R. 1974) (rules of property ownership fall under realm of state law to which federal courts must normally defer; federal courts are also bound to follow authoritative construction of such rules by state courts).

[104] *Paepcke v. Kirkman*, 55 F.2d 814 (5th Cir. 1932) (status of real property was governed by law of state in which it was situated); *Amell v. Kucewicz*, 53 F. Supp. 2d 145, 146-47 (D. Ma. 1999) (plaintiff sued in Massachusetts federal court to enforce contract to convey real estate in Vermont; federal court determined that Massachusetts state courts would apply Vermont law (continued...)

- the disputed sale occurred in California pursuant to California state law[105];

- the promissory note and deed of trust under which Defendant-Creditor exercised his power to sell and thereby initiated the subject foreclosure, as well as the multiple settlements agreements entered into between the parties,[106] were executed in California by California residents;

- the performance of the terms and conditions under those agreements was contemplated and required to take place in California[107];

- the relevant pleadings, orders and judgments[108] relied upon by Plaintiff-Debtor in asserting her adversary proceeding claims, or related thereto, were filed and/or

---

[104] (...continued)
(because that was where the property was located) and did likewise.

[105] *See, e.g., **Glenn v. Hollums**,* 80 F.2d 555 (5th Cir. 1935) (effect of sheriff's sale was determined by laws of state).

[106] ***Consolidated Flour Mills Co. v. File Bros. Wholesale Co.***, 110 F.2d 926 (10th Cir. 1940) (law of place where contract made governed its nature, validity, and interpretation unless appeared that parties, when entering into contract, intended to be bound by law of some other place); ***Women's Catholic Order of Foresters v. Special School Dist.***, 105 F.2d 716 (8th Cir. 1939) (where jurisdiction of federal court in suit involving construction of state statutes as applied to state contracts was invoked on ground of diversity of citizenship, and there was no allegation that state statutes involved, or state constitution impaired, obligation of contract, in violation of federal Constitution, parties and federal courts had to search for and apply entire body of substantive law governing an identical action in state courts); ***Douglass v. Thurston County***, (9th Cir. 1936) 86 F.2d 899 (particularly in cases involving interpretation of contracts are federal equity courts disposed to adopt construction placed upon similar contracts by legislatures and courts of states where the contracts were executed); ***Ferryboatmen's Union of California v. Northwestern P. R. Co.***, 84 F.2d 773 (9th Cir. 1936) (accord and satisfaction determined under state law); ***Early & Daniel Co. v. American Surety Co.***, 5 F.2d 670 (4th Cir. 1925) (laws of state where contract was made and was to be performed were to be followed by federal court in construing contract); ***United States v. Traugott Schmidt & Sons*** (D. Mich. 1923) 291 F. 382 (Michigan state rule that court of laws was without jurisdiction to reform written instrument was applicable to federal courts in that state).

[107] ***Brine v. Insurance Co.***, 96 U.S. 627 (6 Otto) (1878) (construction, validity, and effect of private contracts were governed by law of place where they were made and were to be performed, if that was same).

[108] ***Brown v. Van Braam***, 3 U.S. 344 (3 Dall.) (1797) (state statute was taken in ascertaining effect of judgment by default, where case had been discontinued).

entered in a marital dissolution action prosecuted in a California state court;

●     by their own express terms, the relevant documents, instruments,[109] pleadings, judgments,[110] agreements[111] and other materials specifically provide that their interpretation[112] and application would be under California state law;

●     Defendant-Creditor asserts that the issue of Plaintiff-Debtor's ex-husband's interest in the Aaron Street property, and thus indisputable authority to encumber the property with the lien at issue herein, has already been litigated by Plaintiff-Debtor, resulting in an adverse judgment[113] against her position that she is precluded from relitigating

---

[109] *$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly Secured by Deed of Trust*, dated January 16, 2008, ¶ 5 ("**This Promissory Note shall be construed in accordance with and governed by the laws of the State of California.**") (emphasis added), attached as **Exhibit E** hereto and filed and served herewith.

[110] *Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008, Attachment 4.p., § 10, p. 14, l. 9-13 ("**This judgment shall be subject to and interpreted under the laws of the State of California**, and shall not be affected by any change in those laws subsequent to the date of execution hereunder. Subsequent changes in California law and federal law through legislation or judicial interpretation that create or find additional or different rights and obligations of the Parties shall not affect this Judgment of Dissolution of Marriage.") (emphasis added), attached as **Exhibit C** hereto and filed and served herewith; *"Corrected" Stipulated Judgment in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated September 28, 2009 and filed February 4, 2010, Attachment 4.p., § 16, p. 19, l. 9-14 (same, using verbatim language), attached as **Exhibit Y** hereto and filed and served herewith.

[111] *Settlement and Conditional Mutual Release Agreement between J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008, ¶ B.12, p. 4, l. 21-22 ("**This Agreement shall be governed in accordance with the laws of the State of California**, County of Los Angeles.") (emphasis added), attached as **Exhibit G** hereto and filed and served herewith; *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. 392 871 on November 13, 2009, ¶ 13, p. 9, l. 7-8 (same, using verbatim language), attached as **Exhibit T** hereto and filed and served herewith.

[112] *F.D.I.C. v. Firemen's Ins. Co. of Newark, NJ*, 109 F.3d 1084, 1087 (5th Cir. 1997) ("We look to state law for rules governing contract interpretation").

[113] *See Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008, Attachment 4.p., §§ 2.2, (continued...)

– 26 –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

under the doctrines of collateral estoppel and *res judicata*.[114]

Additionally, Jane asserts claims based on California state law, including that

●      the relevant security instruments upon which the foreclosure was based, themselves

      subject to interpretation under California state law,[115] had been extinguished under

---

[113] (...continued)
5.1.1.6, 6.1, pp. 1-2, l. 23-12, p. 5, l. 24-25, p. 9, l. 12-13, 24-25 (ruling that previous Aaron Street interspousal transfer deed purporting to place title solely in Jane Rashad was void as the result of undue influence so that Plaintiff-Debtor's ex husband, Dr. Mohammed Rashad, continued to have an undivided 50% ownership interest in the real property), attached as **Exhibit C** hereto and filed and served herewith.

[114] *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 374, 375 (1996) (whether a prior state court judgment precludes relitigation of claims or defenses raised in a later federal diversity action is determined by reference to state law, even on claims within exclusive federal court jurisdiction; applies to issue preclusion (collateral estoppel) as well as claim preclusion (*res judicata*)); *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986) ("full faith and credit" state court judgments entitled to in federal court under 28 U.S.C. § 1738 "requires that federal courts give the state court's resolution of the *res judicata* issue the same preclusive effect it would have had in another court of the same state"); *Conn. Bank of Commerce v. Republic of Congo*, (5th Cir. 2002) 309 F.3d 240 (federal courts are required to afford state court orders same preclusive effects that order would enjoy in courts of that state, but federal courts need not give any greater *res judicata* effect to such order than state itself would afford); *Gauthier v. Cont'l Diving Servs., Inc.*, 831 F.2d 559, 561 (5th Cir. 1987) (same); *Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998); *In re Byard*, 47 B.R. 700 (Bankr. M.D. Tenn 1985) (Bankruptcy Court must use preclusion principles of state of judgment in determining the preclusive effects of that judgment in federal court pursuant to 28 U.S.C. § 1738; if state of origin would give preclusive effect to judgment at issue, then court must determine whether any federal statute expressly or impliedly impedes normal application of 28 U.S.C. § 1738).

[115] *Burns Mortg. Co. v. Fried*, 292 U.S. 487 (1934) (if cause of action in contract arose in state other than state in which suit was pending in federal court, substantive law of state where cause of action arose would control; thus, where note was executed and delivered in Florida and suit was brought by assignee against maker in federal court in Pennsylvania, law of Florida controlled question of negotiability of note); *Massingill v. Downs*, 48 U.S. 760 (7 How.) (1849) (state laws as to lien of judgment on property were followed in federal courts); *State of New York v. Blank*, 27 F.3d 783, 788 (2nd Cir. 1994) (federal courts in diversity cases apply state rules governing interpretation of contracts as such rules are deemed "substantive" for *Erie* purposes); *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 793 (5th Cir. 2002); *Adelman v. Centaur Corp.*, 145 F.2d 573 (6th Cir. 1944) (effectiveness of transfer or assignment as against trustee in bankruptcy was tested by standards of applicable state law); *Reichert v. Federal Land Bank*, 139 F.2d 627 (8th Cir. 1944) (rights of lienholders in bankruptcy proceedings were governed by state laws and were protected by Fifth Amendment); *Ex parte Benevolent & Protective Order of Elks*, 69 F.2d 816 (2d
(continued...)

---

– 27 –

California state law relating novation,[116] "substituted contract," and release[117];

- under California community property law,[118] Dr. Rashad did not have the requisite authority or interest to encumber the Aaron Street property to secure his marital dissolution action attorneys' fees and costs incurred with Defendant-Creditor[119];

- Defendant-Creditor failed to comply with California state law notice-of-sale and

---

[115] (...continued) Cir. 1934) (state court decisions were controlling as to statutory liens upon fixed property within such state); *McDonald Amusement Co. v. Fleming Bros. Lumber Co.*, 35 F.2d 638 (10th Cir. 1929); *Culhane v. Anderson*, 17 F.2d 559 (8th Cir. 1927) (federal courts recognized liens allowed by statutes of the states); *American Tank Co. v. Continental & Commercial Trust & Sav. Bank*, 3 F.2d 122 (8th Cir. 1924).

[116] *Wells Fargo Bank, N.A. v. Bank of America, NT&SA*, 32 Cal. App. 4th 424, 432 n. 3 (Ct. App. 1995) ("We note that California law controls our interpretation of novation, even though our ensuing analysis involves the application of a federal statute. There is no federal law of contracts."), *citing Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1109 (11th Cir. 1990) ("As there exists no federal law of construction of contracts, our interpretation of the language of the Agreement is therefore controlled by [state] law."); *In re Worldcom, Inc.*, 382 B.R. 610, 623 (S.D. N.Y. 2008) (discussing determination under state law as to whether settlement agreement is accord and satisfaction, novation, or substituted agreement and differing results flowing from this determination); *Grand Ave. Partners, L.P. v. Goodan*, 25 F. Supp. 2d 1064, 1067 (C.D. Cal. 1996) ("although a federal statute is involved ..., the novation issue is a matter of state law.'); *Fay Corp. v. BAT Holdings I, Inc.*, 646 F. Supp. 946, 950 (W.D. Wash. 1986) (looking to state law for essential elements to establish novation), *aff'd sub nom, Fay Corp. v. Frederick & Nelson Seattle, Inc.*, 896 F.2d 1227 (9th Cir. 1990).

[117] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 3-7, ¶¶ 10-23, attached as **Exhibit AA** hereto and filed and served herewith.

[118] *Taylor v. Voss*, 271 U.S. 176 (1926) (in absence of any conflicting provision in Bankruptcy Act of 1898 [former 11 U.S.C. §§ 1, *et seq.*], question of wife's interest in bankrupt's property was governed by local law); *Gillis v. Welch*, 80 F.2d 165 (9th Cir. 1935) (state court decision as to nature of wife's interest in community property was controlling in federal court); *Talcott v. United States*, (9th Cir. 1928) 23 F.2d 897 (same); *Allen v. Henggeler*, 32 F.2d 69 (8th Cir. 1929) (interest of wife and husband in property was determined by state statutes and decisions, but taxability under federal estate law was determined by federal decisions); *True v. United States*, 51 F. Supp. 720 (E.D. Wash. 1943) (in estate tax cases, court entitled to turn to state law in determining what was community and what was separate property); *In re Brown*, 60 F.2d 269 (D. Ky. 1932) (state court decisions construing statute relating to conveyances to husband and wife binding on federal court).

[119] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 7, ¶¶ 24-25, attached as **Exhibit AA** hereto and filed and served herewith.

other statutory requirements[120] to proceed with the non-judicial Aaron Street foreclosure[121];

- Defendant-Creditor allegedly engaged in a fraudulent transfer under Section 548,[122] a claim that relies on an amalgamation of California state law issues relating to the validity and enforceability of several documents, including those referenced above, the status of Dr. Rashad's interest in the Aaron Street property, Defendant-Creditor's compliance with the applicable foreclosure scheme[123];

- Defendant-Creditor was the purported beneficiary of a preferential transfer under Section 547,[124] a claim also requiring the resolution of the aforementioned California state law issues relating to the status of Dr. Rashad's interest in the Aaron Street property and Defendant-Creditor's compliance with the applicable foreclosure scheme[125]; and

- Defendant-Creditor suspects that if permitted to amend her adversary proceeding

---

[120]   *Blackshear v. First Nat'l Bank*, 261 F. 601 (5th Cir. 1919) (state court decision holding valid power of sale in mortgage similar to one before federal court was followed).

[121]   *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 7, ¶¶ 26-27, attached as **Exhibit AA** hereto and filed and served herewith.

[122]   *11 U.S.C. § 548*; *but see* ***National City Bank v. Continental Nat'l Bank & Trust Co.***, 83 F.2d 134 (10th Cir. 1936) (whether conveyance was fraudulent as to creditors was determined through interpretation of local statutes by federal courts); ***Irving Trust Co. v. Finance Service Co.***, 63 F.2d 694 (2d Cir. 1933) (Court of Appeals followed construction of Uniform Fraudulent Conveyance Act by highest court of state); ***O'Sullivan v. Donohue***, 14 F. Supp. 605 (D. Mass. 1936) (same); ***American Surety Co. v. Edwards & Bradford Lumber Co.***, 57 F. Supp. 18 (D. Iowa 1944) (actions brought in federal district courts to challenge transfers of property as being fraudulent as to creditors are governed wholly by state law as to substantive law).

[123]   *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 7-8, ¶¶ 28-33, attached as **Exhibit AA** hereto and filed and served herewith.

[124]   *11 U.S.C. § 547* (2011).

[125]   *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 8-9, ¶¶ 34-39, attached as **Exhibit AA** hereto and filed and served herewith.

complaint that Plaintiff-Debtor would allege that Defendant-Creditor's foreclosure

on Aaron Street was prohibited under specific California state law statutory

provisions requiring a deed of trust creditor to prosecute only a single action to

foreclose on security for a debt and anti-deficiency statutes precluding seeking a

personal judgment against a debtor after exhaustion of pledged security after a non-

judicial foreclosure.[126]

In addition,

The term "rights" is nowhere defined in the Bankruptcy Code.  In the absence of a controlling federal rule, we generally assume that **Congress has "left the determination of property rights in the assets of a bankrupt's estate to state law,"** since such **"property interests are created and defined by state law."** *Butner v. United States*, 440 U.S. 48, 54-55... (1979).  *See also Barnhill v. Johnson*, 503 U.S. 393, 398... (1992).  Moreover, we have specifically recognized that **"the justifications for application of state law are not limited to ownership interests,"** but **"apply with equal force to security interests,** including the interest of a mortgagee."  *Butner*, *supra*, at 55.  The bank's "rights," therefore, are reflected in the relevant mortgage instruments, which are enforceable under [state] law.  They include the right to repayment of the principal in monthly installments over a fixed term at specified adjustable rates of interest, **the right to retain the lien until the debt is paid off**, the right to accelerate the loan upon default and **to proceed against petitioners' residence by foreclosure and public sale**, and the right to bring an action to recover any deficiency remaining after foreclosure.... [Citations.]  These are the rights that were "bargained for by the mortgagor and the mortgagee," *Dewsnup v. Timm*, 502 U.S. 410, 417... (1992), and are rights protected from modification by § 1322(b)(2).[127]

It is readily apparent that California state law governs the analysis of the claims asserted

within Plaintiff-Debtor's Original Complaint; in fact, this Court has already implicitly recognized

this state of affairs back in December 2010 when ruling on Defendant-Creditor's motion seeking

---

[126]   *Plaintiff-Debtor's Proposed First Am. Compl.*, pp. 9-10, ¶¶ 40-45, attached as **Exhibit BB** hereto and filed and served herewith..

[127]   *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 329-30 (1993) (emphasis added); *Commissioner v. Stern*, 357 U.S. 39 (1958) (*Erie* requires federal courts to apply state decisional law in defining state-created rights, obligations, and duties).

abstention and venue transfer.[128]

## IV.

**THE 2009 STIPULATION DID NOT EFFECTUATE A NOVATION OR
RELEASE OF THE 2008 DEED OF TRUST, PROMISSORY NOTE OR
SETTLEMENT AGREEMENT SINCE IT DID NOT REFLECT ANY
PARTY INTENT TO EXTINGUISH ANY OF THE RASHADS'
PREVIOUS OBLIGATIONS OR THE LIENS TO SECURE THEM**

### A.    Introduction

"An obligation is a legal duty, by which a person is bound to do or not to do a certain

thing,"[129] that may arise, be created and enforced by contract between the parties.[130]  An enforceable

contract under California law, constituting an agreement to do or not to do a certain thing and giving

rise to an obligation or legal duty that is enforceable in an action at law,[131] has as its essential

elements parties capable of contracting, their mutual consent, a lawful objective and sufficient

consideration.[132]  Under California law, a "[n]ovation is the substitution of a new obligation for an

---

[128] ***Bankruptcy Court's Mem. Op. Ruling on Defendant-Creditor J. Michael Kelly's Mot. for Mandatory Abstention, etc.***, dated and filed December 2, 2010 (Docket No. 18, Adv. No. 10-03362), p. 7 ("Although California courts are familiar with California law, there are bankruptcy issues present in the instant case, such that either this court or a California state court would be required to become familiar with the laws applicable in the other court.").

[129] ***Cal. Civ. Code § 1427*** (LexisNexis 2011); *see, e.g.,* ***Cal. Civ. Code § 2872*** (LexisNexis 2011) ("A lien is a charge in some mode other than by transfer in trust upon specific property by which it is made security for the performance of an act"); ***Cal. Code Civ. Proc. § 1180*** (LexisNexis 2011) ("A lien is a charge imposed upon specific property by which it is made security for the performance of an act"); ***Cal. Civ. Code § 1114*** (LexisNexis 2011) ("The term 'encumbrances' includes ... all liens upon real property.").

[130] ***Cal. Civ. Code § 1428*** (LexisNexis 2011); *see, e.g.,* ***Cal. Civ. Code § 2881(1)*** (LexisNexis 2011) ("A lien is created ... [¶] ... [b]y contract of the parties."); ***Bluxome Str. Assocs. v. Fireman's Fund Ins. Co.***, 206 Cal. App. 3d 1149, 1153 (Ct. App. 1988) (parties do not have to use the word "lien" in their contract to create valid lien as terms such as "granting a security interest in collateral" are sufficient).

[131] ***Cal. Civ. Code § 1549*** (LexisNexis 2011); ***Agosta v. Astor***, 120 Cal. App. 4th 596, 604 (Ct. App. 2004).

[132] ***Cal. Civ. Code § 1550*** (LexisNexis 2011); ***Lopez v. Charles Schwab & Co., Inc.***, 118 (continued...)

– 31 –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT
Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

existing one."[133]  Novation may be accomplished either by the substitution of a new debtor or a new

creditor,[134] or "by the substitution of a new obligation between the same parties, **with <u>intent</u> to**

**extinguish the old obligation**[.]"[135]  A "[n]ovation is made by contract, and **is subject to all the**

**rules concerning contracts in general**."[136]

      Plaintiff-Debtor asserts a "substituted contract" theory to extinguish the lien secured by the

January 2008 Promissory Note and deed of trust[137]; although the Second Restatement of Contract

Law makes a distinction between the "substituted contract" theory proffered by Jane and novation,[138]

both constitute a type of novation under California law,[139] thus, Plaintiff-Debtor's "substituted

contract" is addressed and disposed of herein under the following California state law novation

---

    [132] (...continued)
Cal. App. 4th 1224, 1230 (Ct. App. 2004).

    [133] CAL. CIV. CODE § 1530 (LexisNexis 2011); *Alexander v. Angel*, 37 Cal. 2d 856, 860 (1951); *Wells Fargo*, *supra*, 32 Cal. App. 4th at 431; *Fanucchi & Limi Farms v. United Agric. Prods.*, 414 F.3d 1075, 1081 (9th Cir. 2005); *In re Kim*, 125 B.R. 594, 597 (Bankr. C.D. Cal. 1991); 1 B.E. Witkin, *Summ. Cal. Law*, Contracts, § 961 (Discharge-Novation-Nature and Effect) (10th ed. 2005), p. 1052.

    [134] CAL. CIV. CODE § 1531(2)-(3) (LexisNexis 2011); *Alexander*, *supra*, 37 Cal. 2d at 860; *Beckwith v. Sheldon*, 165 Cal. 319, 323 (1913).

    [135] CAL. CIV. CODE § 1531(1) (LexisNexis 2011) (emphasis added).

    [136] CAL. CIV. CODE § 1532 (LexisNexis 2011) (emphasis added); *Alexander*, *supra*, 37 Cal. 2d at 860; 1 B.E. Witkin, *Summ. Cal. Law*, Contracts, § 962(a)(1) (Discharge-Novation-Requisites-In General) (10th ed. 2005), p. 1053.

    [137] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 6, ¶ 22, attached as **Exhibit AA** hereto and filed and served herewith.

    [138] *Compare* RESTATEMENT (SECOND) OF CONTRACTS § 279 (1981) (contract between parties which replaces an original contract between same parties referred to as a "substituted contract") *with* RESTATEMENT (SECOND) OF CONTRACTS § 280 (1981) ("novation" is substituted contract that includes as a party one who was neither the obligor nor the obligee of the original duty); *see* 1 B.E. Witkin, *Summ. Cal. Law*, Contracts, § 961 (Discharge-Novation-Nature and Effect) (10th ed. 2005), p. 1052.

    [139] *See* CAL. CIV. CODE § 1531(1) (LexisNexis 2011) (novation by substitution of new obligation between same parties); *Fanucchi*, *supra*, 414 F.3d at 1086 ("a novation ... is a substituted contract that extinguishes the previous agreement as soon as the parties enter into the new agreement....").

analysis.  Despite the somewhat complicated circumstances wherein Plaintiff-Debtor asserts that a new obligation was created between Defendant-Creditor and the Rashads, as well as that an additional new debtor was brought into the arrangements, Jane still has not properly alleged or established that the January 2008 Deed of Trust on the Aaron Street property, the January 2008 Promissory Note for $375,000, or August 2008 Settlement Agreement between J. Michael Kelly and Dr. Rashad were in any way extinguished by later agreements purportedly entered into by the parties.

### B.    Plaintiff-Debtor Bore Burden to Properly Plead Elements That a Novation Had Been Consummated Between the Parties

" 'The burden of proof of existence of a novation is on the party asserting it.' "[140]  To succeed in her claim that the January 2008 Promissory Note and deed of trust between Dr. Rashad and Defendant-Creditor is unenforceable, Plaintiff-Debtor "must prove that all parties agreed, by words or conduct, to cancel the original contract and to substitute a new contract in its place."[141]  Evidence in support of a novation must be clear and convincing.[142]  " 'In every novation there are four essential

---

[140]  *Ehrenreich v. Shelton*, 213 Cal. App. 2d 376, 378 (Ct. App. 1963), quoting *36 Cal.Jur.2d 451*; *Alexander*, *supra*, 37 Cal. 2d at 860; *Colley v. Chowchilla Nat. Bank*, 200 Cal. 760, 767, 770 (1927); *Howard v. County of Amador*, 220 Cal. App.3d 962, 977 (Ct. App. 1990); *Davies Machinery Co. v. Pine Mountain Club, Inc.*, 39 Cal. App.3d 18, 24-25 (Ct. App. 1974); *Williams v. Reed*, 113 Cal. App. 2d 195 (Ct. App. 1952); *Ayoob v. Ayoob*, 74 Cal. App. 2d 236, 251-52 (Ct. App. 1946); *Anglo-California Trust Co. v. Wallace*, 58 Cal. App. 625 (Ct. App. 1922); *Brown v. Coffee*, 17 Cal. App. 381 (Ct. App. 1911); *Linder Hardware Co. v. Pacific Sugar Corp.*, 17 Cal. App. 81 (Ct. App. 1911).

[141]  *Judicial Council of California Civil Jury Instructions (CACI) No. 337, Affirmative Defense–Novation* (New September 2003; Revised October 2004).

[142]  *Alexander*, *supra*, 37 Cal. 2d at 860; *Columbia Casualty Co. v. Lewis*, 14 Cal. App. 2d 64, 72 (1936); *see also In re Marriage of Peters*, 52 Cal. App. 4th 1487, 1490 (Ct. App. 1997) (clear and convincing evidence standard has "been held to require evidence 'so clear as to leave no substantial doubt' ") (citation omitted); *In re Marriage of Weaver*, 224 Cal. App. 3d 478, 487 (Ct. App. 1990) (" 'Clear and convincing' evidence requires a finding of high probability[,] . . . that the evidence be 'so clear as to leave no substantial doubt'; 'sufficiently strong to command the unhesitating assent of every reasonable mind' ") (citations omitted); 1 B.E. Witkin, *Cal. Evidence*, Burden of Proof and Presumptions, § 38 (4th ed. 2000), p. 187 (preponderance of the evidence requires probability, while clear and convincing evidence standard demands a high probability).

requisites: First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and fourth, the validity of the new one.' "[143] As demonstrated herein, Plaintiff-Debtor has not properly alleged in her Original Complaint sufficient factual allegations to establish the required enumerated elements; in fact, she cannot truthfully do so, thereby rendering her claim meritless as a matter of law.[144]

### C.   Plaintiff-Debtor Fails to Allege and the Relevant Documents Do Not Reflect Any Party Intent to Extinguish Defendant-Creditor's Liens on the Aaron Street Property, Thereby Vitiating Her Novation Claim

California novation law **explicitly** requires that the parties manifest either an "intent to extinguish the old obligation"[145] by the parties' entry into a new agreement, or an "intent to release [the original debtor] ... [b]y the substitution of a new debtor...."[146]  "The '**question whether a novation has taken place is always one of intention**,' [citation] with the controlling factor being the intent of the obligee to effect a release of the original obligor on his obligation under the original

---

[143]   *Airs Int'l v. Perfect Scents Distributions*, 902 F. Supp. 1141, 1148 (N.D. Cal. 1995) (if subsequent contract ultimately determined invalid in its inception, purported rescission of earlier contract would be ineffective and earlier contract would be revived), *quoting* 15 *Williston on Contracts*, § 1869 (3d ed. 1972), at p.613; *United States Gypsum Co. v. Snyder-Ashe Co.*, 139 Cal. App. 731, 733 (Ct. App. 1934); *Calif. Canning Peach Growers v. Downey*, 76 Cal. App. 1, 18 (Ct. App. 1925); *Young v. Benton*, 21 Cal. App. 382, 385 (Ct. App. 1913); *Metro. Transp. Comm'n v. Motorola, Inc.*, 342 Fed. Appx. 269, 271 (9th Cir. 2009) (interpreting California novation law).

[144]   *Howard*, *supra*, 220 Cal. App. 3d at 980 ("Where there is conflicting evidence the question whether the parties to an agreement entered into a modification or a novation is a question of fact.... However, where ... **the issue turns upon the meaning of a written instrument and there is no conflicting extrinsic evidence, then the question is one of law**....") (emphasis added); *CAL. EVID. CODE § 622* (LexisNexis 2011) ("[t]he facts recited in a written instrument are **conclusively presumed to be true** as between the parties thereto or their successors in interest....") (emphasis added).

[145]   *CAL. CIV. CODE § 1531(1)* (LexisNexis 2011); *see also CAL. CIV. CODE § 1485* (LexisNexis 2011) ("An obligation is extinguished by an offer of performance, made in conformity to the rules herein prescribed, **and with an intent to extinguish the obligation**.") (emphasis added).

[146]   *CAL. CIV. CODE § 1531(2)* (LexisNexis 2011).

agreement. [Citation.]"[147]  "Regardless of the extent to which a contract is modified, **a novation cannot be found unless it be shown that the parties <u>intended and agreed</u> to extinguish the original contract**."[148]  " ' "The intention of the parties to extinguish the prior obligation and to substitute a new agreement in its place **must clearly appear**." ' "[149]  "Section 1531 makes it clear that the substitution [of the new obligation] **must be with intent to extinguish the old obligation**."[150]  "A novation requires an intent to substitute a new obligation, terminating the old one."[151]  "Determining the parties' intent is a highly fact-specific inquiry."[152]  "Courts examining a novation claim first look to the agreements themselves, and, specifically, the substance of the change or changes between the old and new agreements."[153]  Permeating this entire analysis is the "elephant in the room" with respect to the fact that at no point in her Original Complaint has Plaintiff-Debtor explained how the parties' entering a settlement agreement with respect to the amount owed in any way abrogated the security in place for that debt, *i.e.*, just because the parties agreed as to the value of the Rashads' monetary obligation did not also mean that Defendant-Creditor's liens in place to

---

[147] *Alexander*, *supra*, 37 Cal. 2d at 860 (emphasis added), *quoting Producers Fruit Co. v. Goddard*, 75 Cal. App. 737, 755 (Ct. App. 1925)*, and citing Ayoob*, *supra*, 74 Cal. App. 2d at 251.

[148] *Howard*, *supra*, 220 Cal. App. 3d at 980 (emphasis added).

[149] *Fanucchi*, *supra*, 414 F.3d at 1081 (emphasis added), *quoting Hunt v. Smyth*, 25 Cal. App. 3d 807, 818 (Ct. App. 1972), *in turn quoting Goodman v. Citizens Life & Cas. Ins. Co.*, 253 Cal. App. 2d 807, 816 (Ct. App. 1967); *Howard*, *supra*, 220 Cal. App. 3d at 977 (it must " 'clearly appear' that the parties intended to extinguish rather than merely modify the original agreement.").

[150] *Kim*, *supra*, 125 B.R. at 597 (emphasis added).

[151] 1 B.E. Witkin, *Summ. Cal. Law*, Contracts, § 963 (Discharge-Novation-Requisites-Intent and Assent) (10th ed. 2005), p. 1054; *Paykar Const. v. Spilat Const. Corp.*, 92 Cal. App. 4th 488, 494 (Ct. App. 2001); *Meadows v. Grimsgaard*, 175 Cal. App. 3d 475, 483 (Ct. App. 1985); *Wade v. Diamond A Cattle Co.*, 44 Cal. App. 3d 453, 457 (Ct. App. 1975); *Davies Machinery*, *supra*, 39 Cal. App. 3d at 24; *Ayoob*, *supra*, 74 Cal. App. 2d at 250; *Columbia Cas. Co. v. Lewis*, 14 Cal. App. 2d 64, 71 (Ct. App. 1936); *Blumer v. Madden*, 128 Cal. App. 22, 24 (Ct. App. 1932).

[152] *Fanucchi*, *supra*, 414 F.3d at 1082, *citing Hunt*, *supra*, 25 Cal. App. 3d at 818.

[153] *Fanucchi*, *supra*, 414 F.3d at 1082, *citing Alexander*, *supra*, 37 Cal. 2d at 861-62.

secure whatever that amount was were somehow concurrently extinguished by virtue of that agreement, particularly since none of the settlement documents contain any provision reflecting such a purported intent.

1. **The Relevant Documents at Issue Herein Clearly Express the Lack of Party Intent to Extinguish the 2008 Promissory Note or the Deed of Trust with Power of Sale**

Notwithstanding Plaintiff-Debtor's "creative" arguments formulated in her Original Complaint, the Court should construe the language of the relevant documents on their face since Jane does not at all allege that the provisions therein were vague, ambiguous or subject to interpretation.[154] The lack of any intent to extinguish the liens on the Aaron Street Property on the part of the parties in general, and J. Michael Kelly in particular, is evident from a review of the series of settlement-related documents executed by the parties over the past three-plus years since the purported attorney fee dispute arose between Dr. Rashad and the Law Offices of Michael Kelly, as each contains virtually identical provisions clearly delineating the Aaron Street Property's lien's continued viability pending full performance.  It bears pointing out that "[t]he facts recited in a written instrument are conclusively presumed to be true as between the parties thereto or their successors in interest...."[155] The August 2008 Settlement Agreement provided that "**Upon full satisfaction**[156] of all the terms and provision [*sic*] of this Agreement, including **full payment** of the Three Hundred Fifty Thousand Dollars ($350,000.00) plus interest, required to be made by [Mohammed Nabil Rashad] to [the Law Offices of Michael Kelly]..., [the Law Offices of Michael Kelly] shall release and reconvey the

---

[154] ***Beck v. Am. Health Group Int'l, Inc.***, 211 Cal. App. 3d 1555, 1561-62 (Ct. App. 1989); *see* ***United States v. Armour & Co.***, 402 U.S. 673, 681 (1971) (discussing interpretation of consent decree, court's role is to construe settlement agreement as written, as it would any other contract.).

[155] CAL. EVID. CODE § 622 (LexisNexis 2011).

[156] ***Windt v. Covert***, 152 Cal. 350 (1907) (word "satisfied" means no more than paid or discharged.)

Family Law Attorney's Real Property Liens recorded against the Aaron Street Property and deliver the original Promissory Note to [Mohammed Nabil Rahsad]."[157]  On January 20, 2009, Dr. Rashad and J. Michael Kelly, acting on behalf of the Law Offices of Michael Kelly, executed a letter constituting an addendum to the August 2008 Settlement Agreement by which they ratified the terms thereof.[158]

As the Rashads attempted to forestall performance under the settlement agreement and evade satisfaction of their monetary obligations vis-à-vis Defendant-Creditor, Plaintiff-Debtor went through the machinations of moving the trial court to vacate the marital dissolution judgment entered after her abandonment of the proceedings, a litigation tactic the trial judge specifically found to have been "frivolous at best,"[159] and then filing an even less meritorious appeal of that determination.  In addition thereto, Dr. Rashad purported to initiate attorney-client fee arbitration proceedings under California's Mandatory Fee Arbitration Act[160] despite the fact that there was no live dispute over fees (since that had already been resolved via the August 2008 Settlement Agreement)[161] and he had

---

[157] *Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008, ¶ B.3, p. 2, l. 6-11 (emphasis added), attached as **Exhibit G** hereto and filed and served herewith.

[158] *Addendum Settlement and Conditional Mutual Release Dated August 16, 2008*, dated January 20, 2009, ("This letter serves to acknowledge and ratify the four-page Settlement and Conditional Mutual Release Agreement dated August 16, 2008.  Ratification unto its terms, conditions, content and agreement is hereby made by the signatories indicated below.  **This Settlement and Conditional Mutual Release Agreement is <u>completely confirmed and ratified</u>**.") (emphasis added), attached as **Exhibit I** hereto and filed and served herewith.

[159] *California Superior Court's Order After Hearing re Respondent Jane Rashad's Order to Show Cause to Vacate Default Judgment and Judgment on Reserved Issues (LASC Case No. BD 392 871)*, dated and filed April 13, 2009, ¶ 14, p. 5, l. 11-12 ("The Court further finds that the present motion [vacate the January 30, 2008 Judgment on Default Prove Up] **is frivolous at best**....") (emphasis added), attached as **Exhibit J** hereto and filed and served herewith.

[160] *CAL. BUS. & PROF. CODE §§ 6200-6206* (LexisNexis 2011) (requiring California attorneys to participate in low-cost arbitration of attorney-client fee disputes at client's discretion).

[161] *See, e.g., Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.*, 60 Cal. App. 4th (continued...)

already waived his ability to avail himself of that process.[162]  It was against this backdrop that, to safeguard his interests reflected by his security instruments, Defendant-Creditor moved to dismiss Dr. Rashad's arbitration petition and to intervene in Jane's appeal as well as within the family law matter at the trial level.

While at mediation ordered by the Second Appellate District of the California Court of Appeal, the Law Offices of Michael Kelly and the Rashads entered into the agreement that upon which Jane's novation claim is grounded.  Prior to the preparation of the formal 2009 Stipulation on which Plaintiff-Debtor hangs her hat, the Rashads and an attorney from the Law Offices of Michael Kelly drafted and executed a handwritten deal point memorandum in which the parties agreed that

---

[161] (...continued)
1053 (Ct. App. 1998) (settlement agreement entitled to *res judicata* and collateral estoppel on identical  issues between same parties).

[162] *CAL. BUS. & PROF. CODE § 6201(a)* ("the client's failure to request arbitration within 30 days after receipt of notice from the attorney shall be deemed a waiver of the client's right to arbitration under the provisions of" the MFAA); *Aguilar v. Lerner*, 32 Cal. 4th 974, 987-89 (2004) ("If the client fails to invoke his or her rights under the MFAA, such rights are waived entirely ... with no residual MFAA protections...."); *Saint Agnes Medical Center v. PacifiCare of California*, 31 Cal. 4th 1187, 1195 (2003) ("court may deny a petition to compel arbitration on the ground of waiver."); *Ervin, Cohen & Jessup, LLP v. Kassel*, 147 Cal. App. 4th 821, 827, 828-29 (Ct. App. 2007); *Law Offices of Dixon R. Howell v. Valley*, 129 Cal. App. 4th 1076, 1094-95 (Ct. App. 2005) ("The MFAA provides for *specific circumstances* under which a client who receives the required notice under section 6201(a) may waive its arbitration rights") (italics in original); *see, e.g., Platt Pacific, Inc. v. Andelson*, 6 Cal. 4th 307, 314–15 (1993) (where contractual arbitration agreement sets deadline for demanding arbitration, satisfying deadline is condition precedent to right to compel arbitration; though often referred to as a "waiver," failure to meet the deadline actually results in a forfeiture of the right to compel arbitration); *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 983 (1997) (party's failure to perform acts to be performed under the arbitration agreement may result in loss of right to arbitrate; health care provider's bad faith delay in selecting neutral arbitrator within time frame established under arbitration agreement, despite persistent efforts of claimant to expedite arbitration process, could be found to constitute waiver of right to arbitrate); *Sobremonte v. Superior Court (Bank of America Nat'l Tr. & Savs. Assn.)*, 61 Cal. App. 4th 980, 993 (Ct. App. 1998) ("If a party wishes to compel arbitration, [it] must take active and decided steps to secure that right." ).

"**Kelly will not release its liens until paid in full**."[163]  Additionally, the parties assented to the fact

that "**[u]pon full payment** by Dr. Rashad and Jane Rashad, Kelly shall reconvey all liens that he has

recorded against the California and Texas properties."[164]  Jane signed this agreement and placed her

initials next the first-quoted paragraph; **it is difficult to fathom a more clear manifestation of the**

**parties' intent NOT to extinguish the liens on Aaron Street**.[165]  This deal point memorandum

formed the basis and in fact constituted the stated prologue for the November 2009 Stipulation[166] on

which Plaintiff-Debtor relies to claim a novation.  In the November 2009 Stipulation, the Parties

recited and acknowledged the existence and presumably continued force and effect of the January

2008 Promissory Note,[167] the January 2008 Deed of Trust with Power of Sale/Family Law Attorney's

Real Property Lien on Aaron Street,[168] and the August 2008 Settlement Agreement.[169]  The

---

[163]  *Rashad Handwritten Mediation Settlement Agreement*, dated September 28, 2009, ¶ 5, p. 2 (emphasis added), attached as **Exhibit Q** hereto and filed and served herewith.

[164]  *Rashad Handwritten Mediation Settlement Agreement*, dated September 28, 2009, ¶ 8, p. 3 (emphasis added), attached as **Exhibit Q** hereto and filed and served herewith.

[165]  *Eluschuk v. Chemical Engineers Termite Control, Inc.*, 246 Cal. App. 2d 463, 468 (Ct. App. 1966) ("**The intention to discharge the old contract must be clearly indicated**.") (emphasis added).

[166]  *Rashad Handwritten Mediation Settlement Agreement*, dated September 28, 2009, ¶¶ 4, 6, p. 2 ("Kelly to prepare written stipulation on this settlement agreement...."; "this is a deal point memo requiring the stipulation in paragraph 4 to be drafted and signed."), attached as **Exhibit Q** hereto and filed and served herewith.

[167]  *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Recitals ¶ 3.g., p. 2, l. 22, 28, attached as **Exhibit T** hereto and filed and served herewith.

[168]  *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Recitals ¶ 3.g., p. 2, l. 22, 28, attached as **Exhibit T** hereto and filed and served herewith.

[169]  *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Recitals ¶ 4, pp. 2-3, l. 23-1, (continued...)

November 2009 Stipulation further provided that "Upon timely receipt of payment in full of all monies required to be paid by [Mohammed Nabil Rashad] and/or [Jane Rashad] to [the Law Offices of Michael Kelly] as set forth herein, [the Law Offices of Michael Kelly] shall [¶] ... [r]elease and reconvey all Family ....Law Attorney's Real Property Liens recorded in favor of [the Law Offices of Michael Kelly] against the Aaron Street Property ... [¶] ... [and] [w]ithdraw any and all Lis Pendens recorded against the Aaron Street Property ... [¶] ... [and] any real property [Mohammed Nabil Rashad] or [Jane Rashad] own or have an interest therein."[170]  It bears further pointing out that subsequent to the execution of the handwritten deal point memorandum and related November 2009 Stipulation, the Rashads submitted a stipulation in the marital dissolution proceeding trial court, purporting to "correct" the January 2008 property characterization and division judgment, wherein they acknowledged that, "Said modification does not circumvent the claims of the Law Offices of J. Michael Kelly, which are the subject of a separate stipulation and agreement reached through mediation in the Court of Appeal."[171]  Given this language, it is hard to fathom how Plaintiff-Debtor can claim that any of "the claims of the Law Offices of J. Michael Kelly" could be considered to have been novated, released, or in any manner extinguished.

The relevant settlement agreements did not expressly provide that Defendant-Creditor would postpone any enforcement process beyond the deadline provided whereby the Rashads were to secure

---

[169] (...continued)
attached as **Exhibit T** hereto and filed and served herewith.

[170] ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Stipulation and Order Thereon, ¶¶ 3.a., 3.f., 3.g.; p. 4, l. 25-28, p. 6, l. 11-13, attached as **Exhibit T** hereto and filed and served herewith.

[171] ***Stipulation between Mohammed Rashad and Jane Rashad to "Correct" Judgment and Order***, dated October 5, 2009 and filed February 4, 2010, p.1, l. 16-20, attached as **Exhibit X** hereto and filed and served herewith.

the refinance or reverse mortgage necessary to pay the agreed upon settlement amount.  Although the settlement agreements led to Kelly delaying his contemplated exercise of the Aaron Street trust deed's power of sale clause and execution of the judgments domesticated in Texas against the Maroneal property to permit the Rashads additional time to seek necessary financing to pay off their debts to Defendant-Creditor secured by the liens, Defendant-Creditor's provision of additional time to the Rashads to do so did not in any manner amount to a release, satisfaction of debt, or extinction of any cause of action or judgment.[172]

By the settlement agreements' very terms, they did nothing to alter Defendant-Creditor's nature as a secured creditor of Dr. Rashad.  Plaintiff-Debtor has even conceded that the November 2009 Stipulation provided the liens would not be released until timely receipt of payment in full,[173] a contingency that neither has been alleged in the Original Complaint nor ever occurred, thereby precluding as a matter of law Ms. Rashad's later assertion[174] of release.[175]  In purporting to address this rather formidable contractual obstacle to her increasingly torpid novation claim, Plaintiff-Debtor

[172] *Critz v. Farmers Ins. Group*, 230 Cal. App. 2d 788 (Ct. App. 1964); *Ivy v. Pacific Auto. Ins. Co.*, 156 Cal. App. 2d 652 (Ct. App. 1958)

[173] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 4, ¶ 18, attached as **Exhibit AA** hereto and filed and served herewith.

[174] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 6-7, ¶ 23, attached as **Exhibit AA** hereto and filed and served herewith.

[175] *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (court may not consider additional facts or legal theories in responsive brief inconsistent with those pleaded in complaint); *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) (while court must draw reasonable inferences in plaintiff's favor, it "should not draw inferences that while theoretically plausible are inconsistent with the pleadings"); *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) ("while notice pleading does not demand that a complaint expound the facts, a plaintiff who does so is bound by such exposition"); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed. Cir. 1998) (district court not required to accept as true allegations in amended complaint that, without any explanation, contradict earlier complaint; court may strike changed allegations as "false and sham" and dismiss complaint for failure to state claim); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-30 (9th Cir. 1981) (same, citing FRCP rule 11 as authority); *Nishimatsu Const.*, *supra*, 515 F.2d at 1206 (court may disregard allegations in complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint).

posits the preposterous "logical" leap that although the liens had not been released, there was no

agreement that they would continue to remain in full force and effect.[176]  Just because the standard

for review on a Rule 12(c) Motion for Judgment on the Pleadings  assumes that all general

allegations "embrace whatever specific facts might be necessary to support them,"[177] courts "are not

bound to accept as true a legal conclusion couched as a factual allegation,"[178] **nor do courts "accept**

**as true conclusory allegations, unwarranted factual inferences, or legal conclusions."**[179]

Plaintiff-Debtor proffers no factual allegations in support of her conclusory, non-sequitur

assertion, which finds no support under California state law and is in fact absurd.  Plaintiff-Debtor

cites no authority for the illogical proposition that a lien's status may occupy the amorphous middle-

ground between being in full force and effect or having been released or extinguished, and none

appears to exist under California state law, which provides the specific means by which a lien may

be extinguished.  For example, an obligation is extinguished by a good faith[180] and unconditional[181]

---

[176]  ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 4, ¶ 18, attached as **Exhibit AA** hereto and filed and served herewith.

[177]  ***Peloza v. Capistrano Unif. Sch. Dist.***, 37 F.3d 517, 521 (9th Cir. 1994).

[178]  ***Twombly***, ***supra***, 550 U.S. at 555 (internal quotes omitted); ***Iqbal***, ***supra***, 556 U.S. at ___, 129 S. Ct. at 1951 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

[179]  ***Plotkin***, ***supra***, 407 F.3d at 696 (emphasis added) ; *see also* ***Iqbal***, ***supra***, 556 U.S. at ___, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, **they must be supported by factual allegations**.") (emphasis added); ***Papasan v. Allain***, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[180]  ***Cal. Civ. Code § 1493*** (LexisNexis 2011) ("An offer of performance must be made in good faith and in such a manner as is most likely, under the circumstances, to benefit the creditor").

[181]  ***Cal. Civ. Code § 1494*** (LexisNexis 2011) ("An offer of performance must free from any conditions which the creditor is not bound, on his part, to perform"); ***Cal. Civ. Code § 1495*** (LexisNexis 2011) ("An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer.").

offer of full[182] payment or other performance.[183]  Thus, tender that is duly made in the full amount

of an obligation discharges the lien that has been given as collateral security for the obligation.[184]

A lien may also be extinguished by performance of the principal obligation secured by the

lien,[185] by merger of the lien and ownership of the property in a single person or entity,[186] by

satisfaction of the lien through the sale of the property for the full amount of the obligation owed to

the beneficiary,[187] by the lapse of time within which an action can be brought on the principal

obligation,[188] by the voluntary restoration of the property to its owner by the holder of a lien thereon

dependent on possession,[189] or by waiver[190] or subordination.[191]  "The partial performance of an act

---

[182] *CAL. CIV. CODE § 1486* (LexisNexis 2011) ("An offer of partial performance is of no effect" to extinguish an obligation).

[183] *CAL. CIV. CODE §§ 1485, 1504* (LexisNexis 2011) ("An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof"); *see also CAL. CIV. CODE § 2909* (LexisNexis 2011) (lien extinguishable in same manner as "any other accessory obligation").

[184] *Sondel v. Arnold*, 2 Cal. 2d 87, 89 (1934) (deed of trust); *see, e.g., CAL. PROB. CODE § 15407(a)(2)* (LexisNexis 2011) (trust terminates when trust purpose fulfilled).

[185] *CAL. CIV. CODE § 2909* (LexisNexis 2011).

[186] *Strike v. Trans-West Discount Corp.*, 92 Cal. App. 3d 735, 742-43 (Ct. App. 1979) (lien not extinguished by merger since trial court found title was retained in owner at all times); *Ralph C. Sutro Co. v. Paramount Plastering, Inc.*, 216 Cal. App. 2d 433, 438 (Ct. App. 1963).

[187] *CAL. CIV. CODE § 2910* (LexisNexis 2011) ("The sale of any property on which there is a lien, in satisfaction of the claim secured thereby,... extinguishes the lien."); *Duarte v. Lake Gregory Land and Water Co.*, 39 Cal. App. 3d 101, 104-05 (Ct. App. 1974).

[188] *CAL. CIV. CODE § 2911(1)* (LexisNexis 2011); *see, e.g., CAL. PROB. CODE § 15407(a)(1)* (LexisNexis 2011) (trust terminates when term of trust expires).

[189] *CAL. CIV. CODE § 2913* (LexisNexis 2011).

[190] *Islander Yachts, Inc. v. One Freeport 36-Foot Vessel, No. 145*, 173 Cal. App. 3d 1081, 1088 (Ct. App. 1985) (vessel manufacturer who constructed sailboat pursuant to customer's order through vessel dealer, and who, at the request of purchaser's lender, issued certificate stating manufacturer had transferred all its interest in vessel to dealer who sold vessel, was estopped from asserting lien against vessel); *Enfield v. Hoffman Motor Co.*, 117 Cal. App. 2d 800, 808 (Ct. App. 1953) (lienholder's refusal to deliver property based on ground inconsistent with lien constituted

(continued...)

secured by a lien does not extinguish the lien on any part of the property subject thereto, even if it is divisible."[192]  Plaintiff-Debtor provides no basis to support her allegation that the Aaron Street liens were no longer in force and effect as the November 2009 Stipulation did not expressly provide so given that the latter document specifically provided that the there would be no release of Defendant-Creditor's liens or reconveyance of the deed of trust on Aaron Street until "timely receipt of payment in full of all monies required to be paid by [the Rashads] to [the Law Offices of Michael Kelly]."[193]

Plaintiff-Debtor's Original Complaint fails to allege sufficient factual contentions to adequately establish any of the enumerated statutory grounds for extinguishing Defendant-Creditor's liens on the Aaron Street property.  Plaintiff-Debtor's analysis has it backwards in that there was no requirement for the agreement to state that the liens were still in force and effect, since in the absence of an affirmative agreement or other conduct manifesting an intent that they were extinguished, they clearly remained in force and effect as a matter of law.  Defendant-Creditor clearly and consistently manifested over the series of documents relating to the same debts and obligations that he had **no intent whatsoever to extinguish or release his liens against the Aaron Street Property**; there is absolutely no bases upon which Plaintiff-Debtor can truthfully and accurately contend otherwise.

---

[190]  (...continued) waiver of lien).

[191]  *Collins v. Home Sav. & Loan Ass'n*, 205 Cal. App. 2d 86, 95 (Ct. App. 1962); *CAL. PROB. CODE § 15407(a)(5)* (LexisNexis 2011) (trust terminates when trust is revoked); *CAL. PROB. CODE § 15404(a)* (LexisNexis 2011) (if settlor and all beneficiaries of trust consent, they may compel modification or termination of trust).

[192]  *CAL. CIV. CODE § 2912* (LexisNexis 2011).

[193]  *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Stipulation and Order Thereon, ¶ 3.a.; p. 4, l. 25-28, attached as **Exhibit T** hereto and filed and served herewith.

2.    **Parties' Conduct After Execution of November 2009 Stipulation with Respect to the Absence of the Reconveyance Required Under California State Law Upon Extinction of a Lien Clearly Reflects that There was no Party Intent to Extinguish the 2008 Promissory Note or the Deed of Trust with Power of Sale**

In ascertaining the parties' intent to consummate a novation, "Courts may also take into consideration the conduct of the parties...."[194]  Evidence of the contracting parties' conduct after executing the contract but before any controversy has arisen as to its effect affords the most reliable evidence of their intent.[195]  "This rule of practical construction is predicated on the common sense concept that 'actions speak louder than words.'  Words are frequently but an imperfect medium to convey thought and intention.  When the parties to a contract perform under [the contract] and demonstrate by their conduct that they knew what they were talking about[,] the courts should enforce that intent."[196]  "Where, therefore, the declarations of a party as to his intent are inconsistent with his acts, his conduct is of greater evidential value than his declarations."[197]

---

[194]  *Fanucchi*, *supra*, 414 F.3d  at 1082; *Silva v. Providence Hospital of Oakland*, 14 Cal. 2d 762, 773 (1939) (conduct may form the basis for a novation although there is no express writing or agreement); *Porter Pin Co. v. Sakin*, 112 Cal. App. 2d 760, 762 (Ct. App. 1952); *Murphy v. White*, 101 Cal. App. 719, 723 (Ct. App. 1929) (novation may be shown by the acts of the parties).

[195]  *Kennecott Corp. v. Union Oil Co.*, 196 Cal. App. 3d 1179, 1189-90 (Ct. App. 1987).

[196]  *Crestview Cemetery Ass'n v. Dieden*, 54 Cal.2d 744, 754 (1960); *Automobile Salesmen's Union v. Eastbay Motor Car Dealers, Inc.*, 10 Cal. App. 3d 419, 424 (Ct. App. 1970) (indicating parties' demonstration about what contract meant to them should prevail over ordinary meaning of the words used in contract).

[197]  *Estate of Lagersen*, 169 Cal. App. 2d 359, 366 (Ct. App. 1959); *People v. Zamudio*, 43 Cal. 4th 327, 351 fn.10 (2008) ("[E]vidence of a person's conduct out of court is not inadmissible under the hearsay rule expressed in *[Evidence Code] [s]ection 1200* unless that conduct is clearly assertive in character.  Nonassertive conduct is not hearsay. [¶] … [¶] Under the Evidence Code, nonassertive conduct is not regarded as hearsay for two reasons.  First, one of the principal reasons for the hearsay rule—to exclude declarations where the veracity of the declarant cannot be tested by cross-examination—does not apply because such conduct, being nonassertive, does not involve the veracity of the declarant.  Second, **there is frequently a guarantee of the trustworthiness of the inference to be drawn from such nonassertive conduct because the actor has based his actions on the correctness of his belief, *i.e.*, his actions speak louder than words.**" (*Assem. Com. on Judiciary, Rep. on Assem. Bill No. 333 (1965 Reg. Sess.) 1 Assem. J. (1965 Reg. Sess.) p. 1755*; (continued...)

a.      **Plaintiff-Debtor's Failure to Demand Reconveyance**

Under California state law, upon the satisfaction, extinguishment or termination of an

obligation secured by a mortgage-type lien, as the January 2008 Deed of Trust constitutes,[198] the

debtor is **entitled**[199] to a certificate of discharge[200] to clear the title of record.[201] "Within 30 calendar

---

[197] (...continued)
*see also **Sen. Com. on Judiciary, Rep. on Assem. Bill No. 333 (1965 Reg. Sess.) 2 Sen. J. (1965 Reg. Sess.) p. 1573*** [adopting comment in Assem. Com. on Judiciary Report].") (emphasis added); **Hunt**, **supra**, 25 Cal. App. 3d at 818 (" 'If the intent to abandon can be ascertained from the acts and conduct of the parties the same result will be attained.  Abandonment may be implied from surrounding facts and circumstances.' "), *quoting **Tucker v. Schumacher**, 90 Cal. App. 2d 71, 75 (Ct. App. 1949); **Fanucchi**, **supra**, 414 F.3d  at 1082.

[198]   ***Cal. Civ. Code § 2920(a)*** (LexisNexis 2011) ("A mortgage is a contract by which specific property ... is hypothecated for the performance of an act, without the necessity of a change of possession."); ***Bank of Italy Nat'l Trust & Sav. Ass'n v. Bentley***, 217 Cal. 644 (1933) (deeds of trust, except for passage of title for purpose of the trust, are practically and substantially only mortgages with power of sale); ***Snyder v. Western Loan & Bldg. Co.***, 1 Cal. 2d 697 (1934) (with exception that under trust deed title passes to trustee, characteristics and purposes of trust deed and mortgage are similar, and right to possession does not pass to the trustee or beneficiary under trust deed in absence of special agreement; and in determining the rights of the trustee or beneficiary to possession, the same rules must be applied as in case of a mortgagee, whose rights to possession, whether before or after default, are controlled by the agreement, or the consent of the mortgagor, express or implied); ***Domarad v. Fisher & Burke, Inc.***, 270 Cal. App. 2d 543 (Ct. App. 1969) (there is little practical difference between mortgages and deeds of trust; they perform same basic function, and deed of trust is practically and substantially only mortgage with power of sale); ***Cal. Civ. Code § 2932*** ("A power of sale may be conferred by a mortgage upon the mortgagee or any other person, to be exercised after a breach of the obligation for which the mortgage is a security.); ***Huene v. Cribb***, 9 Cal. App. 141 (Ct. App. 1908) (trust deeds ordinarily do, and mortgages may, confer power of sale).

[199]   ***Windt***, ***supra***, 152 Cal. at 354 (Section 2941 entitles trustor or mortgagor to obtain satisfaction of record when secured obligation discharged).

[200]   ***Cal. Civ. Code § 2939*** (LexisNexis 2011) ("A recorded mortgage must be discharged by a certificate signed by the mortgagee, his personal representatives or assigns, acknowledged or proved and certified as prescribed by the chapter on 'recording transfers,' stating that the mortgage has been paid, satisfied, or discharged.  Reference shall be made in said certificate to the book and page where the mortgage is recorded."); ***Cal. Civ. Code § 2940*** (LexisNexis 2011) ("A certificate of the discharge of a mortgage, and the proof or acknowledgment thereof, must be recorded in the office of the county recorder in which the mortgage is recorded."); ***Cal. Civ. Code § 2941(a)*** (LexisNexis 2011) ("Within 30 days after any mortgage has been satisfied, the mortgagee or the assignee of the mortgagee shall execute a certificate of the discharge thereof, as provided in Section 2939, and shall record or cause to be recorded in the office of the county recorder in which the
(continued...)

days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the

assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust,

request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to

be reconveyed, the deed of trust."[202]   "In lieu of delivering the original note and deed of trust to the

trustee within 30 days of loan satisfaction, as required by paragraph (1) of subdivision (b) [of

*California Civil Code* section 2941], a beneficiary who executes and delivers to the trustee a request

for a full reconveyance within 30 days of loan satisfaction may, within 120 days of loan satisfaction,

deliver the original note and deed of trust to either the trustee or trustor.  If the note and deed of trust

are delivered as provided in this paragraph, upon satisfaction of the note and deed of trust, the note

and deed of trust shall be altered to indicate that the obligation is paid in full."[203]

Thereafter, "[t]he trustee shall execute the full reconveyance and shall record or cause it to

be recorded in the office of the county recorder in which the deed of trust is recorded within 21

calendar days after receipt by the trustee of the original note, deed of trust, request for a full

---

[200]  (...continued)
mortgage is recorded.  The mortgagee shall then deliver, upon the written request of the mortgagor or the mortgagor's heirs, successors, or assignees, as the case may be, the original note and mortgage to the person making the request."); *Miller v. Hicken*, 92 Cal. 229 (1891) (written instrument duly executed, acknowledged and recorded, which acknowledges that mortgage therein described was fully paid, satisfied, and discharged, and which gave date of mortgage, name of parties to it, and date, place, book and page of its record, operated as full discharge of mortgage referred to, under prior statute, and release of its lien on all land embraced in it).

[201]  *Snider v. Basinger*, 61 Cal. App. 3d 819, 823 (Ct. App. 1976); *Burge v. Michael*, 213 Cal. App. 2d 780, 786 (Ct. App. 1963).

[202]  *Cal. Civ. Code § 2941(b)(1)* (LexisNexis 2011); *Huckell v. Matranga*, 99 Cal. App. 3d 471, 478-81 (Ct. App. 1979) (trustee entitled to demand delivery of original note before reconveying, and when note was not produced, trustee could require beneficiary to provide corporate surety bond to protect trustee from potential liability to holder of note); *see, e.g., Bartold v. Glendale Federal Bank*, 81 Cal. App. 4th 816, 832 (Ct. App. 2000) ("Legislature did not intend  to give a beneficiary a 'reasonable time' to execute the request for reconveyance," but instead contemplated more immediate action; decided prior to statutory amendment providing beneficiary with 30-day period to perform reconveyance and associated duties).

[203]  *Cal. Civ. Code § 2941(b)(8)* (LexisNexis 2011)

reconveyance, the fee that may be charged..., recorder's fees, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust."[204]  "The trustee shall deliver a copy of the reconveyance to the beneficiary...  The reconveyance instrument shall specify one of the following options for delivery of the instrument... [¶] (i) The trustor ..., and that person's last known address, as the person to whom the recorder will deliver the recorded instrument... [or] [¶]  (ii) That the recorder shall deliver the recorded instrument to the trustee's address. If the trustee's address is specified for delivery, the trustee shall mail the recorded instrument to the trustor or the successor in interest to the last known address for that party."[205]  "Following execution and recordation of the full reconveyance, upon receipt of a written request by the trustor or the trustor's heirs, successors, or assignees, the trustee shall then deliver, or caused to be delivered, the original note and deed of trust to the person making that request."[206]

"If the trustee has failed to execute and record, or cause to be recorded, the full reconveyance within 60 calendar days of satisfaction of the obligation, the beneficiary, upon receipt of a written request by the trustor or trustor's heirs, successor in interest, agent, or assignee, shall execute and acknowledge a document pursuant to [*California Civil Code*] Section 2934a substituting itself or another as trustee and issue a full reconveyance."[207]  "If a full reconveyance has not been executed and recorded pursuant to either paragraph (1) or paragraph (2) [of *California Civil Code* section 2941, subdivision (b)] within 75 calendar days of satisfaction of the obligation, then a title insurance company may prepare and record a release of the obligation.  However, at least 10 days prior to the issuance and recording of a full release pursuant to this paragraph, the title insurance company shall

---

[204]  *Cal. Civ. Code § 2941(b)(1)(A)* (LexisNexis 2011).

[205]  *Cal. Civ. Code § 2941(b)(1)(B)(i)&(ii)* (LexisNexis 2011).

[206]  *Cal. Civ. Code § 2941(b)(1)(C)* (LexisNexis 2011).

[207]  *Cal. Civ. Code § 2941(b)(2)* (LexisNexis 2011).

mail by first-class mail with postage prepaid, the intention to release the obligation to the trustee, trustor, and beneficiary of record, or their successor in interest of record, at the last known address."[208]  This release "shall be entitled to recordation and, when recorded, shall be deemed to be the equivalent of a reconveyance of a deed of trust."[209]

Thus, an entire statutory scheme is in place to ensure that upon the satisfaction, extinguishment, discharge or termination of an obligation secured by a deed of trust, the debtor will have the title to the collateralized property quickly cleared.  Defendant-Creditor would have a clear incentive to comply with his statutory obligations since " '[i]n its current form, under section 2941 lenders and trustees are subject to both civil and criminal penalties for failing to comply with the statutory deadlines for effecting reconveyances.' "[210]  "The violation of this section shall make the violator liable to the person affected by the violation for all damages which that person may sustain by reason of the violation, and shall require that the violator forfeit to that person the sum of five hundred dollars ($500)."[211]  In fact, any person who wilfully violates *California Civil Code* section 2941 is also guilty of a misdemeanor.[212]  Additionally, a beneficiary who refuses to comply with

---

[208] *Cal. Civ. Code § 2941(b)(3)* (LexisNexis 2011).

[209] *Cal. Civ. Code § 2941(b)(3)(B)* (LexisNexis 2011).

[210] *Bartold*, *supra*, 81 Cal. App. 4th at 822, *quoting Trustors Security Service v. Title Recon Tracking Service*, 49 Cal. App. 4th 592, 596-97 (Ct. App. 1996); *Dixon v. Grossman*, 22 Cal. App. 3d 941, 944 (Ct. App. 1972) ($500 payment is statutory penalty for wrongful withholding of reconveyance and may be recovered without proof of actual damages).

[211] *Cal. Civ. Code § 2941(d)* (LexisNexis 2011); *Pintor v. Ong*, 211 Cal. App. 3d 837, 841-42 (1989) (direct action based on violation of the statutory duty sounds in tort, and damages may be recovered for emotional distress).

[212] *Cal. Civ. Code § 2941.5* (LexisNexis 2011) ("Every person who willfully [*sic*] violates Section 2941 is guilty of a misdemeanor punishable by fine of not less than fifty dollars ($50) nor more than four hundred dollars ($400), or by imprisonment in the county jail for not to exceed six months, or by both such fine and imprisonment. [¶] For purposes of this section, 'willfully' [*sic*] means simply a purpose or willingness to commit the act, or make the omission referred to.  It does not require an intent to violate the law, to injure another, or to acquire any advantage."); *Vournas* (continued...)

statutory duties to clear title after satisfaction or extinguishment of the lien may be compelled to do so in a quiet title action.[213]

Yet despite Jane's claim that the Aaron Street property liens had been extinguished, inexplicably she does not allege in her Original Complaint that either she or Dr. Rashad ever availed themselves of the statutory remedies in a manner to reflect that purported understanding. In this respect, particularly problematic for Plaintiff-Debtor's assertion is that if the Rashads *truly* believed that the liens on Aaron Street had been novated, despite the aforementioned contractual provisions evincing the contrary, they would have insisted **in the immediate aftermath** of the November 2009 Stipulation's finalization that Kelly or the trustee execute the **statutorily-mandated reconveyance** of the January 2008 Deed of Trust and return the original copy of the January 2008 Promissory Note, circumstances Plaintiff-Debtor did not allege in her Original Complaint because they never occurred. Nor does Plaintiff-Debtor allege in her Original Complaint that she or Dr. Rashad ever initiated or prosecuted any action to quiet title of the Aaron Street property. The Rashads' "nonassertive conduct"[214] in failing to do so "speaks" volumes with respect to their appreciation of the continued full force and effect of the liens on the Aaron Street property, and thus the parties' true intent with respect that no novation had been consummated so as to extinguish the obligations secured by the January 2008 Deed of Trust.

---

[212] (...continued)
*v. Fidelity Nat. Tit. Ins. Co.*, 73 Cal. App. 4th 668, 677 (Ct. App. 1999) (wilful violation of Section 2941 subjects trustee to civil and criminal liability).

[213] *MacLeod v. Moran*, 153 Cal. 97, 100 (1908) (beneficiary or mortgagee that persists in refusing to carry out duty to clear title of record under California Civil Code § 2941 may be compelled to do so); *Dixon*, *supra*, 22 Cal. App. 3d at 943 (beneficiary may be compelled to effectuate reconveyance and clearing of title of record through trustor's or mortgagor's action to have title quieted, which may include cause of action for damages and statutory penalty).

[214] *Zamudio*, *supra*, 43 Cal. 4th at 351 fn.10, *quoting Assem. Com. on Judiciary, Rep. on Assem. Bill No. 333 (1965 Reg. Sess.) 1 Assem. J. (1965 Reg. Sess.) p. 1755.*

This irrefutable conclusion is further strengthened by virtue of the fact that the Rashads were well aware of their right to reconveyance; their son Omar[215] acted as the liaison between his parents and the Law Offices of Michael Kelly wherein such documents were sought and obtained on a conditional basis[216] during an unsuccessful refinance[217] of the Aaron Street property pursued as the

_____

[215]   Also known as Mark Rosetta, the purported pre-constable sale grantee for no consideration of the Maroneal property. *See **Bankruptcy Court's Mem. Op. Ruling on Motion of Garza Properties LLC d/b/a/ Garza Maldonado Properties LLC for Relief from Automatic Stay to Proceed with State Court Litigation***, dated and entered on May 9, 2011 (Docket No. 59, Adv. No. 10-03433), p. 2, l. 6-10; *see also* footnote 1 text, *supra*.

[216]   *See, e.g., **Krukow v. Silvius***, 105 Cal. App. 724 (Ct. App. 1930) (where one of defendants secured satisfaction of mortgage from bank which held it, without paying amount due, knowing that bank had no authority to do so, and, acting on such mistake, fraudulently filed it for record and had mortgage marked satisfied, and no innocent parties were involved, recordation availed him nothing).

[217]   Although perhaps outside the scope of the instant motion for judgment on the pleadings since it involves materials beyond the face of the complaint, referenced documents therein and permissible judicial notice, the refinance was specifically contemplated within the parties' agreement, and thus relevant and proper to the consideration of the instant motion with respect to the parties conduct consistent with their understanding of the terms and conditions of their agreement. ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Stipulation and Order Thereon, ¶ 2; p. 4, l. 22-24 ("it is anticipated that [the Rashads] will attempt to obtain a real property loan to fund the $289,000.00 or $350,000.00 payment as set forth herein. Attorney [Law Offices of Michael Kelly] shall, in good faith, cooperate with escrow to facilitate the closing of said real property loan."), attached as **Exhibit T** hereto and filed and served herewith; *see* text of footnote 56, *supra*, detailing applicable standard for converting Rule 12 motion to Rule 56 motion for summary judgment. Defendant-Creditor made clear his understanding, and thus intent, that the Aaron Street property liens were still in full force and effect, a state of affairs of which the Rashads were completely and contemporaneously apprised. In any case, Defendant-Creditor's demand for payment and instruction letter to the title company acting as the re-fi escrow agent made clear that the promissory note and deed of trust comprising the Aaron Street property lien were in full force and effect pending full payment of the attorney fee obligation undertaken by the Rashads. ***Demand Payoff Statement / Special Instructions from Michael Kelly of the Law Offices of Michael Kelly to Ticor Title Company of California***, dated October 8, 2009, preamble (authorizing Ticor to deliver enumerated lien-related documents to Plaintiff-Debtor to use and record on condition that Ticor has ability to hold and pay to Michael Kelly stated sums), ¶ 7 (original January 2008 $375,000 Promissory Note Secured by Deed of Trust), ¶¶ 8 & 9 (original January 2008 Deed of Trust (Short Form Deed of Trust and Assignment of Rents (Individual), recorded February 13, 2008, as Instrument 20080263507) and Full Reconveyance Thereof), ¶¶ 10-16 (execution of Acknowledgment and Full Satisfaction of Judgment form with respect to the judgments against Jane

(continued...)

_____

means to pay off the attorney fee obligation recognized under the various settlement agreements. It begs the question as to why the delivery of the necessary reconveyance documentation almost immediately after the execution of the November 2009 Stipulation would have been offered **only on the condition that the financial obligation be satisfied** in full if that Stipulation had served as a purported novation to thereby extinguish the Aaron Street property liens?  Unfortunately, Jane is no position, either by amended pleading, through discovery, or at trial to answer that question in a manner supportive of her claims herein.

b.      **Plaintiff-Debtor's Failure to Object to Lifting of Foreclosure Sale Stay on Any of Bases Raised in Her Complaint Reflects the Lack of Merit of Her Claims**

On April 21, 2009, Defendant-Creditor notified each of the Rashads' respective counsel that Defendant-Creditor had reinitiated foreclosure proceedings with respect to the Aaron Street property.[218]  Two weeks later, the Rashads prosecuted an *ex parte* order to show cause[219] seeking, *inter alia*, a stay of the pending Aaron Street foreclosure sale on basis of their concern that the property would sell at auction below its perceived fair market value.[220]  The trial court issued the requested stay conditioned on the Rashads retaining the services of a real estate broker within 21

---

[217]  (...continued)
Rashad), attached as **Exhibit S** hereto and filed and served herewith.

[218]  ***Correspondence from J. Michael Kelly, Esq., to Marshall W. Waller, Esq.***, dated April 21, 2009 ("In order to make the Voluntary Conference as transparent as possible, I want to inform Dr. Rashad and Jane Rashad that we have re-initiated foreclosure proceedings with Trustee Corps against the Aaron Street Property."), attached as **Exhibit K** hereto and filed and served herewith.

[219]  ***Jane Rashad's Ex Parte Order to Show Cause Seeking Stay of Enforcement***, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit M** hereto and filed and served herewith.

[220]  ***Jane Rashad's Ex Parte Order to Show Cause Seeking Stay of Enforcement***, "Jane Rashad's Declaration in Support Thereof," attached thereto and filed and served therewith, p. 1, ¶ 2  ("The sale of the property should be [*sic*] proceed by sale agent rather [*sic*] foreclosure"), dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit M** hereto and filed and served herewith.

days to list the property for sale and cooperating in all facets to facilitate that transaction.[221] Consistent with the Rashads' dilatory tactics of obfuscation and delay over the past almost three years, the trial court's orders were ignored so on November 20, 2009, *i.e.*, **after the parties had entered into the November 2009 Stipulation that Plaintiff-Debtor asserts novated, released and extinguished Defendant-Creditor's liens**, Defendant-Creditor moved the family law trial court to lift and release the stay.[222]  The Court granted Defendant-Creditor's motion and ordered the stay lifted, stating "Law Offices of Michael Kelly may, forthwith, proceed with the pending foreclosure sale (Trustee's Sale) of the Aaron Street Property...."[223]  The court's order became final and the Rashads never filed any appeal to challenge its propriety.[224]

In advance of the hearing on Defendant-Creditor's order to show cause to have the stay lifted, the Rashads were served with the *ex parte* paperwork, and Plaintiff-Debtor and Dr. Rashad were both present during the proceedings on Defendant-Creditor's motion.  At no point prior to or during the hearing on Defendant-Creditor's motion to lift and release the stay did Plaintiff-Debtor or Dr. Rashad oppose allowing the Aaron Street foreclosure sale from going forward nor did they ever

---

[221] ***California Superior Court's Order After Hearing on the Court's Order to Show Cause of May 4, 2009***, p. 3, ¶ 6; p. 4, ¶ 8, dated and filed in LASC Case No. BD392871 on July 1, 2009, attached as **Exhibit GG** hereto and filed and served herewith; ***California Superior Court's Minute Order Temporarily Granting Jane Rashad's Ex Parte Order to Show Cause to Stay Enforcement and Sales of Aaron Street and Maroneal Properties***, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit N** hereto and filed and served herewith.

[222] ***J. Michael Kelly's Ex Parte Application to Lift and Release Stay of Enforcement***, dated November 19, 2009 and filed in LASC Case No. BD392871 on November 20, 2009, attached as **Exhibit U** hereto and filed and served herewith.

[223] ***Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009***, dated, entered and filed in LASC Case No. BD392871 on November 20, 2009, p, 2, l. 20-22, attached as **Exhibit V** hereto and filed and served herewith.

[224] *See, e.g.,* ***In re Farrell***, 27 B.R. 241 (Bankr. E.D. N.Y. 1982) (Bankruptcy court by virtue of 28 U.S.C. § 1738 is to give full faith and credit to prior final state court judgment in same manner as would court in that state pursuant to full faith and credit clause of United States Constitution; state court proceedings foreclosing mortgage are *res judicata* as to debtor's defenses to mortgagee's objection to confirmation of chapter 13 plan).

assert that Defendant-Creditor's power of sale under the deed of trust had been novated, released or in any other manner extinguished by virtue of the parties entering the November 2009 Stipulation only a few weeks prior.  Given the extremely serious nature of the relief sought by Defendant-Creditor, *i.e.*, to sell Dr. Rashad's one-half interest in Aaron Street in satisfaction of the promissory note to secure attorneys' fees, one would assume that if the Rashads had truly believed the November 2009 Stipulation reflected the parties' purported intent to novate, release and extinguish the Aaron Street property liens, they would have spoken up to that effect at the most opportune of times, *i.e.*, in the almost immediate aftermath of the execution and subsequent entry of the agreement manifested by the November 2009 Stipulation.  By failing to do so, the Rashads have established beyond question the lack of the alleged intent to novate, release and/or extinguish the liens,[225] as well as that the allegations thereof contained within the Original Complaint were contrived well after the fact as a further desperate dilatory act in an attempt to improperly frustrate Defendant-Creditor from obtaining payment and satisfaction of the fees he rightly and legitimately earned.

---

[225]  *See **R. D. Reeder Lathing Co. v. Allen***, 66 Cal. 2d 373 (1967) (where party to contract had a duty to speak, silence supported inference of guile so that estoppel may apply); ***Lucas v. Board of Trustees***, 18 Cal. App. 3d 988 (Ct. App. 1971) (when one is under duty to speak, and has opportunity to do so, knowing circumstances require it, an estoppel may arise from his silence); ***Elliano v. Assurance Co. of Am.***, 3 Cal. App. 3d 446 (Ct. App. 1970) (an estoppel may arise from silence as well as from words or conduct; but this is only where there is a duty to speak and the party on whom duty rests has opportunity to speak and, knowing the circumstances requiring him to speak, remains silent); *see, e.g.*, **CAL. EVID. CODE § 1221** (LexisNexis 2011) (adoptive admission); ***In re Estate of Neilson***, 57 Cal.2d 733, 746 (1962) (with respect to an adoptive admission, "[w]hen a person makes a statement in the presence of a party to an action under circumstances that would normally call for a response if the statement were untrue, the statement is admissible for the limited purpose of showing the party's reaction to it.  **His silence, evasion, or equivocation may be considered as a tacit admission of the statements made in his presence**") (emphasis added); ***Judicial Council of California Civil Jury Instructions (CACI) No. 214, Evidence–Admissions by Silence*** (2003); *see also CACI No. 213, Evidence–Adoptive Admissions*; *See* **CAL. EVID. CODE § 780(h)** (LexisNexis 2011) (in determining witness credibility, court may consider his statements inconsistent with his hearing testimony); ***People v. Lewis***, 180 Cal. App. 3d 816 (Ct. App. 1986) (silence can be inconsistent statement within meaning of Section 780).

### c. The Rashads' Lack of Disclosure or Notice in Secretly Preparing and Submitting the "Corrected" Judgment and Transferring Dr. Rashad's Aaron Street Property Interest to Plaintiff-Debtor Reflect Fraudulent Intent as Opposed to an Understanding of Novation, Release or Extinction of the Aaron Street Liens

It bears pointing out that while purporting to negotiate the November 2009 Stipulation, the Rashads never disclosed to Defendant-Creditor that they were in the process of preparing and submitting their "Corrected" Judgment. The "Corrected" Judgment was never served on Defendant-Creditor, despite its attempt to impact the title, and thus continued viability of Kelly's attorneys' fees liens. It begs the question with respect to why the Rashads would go about such significant machinations in their case secretly if the parties indeed had openly and honestly intended to extinguish the Rashads' financial obligations to Defendant-Creditor through the alleged novation. The Court should infer that the Rashads' stealth under the circumstances manifested their guile, necessary only because of the parties' clear understanding that Defendant-Creditor's Aaron Street property security instruments were still in full force and effect.

### D. Plaintiff-Debtor Fails to Allege a Valid Contract to Substitute for the Previous Settlement Agreement, Thereby Vitiating Her Novation Claim

As noted above, " 'Novation is the substitution of a new obligation for an existing one.' "[226] "A novation ... amounts to a new contract which supplants the original agreement and 'completely *extinguishes* the original obligation....' "[227] Plaintiff-Debtor's novation claim faces the additional hurdle of her inability to allege the existence of a valid contract to supplant the August 2008 Settlement Agreement and Aaron Street property security instruments in place since " '[a]n essential

---

[226] *Airs Int'l v. Perfect Scents*, *supra*, 902 F. Supp. at 1147, *quoting Wells Fargo*, *supra*, 32 Cal. App. 4th at 431, *in turn quoting CAL. CIV. CODE § 1530*.

[227] *Airs Int'l v. Perfect Scents*, *supra*, 902 F. Supp. at 1147, *quoting Wells Fargo*, *supra*, 32 Cal. App. 4th at 431, *in turn quoting* 1 B.E. Witkin, *Summ. Cal. Law*, Contracts, § 906 (9th ed. 1997), p. 811 (italics in Witkin's); *Beckwith*, *supra*, 165 Cal. at 323.

element of a novation is the validity of [a] new contract.' "[228] "If the new contract is invalid, there is no novation and the parties' previous obligations are not extinguished."[229]  In the instant matter, Plaintiff-Debtor has not properly pled the November 2009 Stipulation as a valid new contract to substitute for the Rashads' obligations under the January 2008 Promissory Note and accompanying Deed of Trust, the August 2008 Settlement Agreement and the various attorneys' fees and sanctions judgments and orders entered against Jane in light of the absence of any new contract executed personally by Defendant-Creditor, the irrevocability of the August 2008 Settlement Agreement, that the November 2009 Stipulation was procured by the Rashads' fraud, and the November 2009 Stipulation was filed and purportedly entered by the family law trial court at a time when there was an appellate stay in place precluding the entry of any valid orders in the case.

1. **The January 2008 Promissory Note Could Only be Modified or Extinguished by Subsequent Written Agreement Executed by Defendant-Creditor, a Fact Plaintiff-Debtor Fails to Allege and that in Fact Never Occurred**

Initially, it bears pointing out that despite the fact that the January 2008 Promissory Note secured by the Deed of Trust on the Aaron Street Property was entered into to secure professional legal fees and costs incurred by Dr. Rashad with the Law Offices of Michael Kelly, Esq., A.P.C., over the course of the latter's representation of the former during his marital dissolution proceedings, the January 2008 Promissory Note was executed in Defendant-Creditor's **personal capacity**, *i.e.,*

---

[228] ***Airs Int'l v. Perfect Scents***, *supra*, 902 F. Supp. at 1148, *quoting* 1 B.E. Witkin, **Summ. Cal. Law**, Contracts, § 907 (9th ed. 1997), p. 812; ***Pearsall v. Henry***, 153 Cal. 314, 317 (1908); ***Adler v. Friedman***, 16 Cal. 138, 140 (1860) ("the new agreement must be valid in itself"); ***Young***, *supra*, 21 Cal. App. at 384; ***RESTATEMENT (SECOND) OF CONTRACTS § 279*** (1981), Comment b; 1 B.E. Witkin, **Summ. Cal. Law**, Contracts, § 962(a)(3) (Discharge-Novation-Requisites-Validity of New Contract) (10th ed. 2005), pp. 1053-54.

[229] ***Airs Int'l v. Perfect Scents***, *supra*, 902 F. Supp. at 1148-49.

separate and apart from his professional law corporate entity.[230]   Additionally, Defendant-Creditor

was the named in his individual capacity as the grantee within the Deed of Trust with the power of

sale on the Aaron Street Property, executed to secure the monetary obligation encompassed within

the January 2008 Promissory Note.   Furthermore, the January 2008 Promissory Note specifically

provided that "This Promissory Note may be amended or modified only by way of written agreement

duly executed by MOHAMMED NABIL RASHAD and J. Michael Kelly."[231]

Yet none of the subsequent agreements or other documents relied upon by Plaintiff-Debtor

for the asserted novation were "duly executed by ... J. Michael Kelly"[232] in his individual capacity;

the November 2009 Stipulation was actually signed by Steven Fernandez, Esq., an attorney within

and signing on behalf of Defendant-Creditor's law firm.[233]   Since a novation requires a valid new

contract,[234] it is a dubious proposition that the November 2009 Stipulation could be enforced against

---

[230]   *Corporate Business Entity Detail Profile Page from California Secretary of State Business Portal Website*, downloaded from http://kepler.sos.gov/cbs.aspx on May 3, 2011 (reflecting corporate nature of Michael Kelly, Esq. A Professional Corporation, also known as the Law Offices of Michael Kelly, as of December 14, 2004), attached as **Exhibit CC** hereto and filed and served herewith.

[231]   *$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly Secured by Deed of Trust*, dated January 16, 2008 (all caps emphasis in original), attached as **Exhibit E** hereto and filed and served herewith.

[232]   *Ibid.*

[233]   *Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly*, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, p. 10, l. 10-11, attached as **Exhibit T** hereto and filed and served herewith; *see also Bankruptcy Court's Mem. Op. Ruling on Defendant-Creditor J. Michael Kelly's Mot. for Mandatory Abstention, etc.*, dated and filed December 2, 2010 (Docket No. 18, Adv. No. 10-03362), p. 4, ¶ 3 (making finding that lawyer from Kelly firm signed settlement agreement); *Reporter's Transcript of Evidentiary Hearing on Motion for Relief from Stay*, April 19, 2011 (Docket No. 64, Adv. No. 10-03433), p. 15, l. 8-13 (Jane Rashad's in-court testimony that November 2009 Stipulation was executed by Steven Fernandez, Esq., from the Law Offices of Michael Kelly).

[234]   *Airs Int'l*, *supra*, 902 F. Supp. at 1148; *U.S. Gypsum*, *supra*, 139 Cal. App. at 733; *Calif. Canning Peach Growers*, *supra*, 76 Cal. App. at 18; *Young*, *supra*, 21 Cal. App. at 385

– 57 –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

Michael Kelly in his personal capacity when he was not an individual signatory to that agreement, especially given that Plaintiff-Debtor's Original Complaint does not properly allege or establish any assignment by Michael Kelly, the individual, of any of his rights and interests under the 2008 Promissory Note and Deed of Trust to the Law Offices of Michael Kelly, the corporate entity, nor of any intent by Michael Kelly, the individual, to substitute the Law Offices of Michael Kelly as Dr. Rashad's creditor.[235]

> **2.     August 2008 Settlement Agreement was Irrevocable and Therefore Not Subject to an Implied Modification, Rescission, Termination, Extinguishment or Novation**

Moreover, the August 2008 Settlement Agreement between Dr. Rashad and the Law Offices of Michael Kelly resolving their $524,962.02 attorney fee dispute that was purportedly novated by the November 2009 Stipulation was not modifiable nor could it be rescinded in light of the fact that it expressly provided that "All terms and conditions of this Agreement shall be deemed **irrevocable** by either Party and enforceable against both [Mohammed Nabil Rashad] and [the Law Offices of Michael Kelly] upon the execution of this Agreement by both [Mohammed Nabil Rashad] and [the Law Offices of Michael Kelly]."[236]

"Irrevocable" means "**committed beyond recall**."[237]   In light thereof, not surprisingly,

---

[235] *CAL. CIV. CODE § 1531(3)* (LexisNexis 2011).

[236] *Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008, ¶ B.4, p. 2, l. 12-14 (emphasis added), attached as **Exhibit G** hereto and filed and served herewith; *see, e.g.,* *CAL. PROB. CODE § 15400* (LexisNexis 2011) ("Unless a trust is expressly made irrevocable by the trust instrument, the trust is revocable by the settlor").

[237] *BLACK'S LAW DICT. 835*, col. 1 (Deluxe 7th ed. 1999); *Webster's New World Dict. 756*, col. 1 (4th college ed. 2005) ("irrevocable" defined as "cannot be revoked, recalled, or undone; unalterable"); *see, e.g.,* *In re Marriage of Kilkenny*, 96 Cal. App. 3d 617, 620 (Ct. App. 1979) (provision making marital settlement agreement binding "regardless of court approval," or a clause making the agreement "absolute, unconditional and irrevocable," forecloses modification of spousal support); *see, e.g.,* *CAL. COM. CODE § 10407(b)(2)* (LexisNexis 2011) (in case of non-consumer (continued...)

---

Plaintiff-Debtor does not allege (nor can she truthfully do so) within her Original Complaint that the August 2008 Settlement Agreement contains any provision permitting or detailing the logistics to consummate its subsequent revision, amendment, modification, alteration, termination, novation, revocation, or rescission, nor was there any reservation of Dr. Rashad's right to withdraw his assent embodied therein.[238]  It is axiomatic that an irrevocable agreement, *by definition*, cannot be revoked, rescinded, modified, altered, terminated, extinguished or novated save upon such grounds as exist at law or in equity applicable to any contract; Plaintiff-Debtor's Original Complaint thus fails to address how the November 2009 Stipulation acted to novate, or in effect effectuate extinguish, a previous obligation that was itself irrevocable, or how the parties intended to accomplish this rather difficult and complicated task.

### 3.  The November 2009 Stipulation was Void *Ab Initio* as Having Been Procured by the Rashads' Fraud and Material Omissions

"On the other hand, the substituted contract may itself be voidable for fraud ... or other reasons; and if the power of avoidance is exercised, the avoided contract is nullified ... as a discharge.  The prior [contract] then becomes again enforceable."[239]  Although Defendant-Creditor

---

[237]  (...continued)
finance lease, "[a] promise that has become irrevocable ...[¶] [i]s not subject to cancellation, termination, modification, repudiation, excuse, or substitution **without the consent of the party to whom the promise runs**") (emphasis added); *see, e.g.,* **CAL. FAM. CODE § 8815** (LexisNexis 2011) (once consent to adopt becomes permanent after 30 days under Section 8814.5, consent is irrevocable and "**may not be withdrawn**") (emphasis added); *see e.g.,* **CAL. FAM. CODE § 8814.5(a)(2)(c)** (LexisNexis 2011) (waiver of right to revoke adoption consent form template states consent will become "permanent and irrevocable").

[238]  *See, e.g., **1995 Official Comm. on U.C.C., foll. CAL. COMM. CODE § 5106*** (LexisNexis 2010), ¶ 1 ("This section adopts the position taken by several courts, namely that letters of credit that are **silent as to revocability are <u>irrevocable</u>**. *See, e.g., **Weyerhaeuser Co. v. First Nat. Bank***, 27 U.C.C. R..Serv. 777 (S.D. Iowa 1979); ***West Va. Hous. Dev. Fund v. Sroka***, 415 F. Supp. 1107 (W.D. Pa.1976).") (emphasis added).

[239]  ***Airs Int'l****, supra*, 902 F. Supp. at 1148 ; ***Beckwith****, supra*, 165 Cal. at 324 (the question "whether a novation has taken place" may be stated "in other words, whether the new contract was
(continued...)

is limited within the context of the instant motion for judgment on the pleadings, as noted above, he contends that the November 2009 Stipulation cannot constitute a valid substitute contract for the August 2008 Settlement Agreement, Aaron Street property security instruments, or the judgments against Plaintiff-Debtor so as to novate them.

Quite simply, if the Rashads were only interested to confirming the Aaron Street property to Jane, they merely needed to execute an interspousal transfer deed between themselves, as they did in October 2009. Instead, they sought to have the January 2008 Judgment "corrected" *nunc pro tunc* via their "Corrected" Judgment so that the attorneys' fees judgment and orders against Jane would be indirectly vacated as well as that Kelly's liens against the Aaron Street property would be voided by virtue of eliminating Dr. Rashad's interest in the property that Defendant-Creditor's security instruments had encumbered. Indisputably, Defendant-Creditor would not have entered into the November 2009 Stipulation with the Rashads had he been apprised at that time of the undisclosed maneuverings the Rashads were engaging in to vitiate the validity of his liens. The fact that the Rashads were undertaking such material and significant conduct concurrent with the negotiation of the November 2009 Stipulation, and were doing so in secret, without informing Defendant-Creditor or providing him with any notice of their intention to submit the "Corrected" Judgment speaks volumes with respect to the Rashads' fraudulent intent in procuring Kelly's assent to the November 2009 Stipulation. This Court, sitting in equity, cannot lend credence to such blatant misconduct so that the November 2009 Stipulation's fraudulent procurement precludes Plaintiff-Debtor from relying upon it to establish her claim of novation.[240]

---

[239] (...continued)
entered into without fraud.").

[240] *See, e.g., Archer v. Warner*, 538 U.S. 314, 323 (2003) (describing settlement agreement and releases as a "kind of novation" which do not bar claim that settlement debt arose out of false pretenses, false representation or actual fraud).

4.    **The Marital Dissolution Trial Court was Without Jurisdiction to Enter the November 2009 Stipulation Due to an Appellate Stay in Place as a Result of Plaintiff-Debtor's June 56, 2009 Filing of Her Notice of Appeal**

The marital dissolution matter judgment was entered January 30, 2008[241]; Jane filed a motion to vacate the default judgment as well as the attorneys' fees and sanctions orders and judgments on November 13, 2008.  On April 13, 2009, the trial court entered the order after hearing denying Jane's meritless motion[242] and on June 5, 2009, Plaintiff-Debtor filed her Notice of Appeal purporting to challenge the trial court's order denying her motion to vacate.[243]  Thereafter, and **while her appeal was still pending**, the November 2009 Stipulation was submitted and entered by the trial court. Jane's appeal was not dismissed until April 5, 2010 due to her failure to file her opening brief.[244]

"The perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of

---

[241]    *Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008, attached as **Exhibit C** hereto and filed and served herewith.

[242]    *California Superior Court's Order After Hearing re Respondent Jane Rashad's Order to Show Cause to Vacate Default Judgment and Judgment on Reserved Issues (LASC Case No. BD 392 871)*, dated and filed April 13, 2009, ¶ 14, p. 5, l. 11-12 ("The Court further finds that the present motion [vacate the January 30, 2008 Judgment on Default Prove Up] **is frivolous at best**....") (emphasis added), attached as **Exhibit J** hereto and filed and served herewith.

[243]    *Jane's Rashad's Notice of Appeal*, dated and filed June 5, 2009 in LASC Case No. BD392871, attached as **Exhibit P** hereto and filed and served herewith.

[244]    *California Court of Appeal Order Dismissing Jane Rashad's Appeal of Judgment in LASC Case No. BD 392 871*, filed in California Appellate Case No. B217020 April 5, 2010, attached as **Exhibit DD** hereto and filed and served herewith; *California Court of Appeal Remittitur*, filed in California Appellate Case No. B217020 June 10, 2010 (reflecting that April 5, 2010 dismissal order had become final and transferring case, as well as jurisdiction to proceed, back to marital dissolution trial court), attached as **Exhibit EE** hereto and filed and served herewith.  *See, e.g., People v. Sonoqui*, 1 Cal. 2d 364, 367 (1934) (reversing judgment of conviction because trial occurred before the remittitur issued).

the judgment or order...."[245]   "[The trial court's] judgment, however erroneous it may be, purported to determine the case.  The aforesaid appeals taken therefrom **suspended all power of the court below to proceed**..."[246]  "A trial court has no authority to modify, correct, vacate or set aside its judgments pending an appeal therefrom to a reviewing court.  The appeal has the effect of removing from the jurisdiction of the trial court the matters affected by the judgment, together with the validity thereof. [Citations.]   The trial court, therefore, had no authority or jurisdiction to set aside the judgment in the present case, for the reason that the cause was not pending before that court at the time the motion was made."[247]

"[S]ection 916 necessarily renders any subsequent trial court proceedings on matters 'embraced' in or 'affected' by the appeal **<u>void</u>**–and not merely voidable.  A contrary conclusion would allow the trial court to render an appeal futile."[248]  Plaintiff-Debtor and Defendant-Creditor were thus barred from entering into any settlement agreement within trial court jurisdiction due to the fact that Plaintiff-Debtor filed a Notice of Appeal on June 5, 2009,[249] which stayed any proceedings within the trial court.[250]  Specifically, the trial court had no authority to render an order on the Stipulation and Order regarding the settlement of attorney fees filed November 13, 2009 or the Stipulation and Order to correct judgment filed February 4, 2010, pending the Appellate Court's

---

[245]   *CAL. CODE CIV. PROC. § 916(a)*.

[246]   *Kinard v. Jordan*, 175 Cal. 13, 15 (1917); *Field v. Hughes*, 134 Cal. App. 325 (Ct. App. 1933).

[247]   *Field*, *supra*, 134 Cal. App. at 327.

[248]   *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 198 (2005) (emphasis added); *Sanai v. Saltz*, 170 Cal. App. 4th 746, 757 (Ct. App. 2009).

[249]   *Jane's Rashad's Notice of Appeal*, dated and filed June 5, 2009 in LASC Case No. BD392871, attached as **Exhibit P** hereto and filed and served herewith.

[250]   The purpose of the automatic stay under section 916 is to preserve "the status quo until the appeal is decided," *Elsea v. Saberi*, 4 Cal. App. 4th 625, 629 (Ct. App. 1992), by maintaining "the rights of the parties in the same condition they were before the order was made."  *Wolcott v. Hudner*, 67 Cal. App. 704, 707 (Ct. App. 1924)

rendering of a ruling, as discussed in further detail below.

Since the trial court lacked fundamental subject matter jurisdiction over the Rashads' dissolution matter while the appeal was pending,[251] the November 2009 Stipulation could not be entered as an order of the court and therefore is null and void, of no effect and certainly not capable of reliance upon by Plaintiff-Debtor in order to extinguish her and Dr. Rashad's obligations under the  attorneys' fees and sanctions order and judgments subject of the pending appeal, the earlier settlement agreements and security instruments against the Aaron Street property.  "The loss of jurisdiction is so complete that **even the consent of the parties is ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal**."[252]

Jane also faces the additional procedural hurdle that she was in default when the January 2008 Judgment was entered.  She never cured this state of affairs by seeking to have her default set aside, not even when she moved to vacate the default judgment.  She was therefore not an "active" party to the litigation and lacked the standing to submit any pleadings to the court, let alone a stipulation consenting to a court order, until she had cured her default.

### E.    Plaintiff-Debtor's Allegation of Release is Insufficient to Survive Beyond the Pleading Stage

#### 1.    Introduction

A release is the abandonment, relinquishment, or giving up of a right or claim to the person against whom it might have been demanded or enforced.[253]  "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with

---

[251] *Varian Medical Systems*, *supra*, 35 Cal. 4th at 196-98, and cases collected at 35 Cal. 4th at 197 n.9.

[252] *Lerner v. Superior Court (Lerner)*, 38 Cal.2d 676, 680 (1952) (emphasis added).

[253] *Pellett v. Sonotone Corp.*, 26 Cal. 2d 705, 711 (1945); *In re Mission Ins. Co.*, 41 Cal. App. 4th 828, 838 (Ct. App. 1995).

or without new consideration."[254]  Given that consideration is not required for a written release under the governing statute,[255] it is curious as to why Plaintiff-Debtor bothers with her strained and factually inaccurate allegation of new consideration.[256]  The writing must **expressly show the intent to extinguish the obligation**.[257]  Plaintiff-Debtor has failed to adequately allege that the parties intended to effectuate a release of the Aaron Street property liens so that she fails to sufficiently substantiate her claim of release.

<blockquote>
**2.      Plaintiff-Debtor Has Not Properly Pled Release Since She
Fails to Actually Allege that the Parties Ever Entered
into Any Release Agreement**
</blockquote>

Plaintiff-Debtor alleges that "The Stipulation recited that the parties **would** execute a general release.  Therefore, the obligation of Dr. Rashad under the promissory note and deed of trust dated January 16, 2008."[258]  Plaintiff-Debtor does not ever allege that parties ever actually did enter into or execute the contemplated general release.  It simply does not follow that merely because the parties purportedly agreed to execute a release, at some point in the future and upon the full performance of some specific contingencies,[259] that the release was actually entered into when

---

[254] *CAL. CIV. CODE § 1541* (LexisNexis 2011); *Cohn v. Bugas*, 42 Cal. App. 3d 381, 390 (Ct. App. 1974); *RESTATEMENT (SECOND) OF CONTRACTS § 284* (1981); 1 B.E. Witkin, *Summ. Cal. Law*, Contracts § 946(1) (10th ed. 2005).

[255] *CAL. CIV. CODE § 1541* (LexisNexis 2011); *Weddle v. Heath*, 211 Cal. 445 (1931) (release in writing is valid without reference to consideration).

[256] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 6, ¶ 23 (emphasis added), attached as **Exhibit AA** hereto and filed and served herewith.

[257] *Golden West Credit & Adjustment Co. v. Wilson*, 119 Cal. App. 627, 636 (Ct. App. 1932).

[258] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 6-7, ¶ 23 (emphasis added), attached as **Exhibit AA** hereto and filed and served herewith.

[259] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 4, ¶ 18 ("The Stipulation provided that **upon timely receipt of payment in full**, Kelly would release all of the liens that he had filed against either plaintiff or Dr. Rashad.") (emphasis (continued...)

Plaintiff-Debtor's Original Complaint is silent as to further allegations that those conditions precedent occurred[260] or that the parties actually ever executed the release[261]; Plaintiff-Debtor's nonsensical release claim skips several essential steps to reach its apparent conclusion, omissions that are fatal to its assertion.

### 3. Plaintiff-Debtor's Claim of Release is Contradicted by the Clear Terms of the Relevant Settlement Documents as well as Allegations within Her Own Complaint

Notwithstanding Plaintiff-Debtor's "creative" arguments formulated in her Original Complaint, the Court should construe the language of the relevant documents on their face since Jane does not at all allege that the provisions therein were vague, ambiguous or subject to interpretation.[262] The string of relevant security instruments and settlement documents indisputably establish that any purported release of Defendant-Creditor's liens against the Rashads and secured by the Aaron Street property was specifically contingent on the condition precedent of the Rashads' full satisfaction of the $350,000 obligation, to wit:

- The August 2008 Settlement Agreement between Dr. Rashad and Law Offices of Michael Kelly provided that "**Upon full satisfaction of all the terms and provision [sic] of this Agreement, including full payment of the Three Hundred Fifty Thousand Dollars ($350,000.00)** plus interest, required to be made by [Mohammed

---

[259] (...continued)
added), attached as **Exhibit AA** hereto and filed and served herewith.

[260] *See, e.g., Cox v. Miller*, 15 Cal. App. 2d 494 (Ct. App. 1936) (where parties made written agreement that defendant, upon doing certain acts, was to be entirely released from any obligation under contract, and it is conceded that defendant fully performed that agreement, defendant is thereby released from all obligations under contract).

[261] *See, e.g., Clark v. Child*, 66 Cal. 87 (1884) (where defendant sets forth in his answer written release as bar to the plaintiff's action, and introduces evidence showing that **such release was never delivered**, he is estopped to claim benefit of admission arising out of plaintiff's failure to deny genuineness and due execution of judgment).

[262] *Beck*, *supra*, 211 Cal. App. 3d at 1561-62.

Nabil Rashad] to [the Law Offices of Michael Kelly]..., [the Law Offices of Michael Kelly] shall release and reconvey the Family Law Attorney's Real Property Liens recorded against the Aaron Street Property and deliver the original Promissory Note to [Mohammed Nabil Rahsad]."[263]

- The August 2008 Settlement Agreement between Dr. Rashad and Law Offices of Michael Kelly further provided that the Conditional Mutual Release took effect only "**Upon full compliance by the Parties with all of the terms and conditions of this Agreement** by the last of the Parties required by this Agreement to perform under this Agreement, [the parties] ... release one another...."[264]

- The September 2009 Handwritten Deal Point Memorandum provided that "Mutual releases between and among Kelly on the one hand and Dr. Rashad and Jane Rashad on the other hand **after full compliance if all terms of settlement**."[265]

- The November 2009 Stipulation provided that "**Upon timely receipt of payment in full of all monies required to be paid by [Mohammed Nabil Rashad] and/or [Jane Rashad] to [the Law Offices of Michael Kelly] as set forth herein**, [the Law Offices of Michael Kelly] shall [¶] ... [r]elease and reconvey all Family ....Law Attorney's Real Property Liens recorded in favor of [the Law Offices of Michael Kelly] against the Aaron Street Property ... [¶] ... [and] [w]ithdraw any and all Lis

---

[263] *Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008, ¶ B.3, p. 2, l. 6-11 (emphasis added), attached as **Exhibit G** hereto and filed and served herewith.

[264] *Settlement and Conditional Mutual Release Agreement between the Law Offices of J. Michael Kelly and Mohammed Rashad*, dated August 16, 2008, ¶ C.1, p. 2, l.1 6-18 (emphasis added), attached as **Exhibit G** hereto and filed and served herewith.

[265] *Rashad Handwritten Mediation Settlement Agreement*, dated September 28, 2009, ¶ 2, p. 1 (emphasis added), attached as **Exhibit Q** hereto and filed and served herewith.

Pendens recorded against the Aaron Street Property ... [¶] ... [and] any real property

[Mohammed Nabil Rashad] or [Jane Rashad] own or have an interest therein."[266]

● The November 2009 Stipulation further provided that "**Upon full compliance by the Parties with all of the terms and conditions of this Stipulation** by the last of the Parties required by this Stipulation to perform under this Stipulation, [the parties] .... release one another ...."[267]

It is readily apparent that none of the relevant settlement documents contain any provision from which it could even be remotely inferred that Defendant-Creditor's liens on the Aaron Street property had been extinguished merely by virtue of the parties entering into the agreement or that the parties ever manifested such an intent.

Additionally, Plaintiff-Debtor has even conceded by allegations within her Original Complaint that the November 2009 Stipulation provided the liens would not be released until timely receipt of payment in full,[268] a contingency that neither has been alleged in her Original Complaint nor that ever occurred, thereby precluding as a matter of law Ms. Rashad's inconsistent assertion[269]

---

[266]  ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Stipulation and Order Thereon, ¶ 3.a., p. 4 (emphasis added), attached as **Exhibit T** hereto and filed and served herewith.

[267]  ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed in LASC Case No. BD392871 on November 13, 2009, Stipulation and Order Thereon, ¶¶ 7 & 8; pp. 6-7, l. 28-1, p. 7, l. 19-20 (emphasis added), attached as **ExhibitT** hereto and filed and served herewith.

[268]  ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 4, ¶ 18, attached as **Exhibit AA** hereto and filed and served herewith.

[269]  ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), pp. 6-7, ¶ 23, attached as **Exhibit AA** hereto and filed and served herewith.

of release.[270]

# V.

## PLAINTIFF-DEBTOR IS ESTOPPED  FROM ASSERTING THAT AARON STREET CONSTITUTES HER SEPARATE PROPERTY SO THAT DR. RASHAD HAD NO INTEREST AGAINST WHICH DEFENDANT-CREDITOR COULD SECURE HIS FEES

Plaintiff-Debtor is precluded from alleging the Aaron Street property constituted her separate property so that Dr. Rashad had no interest to encumber with the January 2008 Promissory Note and Deed of Trust as Jane has conducted herself in a manner inconsistent with that separate property assertion, there is a final state court judgment to the effect that Aaron Street property is community property, and the Rashads' purported "Corrected" Judgment is of no legal effect.  Therefore, Jane fails to state a claim for relief in this basis as a matter of law and her allegations to that effect must be disregarded.

### A.   Plaintiff-Debtor's Failure to Object to Defendant-Creditor's Lien on Aaron Street at the Time of Its Creation Despite the Opportunity and Statutory Mechanism to do so Precludes Her from Asserting that the Aaron Street Property is Not Community Property

For Defendant-Creditor to have obtained the Aaron Street trust deed, he was required to comply with California Family Code section 2033, which provides "Either party may encumber his or her interest in community real property to pay reasonable attorney's fees in order to retain or

---

[270] *Hayes*, *supra*, 264 F.3d at 1025 (court may not consider additional facts or legal theories in responsive brief inconsistent with those pleaded in complaint); *Holman*, 211 F.3d at 407 (while court must draw reasonable inferences in plaintiff's favor, it "should not draw inferences that while theoretically plausible are inconsistent with the pleadings"); *Bender*, *supra*, 159 F.3d at 192 ("while notice pleading does not demand that a complaint expound the facts, a plaintiff who does so is bound by such exposition"); *Bradley*, *supra*, 136 F.3d at 1324 (Fed. Cir. 1998) (district court not required to accept as true allegations in amended complaint that, without any explanation, contradict earlier complaint; court may strike changed allegations as "false and sham" and dismiss complaint for failure to state claim); *Ellingson*, *supra*, 653 F.2d at 1329-30 (9th Cir. 1981) (same, citing FRCP rule 11 as authority); *Nishimatsu Const.*, *supra*, 515 F.2d at 1206 (court may disregard allegations in complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint).

maintain legal counsel in a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties.  This encumbrance shall be known as a 'family law attorney's real property lien' and attaches only to the encumbering party's interest in the community real property."[271]   Noteworthy is fact that the statute provides for the encumbering of the trustor's "interest in community real property," irrespective of whether that spouse is actually on title to the property being collateralized.

The Family Law Attorney Real Property Lien ("FLARPL") statute further provides that notice of the lien must be served on the nonencumbering spouse at least 15 days before it is recorded.[272]   On receipt of the FLARPL notice, "[t]he nonencumbering party may file an ex parte objection to the family law attorney's real property lien.  The objection shall include a request to stay the recordation until further notice of the court and shall contain a copy of the notice received.  The objection shall also include a declaration signed under penalty of perjury as to all of the following: [¶] (1) Specific objections to the family law attorney's real property lien and to the specific items in the notice. [¶] (2) The objector's belief as to the appropriate items or value and any documentation supporting that belief. [¶] (3) A declaration specifically stating why recordation of the encumbrance at this time would likely result in an unequal division of property or would otherwise be unjust under the circumstances of the case."[273]

In the Rashads' dissolution matter, on January 16, 2008, Defendant-Creditor properly filed and served on Plaintiff-Debtor notice of Dr. Rashad's intent to file and record a FLARPL against the Aaron Street property[274]; the next day, Defendant-Creditor filed and served another notice reflecting

---

[271]  *CAL. FAM. CODE § 2033(a)* (LexisNexis 2011).

[272]  *CAL. FAM. CODE § 2033(b)* (LexisNexis 2011).

[273]  *CAL. FAM. CODE § 2033(c)* (LexisNexis 2011).

[274]  *Notice of [Dr. Rashad]'s Intent to File a Family Law Attorney's Real Property Lien*, (continued...)

the intent to file and record an additional FLARPL against the Aaron Street property.[275]  On January

30, 2008, the state dissolution case court entered its judgment characterizing Aaron Street as

community property and that Dr. Rashad had a one-half interest therein.[276]  On February 12, 2008,

an interspousal transfer deed was recorded transferring title in the Aaron Street property from Jane,

a married woman as her sole and separate property, to Dr. Rashad and Jane as tenants in common.[277]

Defendant-Creditor recorded his Amended FLARPL Notice on February 13, 2008, 27 days after

notice thereof was served on Plaintiff-Debtor.[278]  The fact that Dr. Rashad and Defendant-Creditor

executed the deed of trust on the Aaron Street property prior to entry of the dissolution action

judgment recognizing his one-half community property interest therein is of no pause since Kelly's

security interest would "inure[] to [him] as security for the debt in like manner as if acquired before

---

[274] (...continued)
dated August 8, 2007 and filed in LASC Case No. BD392871 on January 16, 2008, attached as
**Exhibit A** hereto and filed and served herewith.

[275] *Notice of [Dr. Rashad]'s Intent to File an Additional Family Law Attorney's Real*
*Property Lien [Amended]*, dated January 16, 2008 and filed in LASC Case No. BD392871 on
January 17, 2008, attached as **Exhibit B** hereto and filed and served herewith.

[276] *Judgment on Default Prove Up in In re Marriage of Mohammed Rashad and Jane*
*Rashad (LASC Case No. BD 392 871)*, dated and filed January 30, 2008, Attachment 4.p., § 2.2,
p. 1, l. 26, p. 2, l. 1-12; § 5.1.1, p. 5, l. 24-25; ¶ 5.1.2, p. 6, l. 24-25; ¶ 6.1, pp. 8-10, l. 15-15, attached
as **Exhibit C** hereto and filed and served herewith.

[277] *Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad*
*and Jane Rashad*, dated February 11, 2008 and recorded February 12, 2008 (transferring title in
Aaron Street property from Jane Rashad, a married woman as her sole and separate property, to
Mohammed Nabil Rashad and Jane Rashad, as tenants in common), attached as **Exhibit D** hereto
and filed and served herewith.  This deed was executed by the Los Angeles County Superior Court
Court Clerk per the order of the family law trial court judge.  *See Order Instructing the Court Clerk*
*to Execute Documents on Behalf of [Jane Rashad]*, dated and filed in LASC Case No. BD 392 871
on February 8, 2008, attached as **Exhibit FF** hereto and filed and served herewith.

[278] *Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed*
*Rashad and J. Michael Kelly*, dated January 16, 2008 and recorded in the Los Angeles County
Recorder's Office on February 13, 2008 (hereinafter referred to as "January 2008 Promissory Note"),
attached as **Exhibit F** hereto and filed and served herewith.

the execution."[279]

Despite the statutory mechanism in place for objecting prior to the FLARPL's recordation, as well as the opportunity and incentive, Jane never objected to any of the Aaron Street property encumbrances on the basis that Dr. Rashad purportedly did not possess any community property interest therein and thus could not encumber the property[280]; she cannot be heard over two-and-a-half years later to complain about a purported defect to which she could have timely objected and should

---

[279] **CAL. CIV. CODE § 2930** ("Title acquired by the mortgagor subsequent to the execution of the mortgage, inures to the mortgagee as security for the debt in like manner as if acquired before the execution."); **CAL. CIV. CODE § 2883(a)** (agreement may be made to create lien on property not yet acquired by party agreeing to give lien, or not yet in existence at that time; in that case lien agreed for attaches from time when party agreeing to give it acquires interest in thing, to extent of that interest); *California Title Ins. & Trust Co. v. Pauly*, 111 Cal. 122 (1896) (mortgage may be given on property to be acquired by mortgagor after execution of he mortgage); *Stewart v. Powers*, 98 Cal. 514 (1893) (mortgagor estopped to assert invalidity of mortgage, and any after-acquired title inures to benefit of mortgagee, even though mortgagor may have had no assignable title at date of mortgage); *California Bank v. Bell*, 38 Cal. App. 2d 533 (Ct. App. 1940) (same re trust deed); *see also Barberi v. Rothchild*, 7 Cal. 2d 537 (1936) (Section 2930 is not limited to mortgages but also applies to trust deeds); *Perego v. Seltzer*, 260 Cal. App. 2d 825 (Ct. App. 1968) (Section 2930, providing subsequently acquired title inures to mortgage, is fully applicable to trust deeds, and trust deed creates valid lien on real property to secure debt for which it is executed, even though trustor has no title to property at time of execution of instrument, provided he subsequently acquires title thereto during life of deed of trust).

[280] *See **R. D. Reeder Lathing**, supra*, 66 Cal. 2d 373 (where party to contract had a duty to speak, silence supported inference of guile so that estoppel may apply); *Lucas*, *supra*, 18 Cal. App. 3d 988(when one is under duty to speak, and has opportunity to do so, knowing circumstances require it, an estoppel may arise from his silence); *Elliano*, *supra*, 3 Cal. App. 3d 446 (an estoppel may arise from silence as well as from words or conduct; but this is only where there is a duty to speak and the party on whom duty rests has opportunity to speak and, knowing the circumstances requiring him to speak, remains silent); **CAL. EVID. CODE § 1221** (LexisNexis 2011) (adoptive admission); *Estate of Neilson*, *supra*, 57 Cal.2d at 746 (with respect to an adoptive admission, "[w]hen a person makes a statement in the presence of a party to an action under circumstances that would normally call for a response if the statement were untrue, the statement is admissible for the limited purpose of showing the party's reaction to it. **His silence, evasion, or equivocation may be considered as a tacit admission of the statements made in his presence**") (emphasis added); *CACI Nos. 213* (adoptive admission), *214* (admission by silence); *see* **CAL. EVID. CODE § 780(h)** (LexisNexis 2011) (in determining witness credibility, court may consider his statements inconsistent with his hearing testimony); *Lewis*, *supra*, 180 Cal. App. 3d 816(silence can be inconsistent statement within meaning of Section 780).

be deemed to have waived[281] and thus estopped from proffering this contention.

    **B.**    **Collateral Estoppel and *Res Judicata* Preclude Plaintiff-Debtor from Contradicting the Final State Court Judgment Establishing the Community Property Character of the Aaron Street Property**

        **1.**    **The Bankruptcy Court Must Afford the January 2008 Judgment "Full Faith and Credit" as a Final Judgment of a State Court**

Federal courts are required to give "full faith and credit" to state legislative acts, court records and judicial proceedings.[282]  The Full Faith and Credit Act compels a federal court to accord a state court judgment the same preclusive effect that it would be accorded by the rendering state court.[283] Section 1738 requires all federal courts to give preclusive effect to state court judgments whenever the courts of the state in which the judgments were rendered would do so.[284]  The "full faith and credit" requirement applies to state divorce proceedings[285] as well as to default judgments.[286]

---

    [281] ***Saint Agnes Medical Center v. PacifiCare of California***, 31 Cal. 4th 1187, 1195 (2003) (waiver usually "denotes the voluntary relinquishment of a known right ... [but] it can also refer to the loss of a right as a result of a party's failure to perform an act it is required to perform, regardless of the party's intent to relinquish the right.").

    [282] ***U.S. Const., art IV, § 1*; *28 U.S.C. § 1738*** (2011) (also known as the "Full Faith and Credit Act").

    [283] ***Marrese v. American Academy of Orthopaedic Surgeons***, 470 U.S. 373 (1985); ***In re Zoernack***, 289 B.R. 220, 226 (Bankr. M.D. Fla. 2003); ***In re Keene***, 135 B.R. 162 (Bankr. S.D. Fla. 1991).

    [284] ***Allen v. McCurry***, 449 U.S. 90, 96 (1980); ***Zoernack***, *supra*, 289 B.R. at 226; ***Pelletier v. Zweifel***, 921 F.2d 1465, 1501 (11th Cir. 1991); ***S. Tex. Wildhorse Desert Invs., Inc. v. Tex. Commerce Bank-Rio Grande. N.A.***, 314 B.R. 107 (Bankr. S.D. Tex. 2004) (Section 1738 requires federal courts grant same preclusive effect to state court judgment as state court would have given to it; accordingly, claimants' claims were subject to claims preclusion to extent provided under state law, notwithstanding fact that appeal occurred in context of bankruptcy proceeding).

    [285] ***Williams v. North Carolina***, 317 U.S. 287 (1942); ***Thompson v. Thompson***, 226 U.S. 551 (1913), *overruled in part by **Vanderbilt v. Vanderbilt***, 354 U.S. 416 (1957); ***Atherton v. Atherton***, 181 U.S. 155 (1901); ***Government Personnel Mut. Life Ins. Co. v. Kaye***, 584 F.2d 738 (5th Cir. 1978) (under section 1738, final decree of divorce rendered in one state should have same credit, validity, and effect in every other court in United States it had in state where it was pronounced, as long as jurisdictional facts, including domicile, are validly established whenever decree is questioned); ***Faris v. Hope***, 298 F. 727 (8th Cir. 1924) (duty of court to give divorce decree (continued...)

[285] (...continued)

same effect that it had in jurisdiction where rendered); ***Schmit v. United States***, 688 F. Supp. 1466 (D. Nev. 1988) (federal court, under Section 1738, must give full faith and credit to state divorce court's determination that property was sole and separate property of wife at time lien was placed on it), *affirmed without opinion at* 892 F.2d 1046 (9th Cir. 1989), *reported in full at* 896 F.2d 352 (9th Cir. 1989).

[286] ***Bay Area Factors v. Calvert (In re Calvert)***, 105 F.3d 315 (6th Cir. 1997) (in absence of any indication in Bankruptcy Code or legislative history suggesting that Congress intended exception to Section 1738 to apply to true default judgments, and with no principled distinction between cases where defendant participates in part in defense of state court suit and cases where defendant does not respond at all, collateral estoppel applies to true default judgments in bankruptcy dischargeability proceedings in those states which would give such judgments that effect); ***Rally Hill Prods. v. Bursack (In re Bursack)***, 65 F.3d 51 (6th Cir. 1995) (where creditor obtained state court judgment against debtor for fraud, such judgment was entitled to collateral estoppel effect in debtor's subsequent dischargeability proceeding in bankruptcy, despite fact that debtor had chosen not to participate in state court proceeding, because fraud issue was raised, litigated and necessary to judgment in state court); ***A.L.T. Corp. v. Small Business Admin.***, 801 F.2d 1451 (5th Cir. 1986) (state court default judgment for damages for breach of contract was enforceable against Small Business Administration since judgment would not be subject to collateral attack in state court, manner in which plaintiff took its default judgment did not violate SBA's rights to due process, and suit for breach of contract was not inconsistent with SBA's authority to "sue and be sued."); ***Bldg. Communs., Inc. v. Rahaim (In re Rahaim),*** 324 B.R. 29 (Bankr. E.D. Mich. 2005) (where creditor had obtained default judgment on state fraud claim against debtor, debtor was precluded by principle of full faith and credit, under U.S. Const. art. IV, § 1, and Section 1738, via doctrine of collateral estoppel, from relitigating fraud issue in his bankruptcy case because creditor and debtor both had interest in subject matter that was affected by state court judgment, and in present discharge action so that there was mutuality of estoppel; there was final default judgment that was actually litigated and necessarily determined on merits by state court based upon facts that were deemed admitted by debtor when he failed to respond to requests for admissions, and debtor had full and fair opportunity to litigate issue of fraud to give judgment preclusive effect); ***In re Brazelton Cedar Rapids Group LC***, 264 B.R. 195 (Bankr. N.D. Iowa 2001) (Under either ***Rooker-Feldman*** Doctrine or claim preclusion, bankruptcy court lacked subject matter jurisdiction and must defer to state court's default judgment with regard to existence of debt); ***Credit Alliance Corp. v. Penn Hook Coal Co.***, 77 B.R. 57 (Bankr. W.D. Va. 1987), *affirmed* 851 F.2d 119 (4th Cir. 1988) (Bankruptcy Court and District Court must give full faith and credit to state court judgment granting deficiency judgment to creditor where guarantors of debt allowed default judgment to be entered against them in state court); ***In re A-1 24 Hour Towing, Inc.***, 33 B.R. 281 (Bankr. D. Nev. 1983) (Chapter 11 debtor, in objecting to claim based on state court default judgment, cannot have Bankruptcy Court look behind judgment and ascertain its true amount pursuant to its equitable powers under Section 1481, where Section 1738 requires federal courts to give same preclusive effect to state court judgments that would be given in courts of state in which judgments emerged, and debtor has not shown extrinsic fraud in judgment as required under state law; bankruptcy court cannot disregard full faith and credit requirements of Section 1738 and exercise its equitable powers, where debtor has not alleged that judgment was product of fraud, collusion, or duress, that state court lacks subject matter or personal

(continued...)

2.      **Doctrines of Collateral Estoppel and *Res Judicata* Preclude Plaintiff-Debtor from Relitigating the Aaron Street Property Characterization Issues Finally Determined by the California Marital Dissolution Trial Court in the January 2008 Judgment**

The rule of *res judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion.[287]  Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.[288]  "*Res judicata* or claim preclusion 'prevents a party from suing on a claim which has been previously litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.' "[289]  "The basic difference between *res judicata* or claim preclusion and collateral estoppel or issue preclusion is that claim preclusion applies to whole claims, whether litigated or not, whereas issue preclusion applies to particular issues that have been contested and resolved."[290]

"The underlying rationale behind the doctrine of *res judicata* is that the 'full and fair

---

[286] (...continued)
jurisdiction, or that judgment was founded on no real debt or on legally unenforceable obligation, there therefore being no equitable grounds for suspending effect of *res judicata* principles).

[287]  ***St. Paul Mercury Ins. Co. v. Williamson***, 224 F.3d 425, 436 (5th Cir. 2002) (internal citation omitted).

[288]  ***Petro-Hunt, L.L.C. v. United States***, 365 F.3d 385, 395 (5th Cir. 2004); ***In re Southmark Corp.***, 163 F.3d 925, 934 (5th Cir. 1999); ***Zoernack***, *supra*, 289 B.R. at 226 n.2 (under *res judicata* or claim preclusion "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."); ***Brown v. Felsen***, 442 U.S. 127, 131 (1979); ***Mycogen Corp. v. Monsanto Co.***, 28 Cal. 4th 888, 896 (2002) (collateral estoppel is a preclusion doctrine within res judicata which "precludes relitigation of issues argued and decided in prior proceedings.").

[289]  ***Zoernack***, *supra*, 289 B.R. at 228, *quoting **Moore's Federal Practice 3d*** § 131.10[1] at 131-15 (3d ed. 2001); ***St. Paul Mercury Ins. v. Williamson***, *supra*, 224 F.3d at 436.

[290]  ***Zoernack***, *supra*, 289 B.R. at 228, *citing **Moore's Federal Practice 3d*** § 131.13[2] at 131-25 (3d ed. 2001).

opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.' "[291] "By declaring an end to litigation, the doctrine adds certainty and stability to social institutions.  This certainty in turn generates public respect for the courts."[292]  "[I]f the prior judgment was rendered by a state court, then the collateral estoppel law of the state must be applied to determine the judgment's preclusive effect."[293]  The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[294]

While Defendant-Creditor was not a party in the Rashads' marital dissolution matter at the time the January 2008 Judgment was entered therein, there was mutuality of estoppel for the parties to this adversary proceeding since Defendant-Creditor was bound by the state family law court's determination that Dr. Rashad had a community property interest in the Aaron Street property; in fact, but for that decision, Kelly would have sought to encumber a different parcel of real property to secure his liens.  Without the January 2008 Judgment, Defendant-Creditor would have been

---

[291]  ***Zoernack***, ***supra***, 289 B.R. at 228, *quoting* ***Ragsdale v. Rubbermaid, Inc.***, 193 F.3d 1235, 1238 (11th Cir. 1999), *in turn citing* ***Montana v. United States***, 440 U.S. 147 (1979).

[292]  ***Precision Air Parts, Inc. v. Avco Corp.***, 736 F.2d 1499, 1503 (11th Cir. 1984).

[293]  ***In re St. Laurent***, 991 F.2d 672, 676 (11th Cir. 1993); ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, 544 U.S. 280, 293 (2005); ***Zoernack***, ***supra***, 289 B.R. at 226; ***In re Itzler***, 247 B.R. 546, 548 (Bankr. S.D. Fla. 2000).

[294]  ***Petro-Hunt***, ***supra***, 365 F.3d at 395; ***Rivet v. Regions Bank***, 108 F.3d 576, 586 (5th Cir. 1997), *reversed on other grounds*, 522 U.S. 470 (1998); ***United States v. Shanbaum***, 10 F.3d 305, 310 (5th Cir. 1994); ***Lucido v. Superior Court (People)***, 51 Cal.3d 335, 341 (1990) ("First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.").

precluded from asserting the viability of what would have been his void *ab initio* security instruments, which were patently dependent upon the January 2008 Judgment for their effectiveness to attach to the property.  Additionally, the rule is well-established that a judgment may have claim preclusive effect on a non-party if the non-party is a successor-in-interest to a party's interest in property affected by the judgment,[295] as was clearly the case vis-à-vis Defendant-Creditor and Dr. Rashad.

It is also undisputed that the California marital dissolution matter trial court had personal jurisdiction over Plaintiff-Debtor, and that the court properly exercised subject matter jurisdiction over the determination and characterization Rashads' rights in the property of the marital estate.[296] Despite the fact that the January 2008 Judgment was default in nature, it was the result of a prove-up hearing where the trial court heard and considered evidence and adjudged witness credibility during oral testimony; Jane had a full and fair opportunity to litigate any and all issues before the court, including the characterization of the Aaron Street property, but chose not to, having wilfully and intentionally abandoning the litigation several months prior after several adverse rulings

Under California law, "[t]he 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same."[297]  In order to meet this significant element, the issue must not have been entirely unnecessary to the judgment in the previous proceeding; an issue is "necessarily decided" in a prior

---

[295]  ***Rivet***, *supra*, 108 F.3d at 587; ***Meza v. General Battery Corp.***, 908 F.2d 1262, 1266 (5th Cir. 1990); ***Howell Hydrocarbons, Inc. v. Adams***, 897 F.2d 183, 188 (5th Cir. 1990).

[296]  *CAL. FAM. CODE § 2010(e)* (LexisNexis 2011) ("In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has jurisdiction to inquire into and render any judgment and make orders that are appropriate concerning the ... [¶] ... settlement of the property rights of the parties.")

[297]  ***Lucido***, *supra*, 51 Cal. 3d at 342.

proceeding if the issue was not "entirely unnecessary to the judgment" in the prior proceeding.[298]
In order to determine whether both suits involve the same cause of action, the Fifth Circuit uses the
transactional test.[299]  Under the transactional test, a prior judgment's preclusive effect extends to all
rights of the plaintiff with respect to all or any part of the transaction, or series of connected
transactions, out of which the original action arose.[300]  What grouping of facts constitutes a
"transaction" or a "series of transactions" must be determined pragmatically, giving weight to such
considerations as whether the facts are related in time, space, origin, or motivation, whether they
form a convenient trial unit, and whether their treatment as a unit conforms to the parties'
expectations or business understanding or usage.[301]  If a party can only win the suit by convincing
the court that the prior judgment was in error, **the second suit is barred**.[302]  The critical issue is
whether the two actions are based on the "same nucleus of operative facts."[303]

Indisputably, the issues raised in the marital dissolution matter and the instant case are
identical and arise from the "same nucleus of operative facts," *i.e.*, whether the Aaron Street property
constituted Jane's separate property or the community property of Plaintiff-Debtor and Dr. Rashad
together.  Jane would be hard-pressed to find any distinction between the claims asserted in the two
proceedings, each dependent upon the characterization and determination of the Rashads' property
rights in the Aaron Street property in January and February 2008, and that was "necessarily decided"

---

[298]  *Lucido*, *supra*, 51 Cal. 3d at 341-42

[299]  *Petro-Hunt*, *supra*, 365 F.3d at 395; *Rivet*, *supra*, 108 F.3d at 588; *Matter of Baudoin*, 981 F.2d 736, 743 (5th Cir. 1983); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984).

[300]  *Petro-Hunt*, *supra*, 365 F.3d at 395-96 (quotation marks and citations omitted).

[301]  *Petro-Hunt*, *supra*, 365 F.3d at 396 (quotation marks and citations omitted), *quoting* *RESTATEMENT (SECOND) OF JUDGMENTS § 24(2)* (1982).

[302]  *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000).

[303]  *Gillispie*, *supra*, 203 F.3d at 387; *see also* *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004); *Rivet*, *supra*, 108 F.3d at 588; *Baudoin*, *supra*, 981 F.2d at 743.

in the prior marital dissolution proceeding.

Much to Plaintiff-Debtor's chagrin, the California marital dissolution matter trial court entered a judgment adverse to her Aaron Street property claims. Jane could participated in the trial, but chose not to; she could have seen her appeal through to its conclusion, but abandoned the task without having even filed an opening brief. The state court judgment is final and despite her unhappiness with the result therein, Plaintiff-Debtor is bound with the holding that at the time that Kelly secured his attorneys' fees liens against the Aaron Street property for services provided to Dr. Rashad, Dr. Rashad had an interest therein that could be encumbered.

### 3. Rooker-Feldman Doctrine Precludes This Bankruptcy Court from Reviewing the Validity of the California Marital Dissolution Trial Court's January 2008 Judgment

Given that the previous decision at issue herein was in state court and the current proceeding is in federal court, the ***Rooker-Feldman***[304] doctrine applies to limit the ability of an inferior federal tribunal to review a state court judgment.[305] Since the United States Supreme Court has exclusive jurisdiction to review state court judgments for errors in federal law,[306] federal district courts, including bankruptcy courts, lack jurisdiction to engage in what is essentially appellate review of state court determinations of federal questions or to evaluate constitutional claims "inextricably intertwined" with a state court judgment.[307] A federal claim is "inextricably intertwined" with a state

---

[304] *See **Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923); ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 482-86 (1983).

[305] ***Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dept.***, 973 F.2d 169, 177 (3rd Cir. 1992).

[306] ***28 U.S.C. § 1257*** (2011).

[307] ***Exxon Mobil***, *supra*, 544 U.S. at 292-93; ***Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)***, 152 F.3d 341, 344 (5th Cir. 1998) (finding "that the district court violated the letter of the Rooker-Feldman doctrine by sitting in appellate review of the state court judgment."); ***Davis v. Bayless***, *supra*, 70 F.3d at 375; ***Port Auth. Police Benevolent Ass'n***, *supra*, 973 F.2d at 177; ***Kimball v. Florida Bar***, 632 F.2d 1283, 1284 (5th Cir. 1980); ***Lampkin v. Supreme Court of***
(continued...)

court decision if its success depends on a determination that the state court wrongly decided the issues before it.[308] Under the ***Rooker-Feldman*** doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."[309]

In short, the loser in state court cannot avoid its fate by trying to persuade a federal district court that the state judgment violates the loser's federal rights.[310] Judicial errors by state courts are for correction in the state court system and ultimately by the United States Supreme Court[311];.thus, as noted above, a district court must give "full faith and credit" to state court judgments.  The effect is to preclude "de facto appeals" from state court judgments; *i.e.*, when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from that state court judgment based on that decision.[312]  Since it is jurisdictional, the ***Rooker-Feldman*** doctrine cannot be waived and the federal district court has a *sua sponte* duty to raise the issue and dismiss the matter if appropriate.[313]

For the ***Rooker-Feldman*** doctrine to apply, the federal court plaintiff must have lost in state

---

[307]  (...continued)
***Florida***, 601 F.2d 760 (5th Cir. 1979); ***Blue Cross & Blue Shield of Maryland, Inc. v. Weiner***, 868 F2d 1550, 1554-56 (11th Cir. 1989).

[308]  ***Davani v. Virginia Dept. of Transp.***,. 434 F.3d 712, 717 (4th Cir. 2006); ***Reusser v. Wachovia Bank, N.A.***, 525 F.3d 855, 859 (9th Cir. 2008).

[309]  ***Liedtke v. State Bar of Texas***, 18 F.3d 315, 317 (5th Cir. 1994) (citations and alterations omitted); ***In re Nazu, Inc.***, 350 B.R. 304, 311 (Bankr. S.D. Tex 2006).

[310]  ***Exxon Mobil***, ***supra***, 544 U.S. at 292-93; ***Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994).

[311]  *See, e.g.,* ***In re Nazu***, ***supra***, 350 B.R. at 320 (if debtor chose not to avail self of appellate remedies under state law, judgment not immediately appealable to bankruptcy court); ***United States v. Shepherd***, 23 F.3d 923, 925 (5th Cir. 1994); ***Liedtke***, ***supra***, 18 F.3d at 317 ("If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.").

[312]  ***Carmona v. Carmona***, 544 F3d 988, 995 (9th Cir. 2008).

[313]  ***Exxon Mobil***, ***supra***, 544 U.S. at 293.

court,[314] must complain of injuries caused by the state court judgment, must be asking the district court to review and reject that judgment, and the state court judgment must have been rendered before the district court proceedings commenced.[315]  State court proceedings are considered to have ended when either the state court judgment has been affirmed on appeal by the state's highest court, the time for appeal has expired and no appeal has been filed or prosecuted to conclusion, the parties have voluntarily terminated the litigation after entry of an interlocutory order, or the state court proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even though state law issues or other matters remain to be litigated.[316]

Finally, the ***Rooker-Feldman*** does not apply bar a federal suit to set aside a state court judgment obtained through extrinsic fraud since "Extrinsic fraud on a court is, by definition, not an error by that court.  It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. ***Rooker-Feldman*** therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud."[317]   However, Plaintiff-Debtor has alleged in her Original

---

[314] ***Johnson v. De Grandy***, *supra*, 512 U.S. at 1005-06; ***Heiser v. Woodruff***, 327 U.S. 726 (1946); ***Bennett v. Yoshina***, 140 F.3d 1218, 1224 (9th Cir. 1998); *see, e.g., Lance v. Dennis*, 546 U.S. 459, 466 n.2 (2006) (***Rooker-Feldman*** may bar federal jurisdiction where  decedent's estate "takes a de facto appeal in a district court of an earlier state decision involving the decedent.").

[315] ***Exxon Mobil***, *supra*, 544 U.S. at 293; ***Nicholson v. Shafe***, 558 F.3d 1266, 1277-78 (11th Cir. 2009) (state action not ended before end of state courts' appeal process); ***Hoblock v. Albany County Bd. of Elections***, 422 F.3d 77, 85 (2nd Cir. 2005) (***Rooker-Feldman*** has no application to federal court suits proceeding in parallel with ongoing state court litigation).

[316] ***Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico***, 410 F.3d 17, 24-25 (1st Cir. 2005); *see also Id.*, at 27 (where only some of issues in state court have been disposed of by judgment, test is whether state court decision is final enough for direct appeal to Supreme Court under Section 1257; if so, then under ***Rooker-Feldman*** decision not subject to collateral attack in lower federal courts.); ***Mothershed v. Justices of Supreme Court***, 410 F3d 602, 604 n. 1 (9th Cir. 2005).

[317] ***Loubser v. Thacker***, 440 F.3d 439, 442 (7th Cir. 2006); ***Kougasian v. TMSL, Inc.***, 359 F.3d 1136, 1141 (9th Cir. 2004).

Complaint that the January 2008 Judgment was procured by any extrinsic fraud; furthermore, this rule does not apply where the alleged extrinsic fraud was raised in the state proceedings and rejected by the state court,[318] as Jane did in her November 2008 motion to vacate.

The bottom line is that the California Marital Dissolution Trial Court issued the January 2008 Judgment; Jane abandoned her appeal so the January 2008 Judgment became final with respect to the characterization of the Aaron Street property **at the time Defendant-Creditor's liens were created and fixed against the property**. The fact that Jane is unhappy with that result is not relevant, she is stuck with the consequences of that final judgment, and neither this Court, nor any other, is in a position to review, reverse, disregard or ignore the holding of the January 2008 Judgment.[319]

### C. Plaintiff-Debtor's Reliance on the Purported "Corrected" Judgment is Seriously Misplaced Since it is of Absolutely No Legal Effect

The Rashads submitted the "Corrected" Judgment to purportedly characterize the Aaron Street property as Jane's separate property, relating it back to the original judgment date so as to defraud Defendant-Creditor and vitiate his security liens against that property; the Rashads did so in a roundabout manner, without informing Defendant-Creditor or otherwise providing him with any type of notice of their machinations, creating the inference that their actions were not in any way legitimate. Unfortunately for the Rashads' plan, the "Corrected" Judgment is void *ab initio* and of no legal effect since it was submitted and entered during an appellate stay in place at the time, depriving the trial court from jurisdiction to enter it. Additionally, the "Corrected" Judgment sought to substantively alter the January 2008 Judgment, which cannot be modified without filing the

---

[318]  ***Reusser***, ***supra***, 525 F.3d at 860.

[319]  ***Zoernack***, ***supra***, 289 B.R. 220 (where debtor moved under 11 U.S.C. § 522(f)(1) to avoid charging lien granted to debtor's former divorce attorney because it was "wrongfully entered" by Florida state court, doctrines of collateral estoppel, *res judicata*, and ***Rooker-Feldman*** prevented bankruptcy court from reviewing judgment of Florida state court).

– 81 –

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

appropriate motion in a timely manner under the governing statutory scheme.[320]

> **1.     Active Appellate Stay Deprived Trial Court of Subject Matter Jurisdiction to Entertain and Enter Rashads' Purported "Corrected" Judgment**

As noted above,[321] once Jane filed her notice that she was appealing the validity of the very judgment that the Rashads were purporting to correct several months later, she deprived the trial court of jurisdiction to undertake exactly that exercise.[322]  Jane filed her Notice of Appeal on June 5, 2009.[323]  The "Corrected" Judgment was submitted to the in October or November 2009 and not entered until February 8, 2010.[324]  Jane's appeal was not dismissed until April 5, 2010.[325]  Thus the "Corrected" Judgment was submitted and entered during the time Plaintiff-Debtor's appeal was pending; therefore, it was void *ab initio*.[326]

Jane also faces the additional procedural hurdle that she was in default when the January

---

[320] *CAL. CODE CIV. PROC. §§ 656, et seq.* (motion for new trial), *663, et seq.* (motion to set aside or vacate judgment).

[321] *See infra*, ¶ IV.D.4.

[322] *CAL. CODE CIV. PROC. § 916(a)*; *Varian Medical Systems*, *supra*, 35 Cal. 4th at 196-98; *Kinard v. Jordan*, 175 Cal. 13, 15 (1917); *Sanai*, *supra*, 170 Cal. App. 4th at 757-58; *Field*, *supra*, 134 Cal. App. at 327.

[323] *Jane's Rashad's Notice of Appeal*, dated and filed June 5, 2009 in LASC Case No. BD392871, attached as **Exhibit P** hereto and filed and served herewith.

[324] *"Corrected" Stipulated Judgment in In re Marriage of Mohammed Rashad and Jane Rashad (LASC Case No. BD 392 871)*, dated September 28, 2009 and filed February 4, 2010, attached as **Exhibit Y** hereto and filed and served herewith.

[325] *California Court of Appeal Order Dismissing Jane Rashad's Appeal of Judgment in LASC Case No. BD 392 871*, filed in California Appellate Case No. B217020 April 5, 2010, attached as **Exhibit DD** hereto and filed and served herewith; *California Court of Appeal Remittitur*, filed in California Appellate Case No. B217020 June 10, 2010 (reflecting that April 5, 2010 dismissal order had become final and transferring case, as well as jurisdiction to proceed, back to marital dissolution trial court), attached as **Exhibit EE** hereto and filed and served herewith.  *See, e.g., Sonoqui*, *supra*, 1 Cal. 2d at 367 (reversing judgment of conviction because trial occurred before the remittitur issued).

[326] *Varian Medical Systems*, *supra*, 35 Cal. 4th at 196-98; *Sanai*, *supra*, 170 Cal. App. 4th at 757-58.

2008 Judgment was entered. She never cured this state of affairs by seeking to have her default set aside, not even when she moved to vacate the default judgment. She was therefore not an "active" party to the litigation and lacked the standing to submit any pleadings to the court, let alone a stipulation consenting to a court order, until she had cured her default.

2. **Parties to an Action in California Cannot Stipulate to Substantively "Correct" a Judgment without Having Timely Filed an Appropriate Motion so the Rashads' "Corrected" Judgment is of No Effect**

"The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] 1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial[;] [¶] ... 3. Accident or surprise, which ordinary prudence could not have guarded against[;] [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial[;] [¶] 5. Excessive or inadequate damages[;] [¶] 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law; [or] [¶] 7. Error in law, occurring at the trial and excepted to by the party making the application."[327] "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the statement of decision, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the statement of decision and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before a

---

[327] *CAL. CODE CIV. PROC. § 657(1)-(7)* (LexisNexis 2011).

decision had been filed or judgment rendered...."  Unfortunately for Plaintiff-Debtor, the party seeking a new trial must file and serve notice of intention to so move "Before the entry of judgment; or [¶] ... Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court..., or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest...."[328]

Alternatively, "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected[;] [¶]  2. A judgment or decree not consistent with or not supported by the special verdict."[329]  Unfortunately for Plaintiff-Debtor, similar to a motion for a new trial, a party seeking to vacate the judgment under Section 663 must file and serve notice of intention to so move "Before the entry of judgment; or [¶] ... Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court..., or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest...."[330]

In either case, Jane's frivolous[331] November 2009 motion to vacate on the basis of party

---

[328] *CAL. CODE CIV. PROC. § 659(1)&(2)* (LexisNexis 2011).

[329] *CAL. CODE CIV. PROC. § 663* (LexisNexis 2011).

[330] *CAL. CODE CIV. PROC. § 663a* (LexisNexis 2011).

[331] *California Superior Court's Order After Hearing re Respondent Jane Rashad's Order to Show Cause to Vacate Default Judgment and Judgment on Reserved Issues (LASC Case No. BD 392 871)*, dated and filed April 13, 2009, ¶ 14, p. 5, l. 11-12 ("The Court further finds that the present motion [vacate the January 30, 2008 Judgment on Default Prove Up] **is frivolous at best**....") (emphasis added), attached as **Exhibit J** hereto and filed and served herewith.

mistake, inadvertence, surprise, excusable neglect or fraud under California Code of Civil Procedure section 473(b) and California Family Code section 2122 did not comply with the statutory timing or content[332] requirements for a Section 657 motion for new trial or a Section 663 motion to vacate, and was untimely under all applicable statutory provisions, so that there was no manner by which the Rashads could properly modify or "correct" the perceived judicial error reflected within the January 2008 Judgment in any substantive fashion.[333]

Additionally, it was impermissible for the Rashads to seek any type of stipulated reversal on appeal since "An appellate court <u>shall not</u> reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following ... [¶] ... **There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal** [and ¶] ... [t]he reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the

---

[332]  *CAL. CODE CIV. PROC. §§ 657, 658, 659, 663a* (LexisNexis 2011).

[333]  *See, e.g,,CAL. CODE CIV. PROC. § 473(d)* (LexisNexis 2011) ("The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed...."); *In re Estate of Doane*, 62 Cal. 2d 68 (1964) (distinction between clerical error and judicial error does not depend so much on person making it as it does on whether was deliberate result of judicial reasoning and determination); *Greene v. Superior Court (Greene)*, 55 Cal. 2d 403, 405 (1961) ("the trial court can correct its own inadvertence or clerical error"); *Culligan v. Leider*, 65 Cal. App. 2d 51 (Ct. App. 1944) (when clerk's entry is not in accord with order actually pronounced by judge, error is clerical rather than judicial and may be corrected by trial court). *Compare with In re Estate of Eckstrom*, 54 Cal. 2d 540, 545 (1960) ("clerical errors do not include those made by the court because of its failure to correctly interpret the law or apply the facts."); *Bowman v. Bowman*, 29 Cal. 2d 808, 813-14 (1947) ("[t]he trial court … did not attempt to vacate the judgment on the ground of surprise or inadvertence, but attempted to grant defendant's request by modifying the interlocutory judgment to correct the supposed error of law."); *Phillips v. Trusheim*, 25 Cal.2d 913, 916 (1945) (judicial error is any mistake or omission that occurs in rendition of order or judgment and is fault of exercise of judicial discretion); *Lankton v. Superior Court*, 5 Cal. 2d 694, 695 (1936) (reversing trial court purporting to reduce amount of judgment); *O'Brien v. OBrien*, 124 Cal. 422, 426 (1899); *Young v. Gardner-Denver Co.*, 244 Cal. App. 2d 915, 919 (Ct. App. 1966) ("An order may also be made correcting a judgment *nunc pro tunc*, **providing the correction is to correct a clerical and not a judicial error.**") (emphasis added)

availability of stipulated reversal will reduce the incentive for pretrial settlement."[334]  This burden

is very difficult to meet,[335] and it was clear given the seriousness of the matters at stake in the

challenged January 2008 Judgment as well as Defendant-Creditor's dependency thereon to validate

his Aaron Street property security that there was a "reasonable possibility" that non-party Defendant-

Creditor would clearly be significantly and adversely affected by a stipulated reversal, without notice

or ability to participate in violation of its constitutional due process rights.[336]

VI.

## PLAINTIFF-DEBTOR HAS FAILED TO STATE A CLAIM FOR AN AVOIDABLE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

Plaintiff-Debtor alleges in her complaint that the transfer of the interest in the Aaron Street

property to Defendant through the April 29, 2010 foreclosure sale may be avoided as a fraudulent

transfer under 11 U.S.C § 548.  However, Plaintiff has failed to state a claim upon which relief may

be granted.  Although Plaintiff has alleged various elements, Plaintiff has not alleged sufficient

specific facts to support a Section 548 claim pursuant to the ***Twombly*** pleading standard.

Under Section 548, a transfer in the interest of the debtor in property may be avoided given

three elements dispositive in this Original Complaint: (1) the debtor made such transfer with "actual

---

[334]  ***CAL. CODE CIV. PROC. § 128(a)(8)(A)&(B)*** (emphasis added)

[335]  ***Hardisty v. Hinton & Alfert***, 124 Cal. App. 4th 999 (Ct. App. 2004).

[336]  *See, e.g.,* ***In re Estate of Regli***, 121 Cal. App. 4th 878 (Ct. App. 2004) (approval of motion for stipulated reversal related to orders concerning an administrator of estate would have adversely affected the administrator, and thus under CCP § 128(a)(8), motion could not be granted since trial court's approval of final accounting, if it survived appeals, was conclusive as to administrator's veracity and exercise of due care, pursuant to Probate Code § 11605, and if court had granted motion, administrator would have been exposed to potential litigation); ***Hardisty***, *supra*, 124 Cal. 4th 999 (pursuant to First Appellate District Local Rules, parties not entitled to stipulated reversal where they failed to explain their reasons therefor and where evidence suggested that they were seeking to protecting themselves from professional discipline); ***Union Bank of California v. Braille Inst. of America, Inc.***, 92 Cal App 4th 1324 (Ct. App. 2001) (relevant factor that reversible error had occurred at trial court level, factor visibly absent from instant matter).

intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date

that such transfer was made...."[337]; (2) the debtor "received less than a reasonably equivalent value

in exchange for such transfer...."[338]; and (3) the debtor "was insolvent on the date that such transfer

was made … or became insolvent as a result of such transfer...."[339]  While the second element may

be voided by arguments posited above,[340] the most significant, glaring omission from the Plaintiff-

Debtor's adversary proceeding complaint is any allegation of or supporting facts for the very first

element.

      In this regard, a recent Texas bankruptcy case, ***In re Almazan***, illustrates why Plaintiff's

Section 548 claim may not pass the pleading stage under ***Twombly***.  In that case, the debtor Almazan

did not specifically allege the intent, let alone any facts to support such allegation, under Section

548(a)(1)(A), to "hinder, delay or defraud" the creditor."[341]   Moreover, that Court pointed out that

the actual intent is that of the debtor, not the creditor.[342]  Relying upon ***Iqbal*** and the federal pleading

standard already discussed above, the Court held that since Almazan did not allege that he "executed

the notes and deeds of trust with fraudulent intent," the Original Complaint did not state a plausible

claim for relief under Section 548.[343]  The Court then went further, recognizing that although the

Federal Rules of Civil Procedure espouse a policy of liberally granting leave to amend, failing to

---

[337] ***11 U.S.C. § 548(a)(1)(A)***.

[338] ***11 U.S.C. § 548(a)(1)(B)(i)***.

[339] ***11 U.S.C. § 548(a)(1)(B)(i)(I)***.

[340] ***Batlan v. Bledsoe (In re Bledsoe)***, 569 F.3d 1106, 1109 (9th Cir. 2009) ("Following the lead of the Fifth Circuit [citation], we also hold that a dissolution judgment that follows from a regularly conducted, contested divorce proceeding conclusively establishes 'reasonably equivalent value' under 11 U.S.C. § 548(a)(1)(B) in the absence of fraud, collusion, or violation of state law."); ***Ingalls v. Erlewine (In re Erlewine)***, 349 F.3d 205 (5th Cir. 2003).

[341] ***In re Almazan***, No. 10-07017, 2011 WL 841349, at *2-3 (Bankr. S.D. Tex. 2011).

[342] ***Id.***, at *2

[343] ***Ibid.***

allege actual intent is "incurable," and may not be corrected by amendment after a motion to dismiss is granted.[344]

Accordingly, this court should similarly find that Plaintiff's Section 548 claim does not pass the pleading stage under the *Twombly* standard. Nowhere in the Original Complaint does Plaintiff allege that the foreclosure transfer was a result of her actual intent to defraud the creditor. Nowhere in the Original Complaint are there any sufficient facts to support any such allegation as well. The Original Complaint is bereft of any such information that would support such an allegation. As the *Almazan* Court held, this court should dismiss a Section 548 claim that lacks any substance whatsoever, and do so without leave to amend.

## VII.

## PLAINTIFF-DEBTOR HAS FAILED TO STATE A CLAIM FOR AN AVOIDABLE PREFERENTIAL TRANSFER UNDER 11 U.S.C. § 547

Plaintiff-Debtor alleges in her complaint that the transfer of Dr. Rashad's interest in the Aaron Street property to Defendant-Creditor through the April 29, 2010 foreclosure sale may be avoided as a preferential transfer. Although Jane has alleged various elements, she has not alleged sufficient specific facts under *Twombly* to support a Section 547 claim.

A transfer of a debtor's interest in property may be avoided if (1) there has been a "transfer"[345]; (2) the interest of the debtor has been transferred[346]; (3) the transfer is to or for the benefit of a creditor[347]; (4) the transfer is for or on account of an antecedent debt owed by the debtor

---

[344]  *Ibid.*

[345]  *11 U.S.C. § 547(b)* (2011).

[346]  *11 U.S.C. § 547(b)* (2011).

[347]  *11 U.S.C. § 547(b)(1)* (2011).

before such transfer[348]; (5) the transfer was made while the debtor was insolvent[349]; (6) the transfer was made on or within 90 days before the date of the filing of the petition[350]; and (7) the transfer enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of the Bankruptcy Code.[351]  With respect to the sixth element, "a transfer is not made until the debtor has acquired rights in the property transferred."[352]  Plaintiff-Debtor's has failed in dispositive fashion to allege sufficient facts to establish several of the requisite elements of her preferential transfer claim.

The courts have interpreted the second element relating to the transfer of the debtor's interest specifically with respect to FLARPL, significantly finding that if a debtor does not possess the interest being attached **at the time the FLARPL has fixed**, when subsequently pursuing a bankruptcy  avoidance claim, "the fixing was not on the debtor's interest."[353]  Jane has not established that her interest has been transferred; she states that Defendant-Creditor secured Dr. Rashad's payment of attorneys' fees via the January 2008 Deed of Trust for $375,000 and subsequently foreclosed on that property.[354]  Plaintiff-Debtor makes conclusory allegations for novation, substituted contract and release, asserting the November 2009 Stipulation and "Corrected" Judgment created new obligations for Dr. Rashad.  While the court must not accept conclusory allegations as true for purposes of a motion for judgment on the pleadings, even assuming the truth

---

[348] *11 U.S.C. § 547(b)(2)* (2011).

[349] *11 U.S.C. § 547(b)(3)* (2011).

[350] *11 U.S.C. § 547(b)(4)(A)* (2011).

[351] *11 U.S.C. § 547(b)(5)(A)-(C)* (2011).

[352] *11 U.S.C. § 547(e)(3)* (2011).

[353] *In re Scott*, 400 B.R. 257, 266 (Bankr. C.D. Cal. 2009).

[354] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 2, ¶ 8; p. 5, ¶ 20, attached as **Exhibit AA** hereto and filed and served herewith.

of these allegations, Kelly's Aaron Street liens had already been fixed to Dr. Rashad's interest at the time of their creation in January 2008, long prior to Dr. Rashad's purported transfer of his interest in the Aaron Street property to Jane in September or October 2009.[355]

Additionally, the fourth element has been interpreted to reflect that any transfer occurring in relation to any debt obligation to a creditor constitutes an antecedent debt.[356]  However, other than her conclusory assertion, Jane does not allege how Defendant-Creditor's exercise of the power of sale clause contained within the trust deed recorded on the Aaron Street property was in any manner a process related to collecting an **antecedent debt that <u>she</u> owed**; her Original Complaint specifically contradicts this assertion when it alleges that **the FLARPL was entered into to secure Dr. Rashad's dissolution matter attorneys' fees**.[357]  The foreclosure sale did not satisfy any antecedent debt owed by Plaintiff-Debtor to Defendant-Creditor; rather, it satisfied Dr. Rashad's antecedent debt to Defendant-Creditor.  Thus, the foreclosure transfer of Dr. Rashad's interest did not occur in relation to any debt obligation to Defendant from Plaintiff, and Jane's preferential transfer avoidance claim fails as a matter of law.[358]

With respect to the sixth element, Plaintiff-Debtor has not established that the Aaron Street property transfer was made within 90 days prior to the date of the filing of Jane's bankruptcy petition.  Again, the FLARPL placed on Dr. Rashad's interest in the property was fixed at the time of its creation, *i.e.*, in January and February 2008, prior to the interest purportedly being transferred

---

[355] ***Farrey v. Sanderfoot***, 500 U.S. 291, 299 (1991) ("the critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, **before it fixed**."); *In re Scott*, *supra*, 400 B.R. at 260.

[356] ***In re Ehring***, 900 F.2d 184, 188 (9th Cir. 1990).

[357] ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 2, ¶ 8 ("Jane Rashad was not a party to any of these transactions [to secure Dr. Rashad's dissolution action attorneys' fees with Defendant-Creditor]"); p. 5, ¶ 20, attached as **Exhibit AA** hereto and filed and served herewith.

[358] ***In re Ehring***, *supra*, 900 F.2d at 188.

to Plaintiff-Debtor, and certainly long before the start of the 90-day period prior to the bankruptcy petition's filing within which the purportedly preferential transfer sought to be avoided was required to have occurred.  Thus, Plaintiff-Debtor never acquired rights in the half-interest of the Aaron Street property transferred during the foreclosure sale.[359]  Accordingly, regardless of whether the transfer is deemed to be the foreclosure sale itself within 90 days of filing the petition, no rights of Plaintiff-Debtor were ever transferred and the element is not satisfied.  Additionally, any interest purportedly transferred to Jane, whether through the 2009 "Corrected Judgment" or October 2009 Interspousal Transfer Deed, was subsumed by the FLARPL encumbrance.  Plaintiff-Debtor alleges in her Original Complaint that the property was worth $500,000; accordingly, Dr. Rashad's half interest therein would be $250,000.  Therefore, Dr. Rashad would not have any interest in the property to transfer to Plaintiff-Debtor, as the FLARPL secured $375,000, far eclipsing the $250,000 interest in the Aaron Street property that Dr. Rashad purported to transfer to Plaintiff-Debtor.

Finally,  interpreting the seventh element, courts have held a creditor who purchases at a regularly-conducted foreclosure sale has not received more than he would have under Chapter 7 liquidation[360] since the value of the collateral sold is the amount successfully bid at the foreclosure sale.[361]  Moreover, the bankruptcy court may not permit the Plaintiff-Debtor to avoid an otherwise

---

[359]  *11 U.S.C. § 547(e)(3)* (2011).

[360]  *In re FIBSA Forwarding, Inc.*, 230 B.R. 334, 341 n.13 (Bankr. S.D. Tex. 1999).

[361]  *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537-38 (1994) ("market value, as it is commonly understood, has no applicability in the forced-sale context; indeed, it is the very antithesis of forced-sale value.... In short, 'fair market value' presumes market conditions that, by definition, simply do not obtain in the context of a forced sale.") (italics omitted); *Dreyfuss v. Union Bank of Cal.*, 24 Cal. 4th 400, 409-10 (2000) ("Neither appraisal nor judicial determination of fair market value is required as part of nonjudicial foreclosure of real property securing a loan. [Citation.]  Nor is there any requirement that the sales price approximate the fair market value of the property.... [¶] There is no different rule when the creditor is the purchaser of the real property security.  Anyone, including the creditor, can bid at a foreclosure sale. [Citation.]  The creditor is entitled to make a credit bid up to the amount of the indebtedness without payment of additional cash. [Citation.] ( *Civ.*

(continued...)

properly-conducted foreclosure sale solely due to Defendant-Creditor being the highest bidder.[362]

Furthermore, the requirements of the seventh element cannot be met as to a secured creditor since

the transfer involves a return of its collateral to which the creditor would be entitled to receive in a

Chapter 7 case.[363]  Plaintiff-Debtor's conclusory allegation that she is "of the opinion"[364] that Kelly

received more than he would have if Jane had instead filed a Chapter 7 liquidation proceeding does

not establish that the foreclosure sale resulted in such a purported windfall to Kelly.

In looking to any of the respective elements of a preferential transfer avoidance claim, the

Court should find under the ***Twombly*** standard that Plaintiff-Debtor has not provided sufficient

evidence to plausibly support each requisite item.

---

[361] (...continued)
***Code, § 2924h, subd. (b)***.)  Such a credit bid can be made in an amount up to the sum of the total amount due, including the fees and expenses of the trustee. ( ***Civ. Code, § 2924h, subd. (b)***.)  '[T]he mortgagee is not required to open the bidding with a full credit bid, but may bid whatever amount he thinks the property worth. Indeed, "many creditors continually enter low credit bids ... to provide access to additional security or additional funds." [Citation.] It has been said that this is what the creditor should do....' ( ***Cornelison v. Kornbluth*** (1975) 15 Cal. 3d 590, 607."); ***Alliance Mortgage Co. v. Rothwell***, 10 Cal. 4th 1226, 1236 (1995); ***BFP***, ***supra***, 511 U.S. at 542 ("mere inadequacy of the foreclosure sale price is no basis for setting the sale aside, though it may be set aside... if the price is so low as to 'shock the conscience or raise a presumption of fraud or unfairness.' "); ***Dreyfuss***, ***supra***, 24 Cal. 4th at 410 n.5 (pointing out that Legislature has enacted debtor protection provisions mandating minimum bidding at execution sales on judgment debtor's dwelling, including requirement of judicial determination of fair market value of dwelling, thereby reflecting that Legislature "clearly knows how to regulate the bidding process to narrow the gap between a forced sale and a sale under normal market conditions.  **Significantly, [the Legislature] has not done so with regard to the bidding procedures at a nonjudicial foreclosure sale**.") (emphasis added); ***Moeller v. Lien***, 25 Cal. App. 4th 822 (1994) (nonjudicial foreclosure sale price of only 25 percent of value of property not grounds for invalidating sale).

[362] ***In re FIBSA Forwarding, Inc.***, ***supra***, 230 B.R. 334

[363] ***In re Rambo***, 297 B.R. 418, 427-28 (Bankr. E.D. Pa. 2003).

[364] ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 9, ¶ 39, attached as **Exhibit AA** hereto and filed and served herewith.

# VIII.

## PLAINTIFF-DEBTOR'S NOT-EVEN-BARE-BONES CLAIM OF DEFECTIVE FORECLOSURE NOTICE SHOULD BE SUMMARILY DISREGARDED AS BEREFT OF ANY NECESSARY DETAILS OR SUBSTANTIVE ALLEGATIONS

### A.    Introduction

"There is a presumption that a sale under a deed of trust was conducted regularly and fairly, and the burden is on the party attacking the validity of the sale to overcome that presumption."[365] "A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice."[366]   When a recital constitutes conclusive evidence, it

---

[365] *Ferguson v. Avelo Mortgage, LLC*, 195 Cal. App. 4th 1618, 1623-24 (Ct. App. 2011), *citing* CAL. CIV. CODE § 2924; *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1113 (Ct. App. 1990), *citing* CAL. CIV. CODE § 2924, *and* Bernhardt, *Cal. Mortgage and Deed of Trust Practice* (Cont.Ed.Bar 1990) §§ 6.39, 6.40, pp. 317, 319; *6 Angels, Inc. v. Stuart–Wright Mortgage, Inc.*, 85 Cal. App. 4th 1279, 1284 (Ct. App. 2001) (there is common law rebuttable presumption that foreclosure sales are conducted regularly and fairly); *Royal Thrift & Loan Co. v. County Escrow, Inc.*, 123 Cal. App. 4th 24, 32 (Ct. App. 2004) (same); *Millennium Rock Mortgage, Inc. v. T.D. Service Co.*, 179 Cal. App. 4th 804, 809 (Ct. App. 2009) (presumption does not arise until deed is delivered).

[366] CAL. CIV. CODE § 2924(c) (LexisNexis 2009); *Homestead Savings v. Darmiento*, 230 Cal. App. 3d 424, 432-36 (Ct. App. 1991) (conclusive presumption that proper notice has been given is not violation of due process with regard to junior lienholder who was not given notice); *Pierson v. Fischer*, 131 Cal. App. 2d 208, 216-17 (Ct. App. 1955) (trust deed provision that recital is conclusive did not violate Civil Code section 2953, which provides that any waiver of statutory rights in loan agreement void); *see also Melendrez v. D & I Investment, Inc.*, 127 Cal. App. 4th 1238, 1256 (Ct. App. 2005) (conclusive presumption language in *Civ. Code § 2924(c)* applies only to challenges to statutory compliance with regard to default and sales notices, although court recognized dictum in other cases suggesting that conclusive presumption applies across the board to any claimed irregularities in trustee's sale), *citing for that latter proposition Moeller*, *supra*, 25 Cal. App. 4th at 831 *and Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App.

(continued...)

cannot be refuted in the absence of a showing of actual fraud.[367]

In the instant matter, the deed of trust at issue provided that "The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof."[368]  The trustee's deed of sale provided that "All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with."[369]  While the presumption is rebuttable, successful rebuttal requires substantial evidence of a failure to comply with the procedural requirements to the challenging party's prejudice.[370]  However, Plaintiff-Debtor does not allege in her complaint that any material and prejudicial irregularity in the foreclosure notice procedures occurred,[371] that Aaron Street was sold for a grossly inadequate price,[372] some

---

[366] (...continued)
4th 807, 817 (Ct. App. 2003).

[367] *Central Nat. Bank v. Bell*, 5 Cal. 2d 324, 327-28 (1936); *Karrell v. First Thrift of Los Angeles*, 104 Cal. App. 2d 536, 539 (Ct. App. 1951)

[368] *Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly*, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008, ¶ 11, attached as **Exhibit F** hereto and filed and served herewith; *see, e.g., CAL. EVID. CODE § 622* ("The facts recited in a written instrument are **conclusively presumed to be true as between the parties thereto**, or their successors in interest....") (emphasis added).

[369] *Trustee's Deed Upon Sale re 2460 Aaron Street*, dated April 29, 2010 and recorded in the Los Angeles County Recorder's Office on May 3, 2010, attached as **Exhibit Z** hereto and filed and served herewith.

[370] *Knapp v. Doherty*, 123 Cal. App. 4th 76, 86 n. 4 (Ct. App. 2004); *6 Angels*, *supra*, 85 Cal. App. 4th at 1284.

[371] *Angell v. Superior Court (Verdugo Trustee Service Corp.)*, 73 Cal. App. 4th 691, 699-701 (Ct. App. 1999) (notice of default and notice of sale grossly understated amount owed based on one note when in fact trust deed secured two notes); *Miller v. Cote*, 127 Cal. App. 3d 888, 894 (Ct. App. 1982) (notice of default premature and thus specified default was no default); *System Invest. Corp. v. Union Bank*, 21 Cal. App. 3d 137, 152-53 (Ct. App. 1971) (failure to state in notice of default nature of payment due, *i.e.*, whether interest, principal or otherwise); *compare Knapp*, *supra*, 123 Cal. App. 4th at 97-99 (where no evidence presented that notice of default did not properly state nature or amount of default, inaccuracy regarding default date immaterial and not basis for set-aside)
(continued...)

**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

combination of the two,[373] that there was some mistake of such magnitude "that to allow it to stand would be inequitable to the purchaser and parties,"[374] or that Defendant-Creditor engaged in any fraud in seeing the sale through to its fruition.[375]

### B.  Plaintiff-Debtor Omits Numerous Necessary General Allegations from Her Claim of Defective Notice of the Foreclosure Sale

Instead, Plaintiff-Debtor groundlessly and in conclusory fashion alleges that since her late ex-husband passed away in February 2010,[376] any notice of the foreclosure sale was ineffective.[377]

---

[371] (...continued)
*and Hanlon v. Western Loan & Bldg. Co.*, 46 Cal. App. 2d 580, 600-01 (Ct. App. 1941) (notice of default valid despite misstatement of name of county where property located because property description was surplusage (notice referred to book and page where trust deed recorded), and description included reference to specific intersection of property location, making county misdesignation obvious)

[372] *See, e.g., 6 Angels*, *supra*, 85 Cal. App. 4th at 1284-85 (clerical error in instructing trustee of opening bid ($10,000 rather than $100,000) not ground for aborting sale); *Knapp*, *supra*, 123 Cal. App. 4th at 93.

[373] *Millennium Rock Mortgage*, *supra*, 179 Cal. App. 4th at 810-11(sale voidable at trustee's option where auctioneer mistakenly opened bidding with credit bid from different foreclosure that was only fraction of what was actually owed (irregularity, gross inadequacy of price and unfairness "all abundantly present"); *Angell*, *supra*, 73 Cal. App. 4th at 700 (trustee justified aborting sale for slight irregularity when coupled with grossly inadequate sale price); *Whitman v. Transtate Title Co.*, 165 Cal. App. 3d 312, 322-23 (Ct. App. 1985) (inadequate price coupled with denial of request for one-day postponement of sale proper ground for aborting sale); *but see Knapp*, *supra*, 123 Cal. App. 4th at 94-97 (inadequate price coupled with premature notice of trustee's sale, in effect giving too much notice of sale, not ground for set-aside).

[374] *Bank of America Nat'l Trust & Sav. Ass'n v. Reidy*, 15 Cal. 2d 243, 248 (1940).

[375] *Lo v. Jensen*, 88 Cal. App. 4th 1093, 1095-96 (Ct. App. 2001) (two competitive bidders joined together in violation of Civil Code § 2924h(g) and in restraint of competition, resulting in artificially low price); *South Bay Bldg. Enterprises, Inc. v. Riviera Lend–Lease, Inc.*, 72 Cal. App. 4th 1111, 1121 (Ct. App. 1999).

[376] *But see Bankruptcy Court's Mem. Op. Ruling on Defendant-Creditor J. Michael Kelly's Mot. for Mandatory Abstention, etc.*, dated and filed December 2, 2010 (Docket No. 18, Adv. No. 10-03362), p. 3 n. 2 ("Although Debtor states in her pleadings that Dr. Rashad's death occurred in February, 2010, she testified at the hearing on the instant motions that his death occurred on March 17, 2010.").

[377] *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-
(continued...)

It is difficult to fathom how this bare-bones non-sequitur constitutes a basis upon which to void the Aaron Street foreclosure sale given that Plaintiff-Debtor's allegations do not include, *inter alia*,

- how Plaintiff-Debtor purports to have standing to complain about any defect in notice since, by her own admission,[378] she was not a party to the deed of trust/FLARPL transaction;

- the date or dates that the foreclosure notice and/or notice of default and intent to sell under deed of trust were recorded and served, so that it could be ascertained whether the notices were timely and whether they preceded Dr. Rashad's demise;

- on whom those notices were served upon;

- that the notices were never served or that they were not received;

- the form that those notices were to take, what they required to contain, the mandated timing therefor, the governing legal authority, and/or in what way the notices served were in any manner defective;

- how Dr. Rashad's death precluded effective notice of the foreclosure sale;

- that Plaintiff-Debtor is an heir or Dr. Rashad or the administratrix or executrix of his estate or that she is in any way his personal representative or had been appointed his special administratrix or guardian *ad litem*;[379]

---

[377] (...continued)
03362), p. 7, ¶ 27, attached as **Exhibit AA** hereto and filed and served herewith.

[378] ***Plaintiff-Debtor's Orig. Compl.***, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 2, ¶ 8 ("Jane Rashad was not a party to any of these transactions [relating to the multiple deeds of trust Dr. Rashad entered into with Defendant-Creditor] ... in order to secure the payment of attorneys fees...."), attached as **Exhibit AA** hereto and filed and served herewith.

[379] *CAL. CODE CIV. PROC. §§ 377.10, 377.11* (LexisNexis 2011) (defining "beneficiary of decedent's estate" and "decedent's successor in interest"); *CAL. CODE CIV. PROC. § 377.20(a)* (LexisNexis 2011) ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations (continued...)

- that she or anyone related to Dr. Rashad or associated with his affairs ever complied with their statutory duties by providing notice of Dr. Rashad's death to the court in which his dissolution matter was pending[380] or to Defendant-Creditor as a "known or reasonably ascertainable creditor"[381] who clearly had a claim against his estate

---

[379] (...continued)
period."); *CAL. CODE CIV. PROC. § 377.21* (LexisNexis 2011) ("A pending action or proceeding does not abate by the death of a party if the cause of action survives."); *CAL. CODE CIV. PROC. § 377.31* (LexisNexis 2011) ("On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest."); *CAL. CODE CIV. PROC. § 377.33* (LexisNexis 2011) ("The court in which an action is commenced or continued under this article [governing the death of a party] may make any order concerning parties that is appropriate to ensure proper administration of justice in the case, **including appointment of the decedent's successor in interest as a special administrator or guardian ad litem.**") (emphasis added)

[380] *CAL. CODE CIV. PROC. § 377.32* (LexisNexis 2011) ("(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following: [¶] (1) The decedent's name. [¶] (2) The date and place of the decedent's death. [¶] (3) 'No proceeding is now pending in California for administration of the decedent's estate.' [¶] (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. [¶] (5) Either of the following, as appropriate, with facts in support thereof: [¶] (A) 'The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.' [¶] (B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding.' [¶] (6) 'No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.' [¶] (7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.' [¶] (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact. [¶] (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.")

[381] *CAL. PROB. CODE § 9050(a)* (LexisNexis 2011) ("the personal representative shall give notice of administration of the estate to the known or reasonably ascertainable creditors of the decedent.... For the purpose of this subdivision, a personal representative has knowledge of a creditor of the decedent if the personal representative is aware that the creditor has demanded payment from the decedent or the estate."); *CAL. PROB. CODE § 9052(a)* (LexisNexis 2011) (required form of notice to creditors regarding administration of decedent's estate).

upon the initiation of probate proceedings[382]; and perhaps most importantly,

●      that she or anyone on her or Dr. Rashad's behalf ever proffered to Defendant-Creditor an attempted tender or the present ability to do so of the full amount of the obligation due.

**C.**      **Defendant-Creditor Effectuated Proper Notice of the Aaron Street Foreclosure Sale**

In essence, if Dr. Rashad's death precluded effective notice regarding the foreclosure sale, it is primarily the fault of Plaintiff-Debtor that such notice was not effectuated since she did nothing to put Defendant-Creditor and Dr. Rashad's other creditors on timely notice of the latter's death, as required under California state law. Without more factual allegations, it simply does not follow that just because Dr. Rashad has died (apparently on a date of which Plaintiff-Debtor is wildly

---

[382] *CAL. PROB. CODE § 200* (LexisNexis 2011) ("If title to or an interest in real or personal property is affected by the death of a person, another person who claims an interest in the property may commence proceedings pursuant to this chapter to establish the fact of the death"); *CAL. PROB. CODE § 201* (LexisNexis 2011) ("Proceedings under this chapter shall be commenced in the superior court of the county of which the decedent was a resident at the time of death or in the superior court of any county in which the property is located. [¶] (b) Proceedings under this chapter shall be commenced by filing a petition that sets forth all of the following information: [¶] (1) The jurisdictional facts. [¶] (2) A particular description of the affected property and of the interest of the petitioner in the property."); *CAL. PROB. CODE §§ 203(a), 1220, 8100, 8110, 8112, 8120, et seq., 9001(a)* (LexisNexis 2011) (required form and timing of notice to creditors of hearing to establish fact of death and of proceedings to administer decedent's estate); *CAL. PROB. CODE § 210* (LexisNexis 2011) ("If title to real property is affected by the death of a person, any person may record in the county in which the property is located any of the following documents establishing the fact of the death: [¶] (a) An affidavit of death executed by a person having knowledge of the facts. The affidavit shall include a particular description of the real property and an attested or certified copy of a record of the death made and filed in a designated public office as required by law. [¶] (b) A certified copy of a court order that determines the fact of death made pursuant to Chapter 1 (commencing with Section 200) or pursuant to another statute that provides for a determination of the fact of death."); *CAL. PROB. CODE § 212* (LexisNexis 2011) ("A document establishing the fact of the death of a person recorded pursuant to this chapter is prima facie evidence of the death insofar as the document identifies real property located in the county, title to which is affected by the death. The presumption established by this section is a presumption affecting the burden of producing evidence.").

uncertain)[383] that notice of the Aaron Street foreclosure was in any manner defective.  In fact, Defendant-Creditor was under no obligation to take any steps to discover Dr. Rashad's current address or **to determine whether he was living**.[384]

In any case, this red herring basis for Plaintiff-Debtor's claim should be summarily disposed of in light of Defendant-Creditor's compliance with the applicable foreclosure notice statutory scheme, which provides that normally, at least three months must elapse from the date of recording of the notice of default before the trustee or other person authorized to make the sale may give notice of the sale, assuming there has been no reinstatement, redemption, or waiver of the default.[385]  The governing statute requires only the passage of a minimum period between the recording of the notice of default and the giving of the notice of sale; the trustee may wait a longer period if the delay does not prejudice the trustor.[386]  At least 20 days before the date set for the sale, a written notice must be posted in one public place in the city in which the property is to be sold, or if it is not to be sold in a city, the notice must be posted in one public place in the judicial district in which the property is to be sold.[387]  Public places include a courthouse.[388]  A copy of the notice must also be posted in

---

[383] *See **Bankruptcy Court's Mem. Op. Ruling on Defendant-Creditor J. Michael Kelly's Mot. for Mandatory Abstention, etc.**,* dated and filed December 2, 2010 (Docket No. 18, Adv. No. 10-03362), p. 3 n. 2 ("Although Debtor states in her pleadings that Dr. Rashad's death occurred in February, 2010, she testified at the hearing on the instant motions that his death occurred on March 17, 2010.").

[384] ***I.E. Associates v. Safeco Title Ins. Co.***, 39 Cal. 3d 281, 285-89 (1985) (trustee's statutory duty to provide notice is exclusive, and trustee not liable, as common agent of the parties, for any failure to provide actual notice to trustor after meeting requirements of Civ. Code § 2924b); *see, e.g., **In re Estate of Yates***, 25 Cal. App. 4th 511, 521 (Ct. App. 1994) (if trustee has **actual knowledge** that trustor died and that deceased trustor's estate is being administered by public administrator, trustee obligated to send the notice to public administrator).

[385] *CAL. CIV. CODE § 2924(a)(3)* (LexisNexis 2009).

[386] ***Arata v. Downer***, 21 Cal. App. 2d 406, 408-09 (Ct. App. 1937).

[387] *CAL. CIV. CODE § 2924f(b)(1)* (LexisNexis 2009).

[388] ***McCabe v. Willard***, 119 Cal. App. 122, 125 (Ct. App. 1931).

some conspicuous place on the property to be sold, when posting is possible and not restricted for any reason, and when the property is a single-family residence, the notice must be posted on the front door, but if that posting is not possible or restricted, then in some other conspicuous place on the property; if access is denied because a common entrance to the property is restricted by a guard gate or similar impediment, the notice may be posted at that guard gate or impediment.[389]

At least 20 days before the date set for the sale, the notice of sale must be recorded with the county recorder of the county in which all or part of the property is located.[390]  Then, at least 20 days before the date of sale, the trustee or other person authorized to record the notice of default (including an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee) must send, or cause to be sent, a copy of the notice of the time and place of sale, by registered or certified mail, with postage prepaid, addressed to (1) each person entitled to receive notice by reason of a duly recorded request,[391] at the address designated in the request, and (2) each trustor, at the last known address if it is different from the address specified in the trust deed.[392]  The person sending the copies of the notice of sale must also simultaneously send or cause to be sent, by regular first-class mail, with postage prepaid, an additional copy of the required notice, addressed to each trustor at the same address to which the notice is sent by registered or certified mail.  The sender must execute and retain an affidavit or declaration[393] showing that this requirement was met.  In the absence of fraud,

---

[389]  *CAL. CIV. CODE § 2924f(b)(1)* (LexisNexis 2009).

[390]  *CAL. CIV. CODE § 2924f(b)(1)* (LexisNexis 2009).

[391]  *CAL. CIV. CODE § 2924b(a)&(d)* (LexisNexis 2009).

[392]  *CAL. CIV. CODE § 2924b(b)(2)&(4)* (LexisNexis 2009).

[393]  *See CAL. CODE CIV. PROC. § 2015.5* (LexisNexis 2009).

the affidavit establishes a conclusive presumption of mailing.[394]  Finally, at least 20 days before the

date of sale, a copy of the notice of sale must be mailed in the same manner to each person entitled

to receive a notice of default.[395]

  As the relevant documents indisputably establish, and of which it is proper for the Court to

consider in ruling on the instant motion in light of Plaintiff-Debtor's direct reference to the notice

in her Original Complaint as well as being the proper subject of judicial notice, Defendant-Creditor

fully complied with the applicable statutory provisions.  The foreclosure sale was originally

scheduled for May 18, 2009; the "Notice of Default and Election to Sell Under Deed of Trust"[396] was

recorded in the office of the Los Angeles County Registrar-Recorder/County Clerk's Office on

September 29, 2008, and served by mail on both Dr. Rashad and Plaintiff-Debtor on April 27,

2009.[397]  On April 24, 2009, the notice of trustee's sale was posted on the access gate of the gated-

community where the Aaron Street property is located and on the bulletin board of the Pomona

courthouse where sale was to take place.  The notice of trustee's sale was then recorded on April 27,

---

[394] *CAL. CIV. CODE § 2924b(e)* (LexisNexis 2009); *CAL. CIV. CODE § 2924(c)* (LexisNexis 2009).

[395] *CAL. CIV. CODE § 2924b(c)(1)-(3)* (LexisNexis 2009).

[396] *Notice of Default and Election to Sell Under Deed of Trust*, dated September 26, 2008 and recorded in the Los Angeles County Recorder's Office on September 29, 2008, attached as **Exhibit H** hereto and filed and served herewith.

[397] *See CAL. CODE CIV. PROC. § 1013(a)* (LexisNexis 2011) ("In case of service by mail, the notice or other paper shall be deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence.  **The service is complete at the time of the deposit**...") (emphasis added).

2009,[398] and published in the Los Angeles Bulletin[399] on April 27, May 4 and 11, 2009.[400]

The notices were clearly effective and received[401] by Plaintiff-Debtor and her late ex-husband since the Rashads prosecuted on May 4, 2009 a no-notice *ex parte* order to show cause[402] seeking, *inter alia*, a stay of the pending Aaron Street foreclosure sale on basis of their purported concern that the property would sell at auction below its perceived fair market value.  The trial court issued the requested stay conditioned on the Rashads retaining the services of a real estate broker within 21 days to list the property for sale and cooperating in all facets to facilitate that transaction.[403] Consistent with the Rashads' dilatory tactics of obfuscation and delay over the past almost-three years, they ignored the trial court's orders.  Therefore, on November 20, 2009, Defendant-Creditor

---

[398] ***Notice of Trustee's Sale of Aaron Street Property***, dated April 23, 2009, attached as **Exhibit L** hereto and filed and served herewith.

[399] *See* **CAL. GOV'T CODE § 6000** (LexisNexis 2011) (defining newspaper of general circulation).

[400] ***Declaration of Publication re Notice of Trustee's Sale of Aaron Street Property***, dated May 11, 2009, attached as **Exhibit O** hereto and filed and served herewith.

[401] *See, e.g.,* **CAL. EVID. CODE § 641** (LexisNexis 2011) ("A letter correctly addresses and properly mailed is presumed to have been received in the ordinary course of mail."); ***Craig v. Brown & Root, Inc.***, 84 Cal. App. 4th 416 (Ct. App. 2000) (Evidence that copies of employer's memorandum and brochure were twice mailed to employee's home address created presumption that employee received documents); ***REO Broadcasting Consultants v. Martin***, 69 Cal. App. 4th 489 (Ct. App. 1999) (presumption that letter correctly addressed and properly mailed has been received in ordinary course of the mail)

[402] ***Jane Rashad's Ex Parte Order to Show Cause Seeking Stay of Enforcement***, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit M** hereto and filed and served herewith.

[403] ***California Superior Court's Order After Hearing on the Court's Order to Show Cause of May 4, 2009***, p. 3, ¶ 6; p. 4, ¶ 8, dated and filed in LASC Case No. BD392871 on July 1, 2009, attached as **Exhibit GG** hereto and filed and served herewith; ***California Superior Court's Minute Order Temporarily Granting Jane Rashad's Ex Parte Order to Show Cause to Stay Enforcement and Sales of Aaron Street and Maroneal Properties***, dated and filed in LASC Case No. BD392871 on April 30, 2009, attached as **Exhibit N** hereto and filed and served herewith.

moved the court to lift the stay.[404]  Defendant-Creditor's action were not in violation of the appellate stay discussed above since the trial court retained jurisdiction over enforcement of judgment matters.[405]  Dr. Rashad was served with Defendant-Creditor's *ex parte* paperwork seeking to have the stay lifted and released, and both he and Plaintiff-Debtor were present during the proceedings on Defendant-Creditor's motion.  The Court granted Defendant-Creditor's motion and ordered the stay lifted, stating "Law Offices of Michael Kelly may, forthwith, proceed with the pending foreclosure sale (Trustee's Sale) of the Aaron Street Property...."[406]; the court's order did not address or require that Defendant-Creditor provide the Rashads with any additional notice regarding the sale.[407]  Notice of the entry of said order was properly served on both Rashads on December 3, 2009.[408]  Aaron Street was not sold until April 29, 2010.

The Rashads were patently on record and actual notice that foreclosure of the deed of trust

---

[404] *J. Michael Kelly's Ex Parte Application to Lift and Release Stay of Enforcement*, dated November 19, 2009 and filed in LASC Case No. BD392871 on November 20, 2009, attached as **Exhibit U** hereto and filed and served herewith.

[405] *CAL. CODE CIV. PROC. § 916(b)* ("When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from.").

[406] *Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009*, dated, entered and filed November 20, 2009, p, 2, l. 20-22, attached as **Exhibit V** hereto and filed and served herewith.

[407] *CAL. CIV. CODE § 2924g(d)* (LexisNexis 2009) (trustee's foreclosure sale postponed by reason of injunction or stay by operation of law may be conducted no sooner than seventh day after the earlier of dismissal of action, or expiration or termination of injunction or stay unless court order expressly directs the sale to occur within that seven-day period); *Hicks v. E.T. Legg & Assocs.*, 89 Cal. App. 4th 496, 504 (Ct. App. 2001); *In re Nghiem*, 264 B.R. 557, 561 (9th Cir. B.A.P. 2001), *aff'd* 53 Fed. Appx. 489 (9th Cir. 2002) (applying California law; creditor who made oral postponements of trustee's sale during bankruptcy stay **allowed to proceed with sale <u>immediately</u>** upon dismissal of bankruptcy case); *Tully v. World Sav. & Loan Ass'n*, 56 Cal. App. 4th 654, 664 (Ct. App. 1997).

[408] *Notice of Entry of Order Granting Ex Parte Application to Release Stay Ordered May 4, 2009*, Proof of Service attached thereto and filed ands served therewith, dated December 2, 2009 and filed December 3, 2009, attached as **Exhibit W** hereto and filed and served herewith.

on Aaron Street was being sought and was imminent; they received all the timely notices to which they were statutorily entitled to under California law and Plaintiff-Debtor cannot be heard to complain about purportedly defective notice of the pending foreclosure on Aaron Street under the circumstances of the instant matter; the statutory presumption[409] that the foreclosure was properly, regularly and fairly conducted and that all notices were properly and effectively served has not been rebutted by the bare-bones assertions within Plaintiff-Debtor's complaint, even under Rule 8's liberal pleading standards.

### D.   Even if the Aaron Street Foreclosure Notice was in Any Way Defective, Plaintiff-Debtor's Failure to Allege an Attempted Tender or a Present Ability to Do So Vitiates Her Claim

As noted above, "[a]bsent any evidence to the contrary, a nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly. [Citation.] However, irregularities in a nonjudicial trustee's sale may be grounds for setting it aside if they are prejudicial to the party challenging the sale."[410]   "Setting aside a nonjudicial foreclosure sale is an equitable remedy."[411] However, "**[a] court will not grant equitable relief to a plaintiff unless the plaintiff does equity**."[412]   A trustee or mortgagee may not "invoke the jurisdiction of a court of equity to set [a security foreclosure] aside when the complaint fails to show payment of the obligation for which the

---

[409] *CAL. CIV. CODE § 2924(c)* (LexisNexis 2009).

[410] *Ferguson*, *supra*, 195 Cal. App. 4th at 1623-24; *Lo*, *supra*, 88 Cal. App. 4th at 1097-98; *Angell*, *supra*, 73 Cal. App. 4th at 700 ("In order to challenge the sale successfully there must be evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale.") (internal quotations omitted).

[411] *Ferguson*, *supra*, 195 Cal. App. 4th at 1624; *Lo*, *supra*, 88 Cal. App. 4th at 1098 ("A debtor may apply to a court of equity to set aside a trust deed foreclosure on allegations of unfairness or irregularity that, coupled with the inadequacy of price obtained at the sale, mean that it is appropriate to invalidate the sale.").

[412] *Ferguson*, *supra*, 195 Cal. App. 4th at 1624; *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578-79 (Ct. App. 1984); *see also* 13 B.E. Witkin, *Summ. Cal. Law*, Equity, § 6 (10th ed. 2005), pp. 286–287.

party was security or an offer in good faith to pay and that implicit in such offer must be the ability to pay."[413] "Thus, '[i]t is settled that **an action to set aside a trustee's sale for irregularities in sale notice or procedure <u>should be accompanied by an offer to pay the full amount of the debt for which the property was security</u>.' "[414]** A tender is an offer of performance made with the intent to extinguish the obligation[415]; it must be unconditional[416] and offer full performance to be valid.[417] The rationale behind the tender rule is that **irregularities in the foreclosure sale do not damage the party objecting to the sale's procedure where <u>the objecting party could not redeem property had sale procedures been proper</u>**.[418] The only exception to the requirement of a tender is where it would be inequitable to do so, such as specifically "if the [plaintiff's] action attacks **the validity of the underlying debt**, a tender is not required since it would constitute an affirmative of the debt."[419] Plaintiff-Debtor has at no point in her Original Complaint challenged the validity of Dr. Rashad's attorney fee debt underlying the deed of trust security instrument, and thus was required to allege tender to set aside the disputed Aaron Street foreclosure sale.

With Dr. Rashad's passing, Plaintiff-Debtor wants to keep Aaron Street all to herself; she did not want the property to be foreclosed on, yet she never properly alleges any payment or ability of payment for the outstanding debt in place of the Aaron Street security. Plaintiff-Debtor fails to

---

[413]  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (Ct. App. 1971).

[414]  *Ferguson*, *supra*, 195 Cal. App. 4th at 1624, quoting *Arnolds Management*, *supra*, 158 Cal. App. 3d at 578; *Karlsen*, *supra*, 15 Cal. App. 3d at 117 (valid and viable tender of outstanding debt is prerequisite to state a cause of action to set aside foreclosure sale).

[415]  *Cal. Civ. Code § 1485* (LexisNexis 2011).

[416]  *Cal. Civ. Code § 1494* (LexisNexis 2011).

[417]  *Cal. Civ. Code § 1486* (LexisNexis 2011).

[418]  *FPCI RE-HAB 01 v. E&G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (Ct. App. 1989).

[419]  *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (Ct. App. 1997) (emphasis added; internal quotation marks omitted).

allege specifics within her Original Complaint with respect to how the foreclosure sale notice was purportedly defective as well as how any alleged improper notice supposedly prejudiced her; in the fatal absence of Jane alleging a valid and viable tender to cover the outstanding debt, she is without recourse to set aside the Aaron Street foreclosure sale.

## IX.

### IN ANTICIPATION OF PLAINTIFF-DEBTOR'S REQUEST FOR LEAVE TO AMEND, DEFENDANT-CREDITOR ADDRESSES THE EXPECTED AMENDMENT BASED UPON CALIFORNIA'S "ONE FORM OF ACTION" RULE REFLECTED IN DEFENDANT-CREDITOR'S PROPOSED FIRST AMENDED COMPLAINT

In March 2011, after Plaintiff-Debtor raised the "One Action Rule" for the first time in her proposed Joint Pretrial Statement, the parties met and conferred, agreeing to consolidate the trials of this matter with the Maroneal adversary proceeding,[420] still on calendar at the time,[421] in order to, *inter alia*, permit Plaintiff-Debtor to file and serve her First Amended Complaint so that claim could be properly raised. Plaintiff-Debtor never followed through pursuing a stipulation to amend her adversary proceeding complaint, nor sought leave from the Court to file same, and in fact never filed and served the First Amended Complaint. However, to properly and permanently dispose of this matter, Defendant-Creditor herein addresses the inapplicability of this legal theory to preclude Plaintiff-Debtor leave to amend after an over three-month delay.

---

[420] *See Agreed Motion for Entry of Agreed Order Amending Scheduling Order*, dated March 7, 2011 (Docket No. 28, Adv. No. 10-03362), *and Agreed Order Amending Scheduling Order*, dated and entered March 10, 2011 (Docket No. 30, Adv. No. 10-03362).

[421] *See Bankruptcy Court's Order Abstaining from Consideration of Remainder of Issues in the Instant Adversary Proceeding*, dated and entered on May 9, 2011 (Docket No. 57, Adv. No. 10-03433), *and Bankruptcy Court's Mem. Op. Ruling on Motion of Garza Properties LLC d/b/a/ Garza Maldonado Properties LLC for Relief from Automatic Stay to Proceed with State Court Litigation*, dated and entered on May 9, 2011 (Docket No. 59, Adv. No. 10-03433) (dismissing Plaintiff-Debtor's adversary proceeding relating to Maroneal property).

## A.        Introduction

California's "One Action" Rule provides that

There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter.  In the action the court may, by its judgment, direct the sale of the encumbered real property or estate for years therein (or so much of the real property or estate for years as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, the expenses of levy and sale, and the amount due plaintiff, including where the mortgage provides for the payment of attorney's fees, the sum for attorney's fees as the court shall find reasonable, not exceeding the amount named in the mortgage.[422]

In attempting to set aside the April 29, 2010 Aaron Street foreclosure sale, Plaintiff-Debtor alleges that by agreeing to the November 2009 Stipulation, Defendant-Creditor commenced an action that triggered the "One Action" Rule and required Defendant-Creditor to obtain a judicial foreclosure order to foreclose on all properties subject to his liens in one action, which Defendant-Creditor fatally did not do.[423]   In the alternative, Plaintiff-Debtor alleges that by executing against the Maroneal property in Houston, Texas on March 2, 2010 through enforcement of the various California state judgments entered against Jane and domesticated in Texas, Defendant-Creditor waived the right to foreclose on Dr. Rashad's interest in the Aaron Street property.[424]  As elaborated on below, Plaintiff-Debtor's "One Action" Rule claims are inapplicable to the case at bar, and her allegations are insufficient to proceed past the pleading stage.

---

[422] *CAL. CIV. CODE § 726(a)* (LexisNexis 2011); *see* text of footnote 198, *supra*, regarding similarity and virtual interchangeability of terms "deed of trust" and "mortgage."

[423] *Plaintiff-Debtor's Proposed First Am. Compl.*, pp. 9-10, ¶ 44, attached as **Exhibit BB** hereto and filed and served herewith.

[424] *Plaintiff-Debtor's Proposed First Am. Compl.*, p. 10, ¶ 45, attached as **Exhibit BB** hereto and filed and served herewith.

### B.      Plaintiff-Debtor Has Relied upon Inapplicable Law

From the outset, it bears pointing out that Plaintiff-Debtor purports to rely on California Code of Civil Procedure sections 580(b) and 580(d),[425] statutory anti-deficiency provisions inapposite to the instant proceedings.  California Code of Civil Procedure section 580(b) is inapplicable since it relates solely to the relief available in "limited"[426] California state court actions,[427] while California Code of Civil Procedure section 580(d) **does not exist**.  Assuming that Plaintiff-Debtor meant to cite to California Code of Civil Procedure section 580b, the provision is likewise inapplicable since it relates to prescribing deficiency judgments in cases involving foreclosure on notes securing loans used for the **purchase price** of that dwelling and/or real property used as security for the loan.[428]  Only California Code of Civil Procedure section 580d may be relevant to Jane's claims since it prohibits a creditor's pursuit of a deficiency judgment after exercising the power of sale clause

---

[425]  ***Plaintiff-Debtor's Proposed First Am. Compl.***, p. 9, ¶¶ 40, 43, attached as **Exhibit BB** hereto and filed and served herewith.

[426]  *CAL. CODE CIV. PROC. § 85* (LexisNexis 2011) ("An action or special proceeding shall be treated as a limited civil case if [*inter alia*,] ... [¶] [t]he amount in controversy does not exceed twenty-five thousand dollars....").

[427]  *CAL. CODE CIV. PROC. § 580(b)* (LexisNexis 2011) ("Notwithstanding subdivision (a) [relating to limiting relief granted to a plaintiff in a default judgment to not exceed that demanded in complaint], the following types of relief may not be granted in a limited civil case: [¶] (1) Relief exceeding the maximum amount in controversy for a limited civil case as provided in Section 85, exclusive of attorney's fees, interest, and costs. [¶] (2) A permanent injunction, except as otherwise authorized by statute. [¶] (3) A determination of title to real property. [¶] (4) Declaratory relief, except as authorized by Section 86.")

[428]  *CAL. CODE CIV. PROC. § 580b* (LexisNexis 2011) ("No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser. [¶] Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein.")

contained within a deed of trust to foreclose and sell the property pledged as security for the loan

obligation;[429] Plaintiff-Debtor's incorrect citation to a statutory provision, constituting a

misstatement of a legal conclusion, should not be "reformed," even with the liberal construction

rules that apply to the Court's review of Jane's complaint within the context of the instant motion

for judgment on the pleadings,[430] particularly since this did not involve, for instance, Plaintiff-Debtor

quoting the proper statute in her pleading but merely making a typographical error in its citation.

### C.    Plaintiff-Debtor Lacks Necessary Standing to Assert Any Purported "One Action" Rule Violation

Prior to a discussion of the meritless nature of Jane's "One Action" Rule allegations,

Defendant-Creditor contends that Plaintiff-Debtor lacks the necessary standing to assert this

particular claim.  To rightfully challenge the foreclosure sale, a party must have interest in the

secured loan or in the real property security itself.[431]  Accordingly, Plaintiff-Debtor must plead facts

in her proposed Amended Complaint that sufficiently establish that the creditor is in fact one of her

secured creditors.[432]  So, with respect to trust deeds, while a trustor is free to convey or transfer

property previously provided as security in a trust deed,[433] any interest in the collateralized property

is transferred subject to the prior trust deed, *i.e.*, the property continues to be security for the trustor's

---

[429] *CAL. CODE CIV. PROC. § 580d* (LexisNexis 2011) ("No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property or an estate for years therein hereafter executed in any case in which the real property or estate for years therein has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust....")

[430] *See, e.g., Great Lakes*, *supra*, 624 F.3d at 210; *Lowrey*, *supra*, 117 F.3d at 247; *Ortiz*, *supra*, 441 B.R. at 76.

[431] *Banc of Am. Leasing & Capital v. 3 Arch Tr. Services*, 180 Cal. App. 4th 1090, 1103 (Ct. App. 2009).

[432] *Mehta v. Wells Fargo Bank*, 737 F. Supp. 1185, 1202 (S.D. Cal. 2010).

[433] *Moss v. Minor Props.*, 262 Cal. App. 2d 847, 855 (Ct. App. 1968).

– 109 –
**DEFENDANT-CREDITOR J. MICHAEL KELLY'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS re PLAINTIFF-DEBTOR JANE RASHAD'S ORIGINAL COMPLAINT**
**Jane Rashad v. J. Michael Kelly (In re Rashad) – U.S.B.C. Case No. 10-34549-H3-11, Adv. No. 10-03362**

obligation.[434]

In this case, Plaintiff-Debtor was not a party to the family law attorney real property lien ("FLARPL")[435] or Defendant-Creditor's deed of trust **on Dr. Rashad's interest in the Aaron Street property**, as she readily admits in both her Original and Amended Complaints,[436] and therefore lacks the requisite interest to set the foreclosure sale aside under "One Action" Rule.  The deed of trust on Aaron Street was not security for the amounts Plaintiff-Debtor owed Defendant-Creditor on the various judgments ordering Jane to pay a portion Dr. Rashad's attorneys' fees as sanctions for her obstreperous and dilatory tactics during the family law matter's proceedings; the deed of trust was entered into between Dr. Rashad and Defendant-Creditor to solely secure the legal fees and costs incurred on Dr. Rashad's behalf for Defendant-Creditor's legal representation of Dr. Rashad during those marital dissolution proceedings.  The deed of trust attached only to Dr. Rashad's community property interest in the Aaron Street property,[437] completely independent of Plaintiff-Debtor's concurrent undivided one-half interest therein.

Accordingly, the September 2009 interspousal transfer[438] to Plaintiff-Debtor of Dr. Rashad's interest in Aaron Street, established under the January 30, 2008 Default Prove-up Judgment, a

---

[434]   *Cornelison v. Kornbluth*, 15 Cal. 3d 590, 596-97 (1975).

[435]   *See* CAL. FAM. CODE § 2033 (LexisNexis 2011).

[436]   *Plaintiff-Debtor's Orig. Compl.*, filed August 10, 2010 (Docket No. 1, Adv. No. 10-03362), p. 2, ¶ 8 ("Jane Rashad was not a party to any of these transactions [relating to the multiple deeds of trust Dr. Rashad entered into with Defendant-Creditor] ... in order to secure the payment of attorneys fees...."), attached as **Exhibit AA** hereto and filed and served herewith; *Plaintiff-Debtor's Proposed First Am. Compl.*, p. 2, ¶ 8, attached as **Exhibit BB** hereto and filed and served herewith..

[437]   CAL. FAM. CODE § 2033 (LexisNexis 2011).

[438]   *Interspousal Transfer Deed re 2460 Aaron Street between Mohammed Nabil Rashad and Jane Rashad*, dated September 30, 2009 and recorded October 1, 2009 (transferring title in Aaron Street property from Dr. Rashad to Jane Rashad as a married woman as her sole and separate property), attached as **Exhibit R** hereto and filed and served herewith.

transfer Defendant-Creditor contends was fraudulent in nature and transacted in an attempt to circumvent his security interests and liens for fees, was taken subject to the FLARPL.[439]  The FLARPL still applied to the half-interest in the Aaron Street property as security for Dr. Rashad's attorney fees, and thus Plaintiff-Debtor had no secured loan or other beneficial property interest with which to set aside the foreclosure sale.  Simply put, Plaintiff-Debtor had no interest that conferred her with the standing to set aside this debt action.  Alternatively, any interest purportedly transferred to Plaintiff-Debtor was subsumed by the FLARPL encumbrance as she alleges that the property was worth $500,000; accordingly, Dr. Rashad's former half-interest would be valued at $250,000., Dr. Rashad would not have any interest to transfer to Plaintiff-Debtor since the FLARPL secured $375,000 and had eclipsed Dr. Rashad's $250,000 interest.  Under any and all of the aforementioned circumstances, Plaintiff-Debtor lacks the requisite standing to bring this claim from the outset.

### D.    Defendant-Creditor's Exercise of the Power of Sale in the Aaron Street Deed of Trust Did Not Constitute an "Action" for the Purposes of California's "One Action" Rule

Plaintiff-Debtor alleges that "[b]y agreeing that the Stipulation would be enforceable by the family law court or other court of appropriate jurisdiction, Kelly, for the purposes of section 726, commenced an action which then required him to obtain a single judicial foreclose [sic] order dealing with not only the Aaron Street properties but on all the real properties upon which Kelly claimed a lien.  Kelly did not seek or obtain any judicial order of foreclose [sic].  The failure to obtain an order is fatal to Kelly thereafter proceeding to foreclose the Aaron Street property."[440]

Plaintiff-Debtor's contention is illogical and utter nonsense.  The November 2009 Stipulation

---

[439]    *See, e.g.*, ***City of Manhattan Beach v. Superior Court***, 13 Cal. 4th 232, 239 (1996) (quitclaim deed passes  whatever interest or right grantor possesses, legal or equitable); ***Cornelison***, ***supra***, 15 Cal. 3d at 596-97.

[440]    ***Plaintiff-Debtor's Proposed First Am. Compl.***, pp. 9-10, ¶ 44, attached as **Exhibit BB** hereto and filed and served herewith.

included a clause permitting the family law court to retain jurisdiction to enforce its terms[441]; the agreement neither limited Defendant-Creditor's power of sale contained within the deed of trust nor did it require him to **exclusively** seek any court order to exercise said power. There is no legal authority or common-sense rationale to support Plaintiff-Debtor's proposition that by entering into an agreement, Defendant-Creditor somehow commenced an "action" for the purposes the "One Action" Rule.

California state law defines an "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."[442] A "judicial foreclosure action" is defined as an action "to foreclose a mortgage or deed of trust."[443] The "One Action" Rule is triggered when the action itself is **actually commenced**, *i.e.*, by the filing in the appropriate court of the initiating petition or complaint, rather than when the deed of trust was created.[444] However,

---

[441] ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed November 13, 2009, ¶ 11, pp. 8-9, l. 17-3 ("This Stipulation shall be enforceable pursuant to *California Code of Civil Procedure* section 664.6 in the above referenced family law Court and matter and the Parties hereby stipulate and agree that the family law Court shall retain jurisdiction for the purpose of enforcing this Stipulation. The Parties hereto stipulate and agree that the family law court shall have jurisdiction over the enforcement of all of the terms and provisions of this Stipulation. In the event that the family law court, for any reason, declines to accept jurisdiction over this Stipulation, the Parties hereby stipulate and agree that either Party **may** file a separate civil action for breach of this Stipulation for unpaid attorney's fees and costs as set forth herein and to enforce the terms, provisions and conditions of this Stipulation to obtain a civil judgment against the other Parties based on the terms and provisions as agreed to herein. The Parties further stipulate and agree that the terms, provisions and conditions of this Stipulation shall be enforceable through the commencement and filing of a separate civil action for breach of this Stipulation based on the enforcement provisions as set forth in *California Code of Civil Procedure* section 664.6 and thereafter enforceable by a motion to enter judgment pursuant to *California Code of Civil Procedure* section 664.6.") (emphasis added), attached as **Exhibit T** hereto and filed and served herewith.

[442] **C**AL. **C**ODE **C**IV. **P**ROC. **§ 22** (LexisNexis 2011).

[443] **C**AL. **C**ODE **C**IV. **P**ROC. **§ 483.012** (LexisNexis 2011).

[444] ***Nat'l Enters. v. Woods***, 94 Cal. App. 4th 1217, 1235 (Ct. App. 2001); *see, e.g.,* ***In re***
(continued...)

"a private sale under the power contained in the trust deed is not a *judicial* foreclosure [and thus not an 'action'] within [the "One Action" Rule]," and will not prevent the lender from pursuing another "action" for recovery of the debt.[445]  A nonjudicial foreclosure is a private procedure in which the duties are exclusively defined by the trust deed and do not involve judicial proceedings or regulation.[446]  Significantly, upon default a beneficiary can compel a trustee to conduct a private power of sale,[447] which does not involve a court proceeding and is clearly not an "action" for the purposes the "One Action" Rule[448] since "the power of sale exercised by the trustee on behalf of the lender/creditor in nonjudicial foreclosures **is a right authorized solely by the contract between the lender and trustor as embodied in the deed of trust**."[449]  In essence, the beneficiary's remedy under the deed of trust for a breach does not constitute an action.[450]

---

[444]  (...continued)
*Prestige Ltd. Partnership-Concord*, 164 F.3d 1214, 1215 (9th Cir. 1999) (any relief obtained outside judicial foreclosure process does not fall under purview of Section 726).

[445]  *Walker v. Cmty. Bank*, 10 Cal. 3d 729, 736 (1974) (italics in original).

[446]  *Ferguson*, *supra*, 195 Cal. App. 4th at 1623 ("power of sale in a deed of trust allows a beneficiary recourse to the security without the necessity of a judicial action."); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335-37 (Ct. App. 2008); *Melendrez*, *supra*, 127 Cal. App. 4th at 1249.

[447]  *Garfinkle v. Superior Court (Wells Fargo Bank)*, 21 Cal. 3d 268, 277 (1978), *superseded by statute as stated in Estate of Yates*, *supra*, 25 Cal. App. 4th at 519-20 (legislative amendments providing for additional notices to be sent and adding further recipients thereof).

[448]  *Hatch v. Security First National Bank*, 19 Cal. 2d 254, 297 (1942) ("Since there was no judicial foreclosure in the present cases, these provisions of the statute [referring to Section 726] have no direct application."); *Mortgage Guarantee Co. v. Sampsell*, 51 Cal. App. 2d 180, 186 (Ct. App. 1942).

[449]  *Garfinkle*, *supra*, 21 Cal. 3d at 277; *Davidow v. Corp. of America*, 16 Cal. App. 2d 6, 13 (Ct. App. 1936); *U.S. Hertz, Inc. v. Niobrara Farms*, 41 Cal. App. 3d 68, 87 (Ct. App. 1974); *see Koch v. Briggs*, 14 Cal. 256 (1859) (recognizing contractual nature of power of sale and right of parties to include suc power in deed of trust to be exercised in event of default and that that these contractual powers are valid and enforceable and that merchantable title is transferred pursuant to exercise thereof); *Bateman v. Burr*, 57 Cal. 480 (1881) (same).

[450]  *Birman v. Loeb*, 64 Cal. App. 4th 502, 509 (Ct. App. 1998); *Cosentino v. Coastal Const.* (continued...)

Plaintiff-Debtor has confused the nature of the enforceability mechanism provided under California Code of Civil Procedure section 664.6, which is referred to within the November 2009 Stipulation and exists to ensure the parties' compliance with the terms of the agreement,[451] *i.e.,* to obtain court-ordered performance if, for example, Jane were to decline executing the general release at the appropriate time, or if Kelly were to refuse reconveyance of the note or deed of trust after full satisfaction.  Inclusion in the November 2009 Stipulation of a Section 664.6 provision had nothing to do with limiting avenues available to enforce Defendant-Creditor's Aaron Street liens.  In fact, contrary to Plaintiff-Debtor's allegations,[452] under California state law there is no need to seek a judicial order of foreclosure in order to exercise the power of sale in a deed of trust.

Similarly, Defendant-Creditor's execution and enforcement on the Maroneal property of the various domesticated sanctions and attorneys' fees orders and judgments entered against Plaintiff-Debtor, leading to the constable sale thereof, did not constitute any type of judicial proceeding or action under Section 726.  Per the analysis detailed *supra*, the enforcement of the judgments was not a judicial foreclosure; it was a private proceeding executed on a domesticated judgment.  Defendant-Creditor never executed on a lien against Maroneal property.  Defendant-Creditor was free to pursue any available process for the recovery of the Rashads' outstanding debts because the Maroneal constable sale did not constitute an "action" under the "One Action" Rule.  Therefore,

---

[450] (...continued)
*Co.*, 30 Cal. App. 4th 1712, 1715 (Ct. App. 1994) (Probate Code § 9391, requiring mortgage holder in action to enforce lien against estate to waive all recourse against other estate property, does not apply to private nonjudicial foreclosure).

[451] ***Stipulation and Order re Settlement of Attorney Fees and Sanction Orders between Jane Rashad, Mohammed Rashad, and the Law Offices of Michael Kelly***, dated October 5, 2009 and filed November 13, 2009, ¶ 11, pp. 8-9, l. 17-3.

[452] ***Plaintiff-Debtor's Proposed First Am. Compl.***, pp. 9-10, ¶ 44, attached as **Exhibit BB** hereto and filed and served herewith (Defendant-Creditor's failure to obtain judicial foreclosure order purportedly fatal to exercising trust deed's power to sell Aaron Street property).

despite Plaintiff-Debtor's claims to the contrary, no "action" ever triggered the "One Action" Rule to force Defendant-Creditor to bring a single foreclosure proceeding against all properties against which he held liens.[453]

### E.    California's "One Action" Rule Does Not Apply to Enforcement of Judgment Steps against Real Property Located Outside of California

Even assuming that the Maroneal and Aaron Street proceedings constituted "actions" under Section 726, the "One Action" Rule is still inapplicable because the first "action" was "prosecuted" against real property located beyond California's territorial limits, precluding application of the "One Action" Rule.

The California courts have consistently interpreted Section 726 to apply only to actions against collateral within California so that **where the mortgage security is located outside of California, Section 726 does not apply**[454] since it addresses "procedure only and **cannot operate extraterritorially**."[455]  ***Felton v. West***[456] is instructive; there, a mortgage was executed in California on property in Oregon, and the property was then sold and credited to a promissory note.[457]  The ***Felton*** Court held the mortgagee could subsequently bring an action in California to sue for the deficiency, and the "One Action" Rule did not apply.[458]  Notably, ***Felton*** pointed out that Section

---

[453]   *See, e.g., **Nat'l Enters.**, **supra**,* 94 Cal. App. 4th at 1238 (single lender allowed to structure single debt into multiple promissory notes and bring multiple actions on them without violating "One Action" Rule).

[454]   ***Blumberg v. Birch***, 99 Cal. 416, 418 (1893); ***Denver Stockyards Bank v. Martin***, 177 Cal. 223, 226 (1918); ***McGue v. Rommel***, 148 Cal. 539, 545 (1906); ***Felton v. West***, 102 Cal. 266 (1894).

[455]   ***First-Trust Joint Stock Land Bank v. Meredith***, 5 Cal. 2d 214, 217-18 (1936) (emphasis added).

[456]   ***Felton***, **supra**, 102 Cal. at 266.

[457]   ***Felton***, **supra**, 102 Cal. at 268-70.

[458]   ***Felton***, **supra**, 102 Cal. at 270; ***Maryland Cas. Co. v. Nottingham***, 18 Cal. App. 2d 135, 137 (Ct. App. 1936).

726 "only refers to actions for the recovery of the mortgage upon property situated in the state of California," and that "all the provisions of the section entirely negative the idea of any other construction."[459]

In this case, Plaintiff-Debtor contends that Section 726 precludes Defendant-Creditor from foreclosing on the Aaron Street property after having executed against the Maroneal property, claiming that Defendant-Creditor in essence sought a prohibited deficiency by doing so. Plaintiff-Debtor clearly misapprehends the facts and the law since Defendant-Creditor was not enforcing the terms of the November 2009 Stipulation; instead, Kelly was exercising his right to sell under the deed of trust on Aaron Street property and his right to enforce the domesticated judgments against the Maroneal property. The deed of trust and the sanctions/attorneys' fees orders and judgments represented separate obligations of separate and distinct people so that the "One Action" Rule was wholly inapplicable[460] and the concept of a proscribed deficiency never enters the analysis.

As in *Felton*, Defendant-Creditor here properly executed against real property located outside of California, an enforcement procedure that does not trigger the "One Action" Rule, and subsequently, exercised his power of sale under the deed of trust against the collateralized property located in California, which did not constitute an action or the seeking of a deficiency under the "One Action" Rule. Consistent with the Plaintiff-Debtor's allegations in initiating the instant adversary proceeding, Jane's claims find support in neither the facts nor the law, and she should not be granted leave to amend in order to assert her demonstrably frivolous "One Action" Rule contention.

---

[459]   *Felton*, *supra*, 102 Cal. at 270.

[460]   *Paykar Constr. v. Spilat Constr. Corp.*, 92 Cal. App. 4th 488 (Ct. App. 2001).

# X.

## PLAINTIFF-DEBTOR SHOULD NOT BE GRANTED LEAVE TO AMEND HER ADVERSARY COMPLAINT SINCE SHE CANNOT STATE A COGNIZABLE CLAIM AS A MATTER OF LAW SO THAT HER ADVERSARY PROCEEDING COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Defendant-Creditor recognizes that "[a] court should freely give leave to amend pleadings when justice so requires."[461]  The decision to grant leave rests within the sound discretion of the Court,[462] and the language of Rule 15 appears to reflect a policy in favor of the court granting leave to amend,[463] severely restricting the Court's discretion to dismiss without leave to amend.  Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice.[464]

For example, leave to amend should be denied and dismissal with prejudice granted if the Court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency."[465]  "If the pleadings establish facts compelling a decision one way, that

---

[461]  *Muttathottil v. Gordon H. Mansfield*, 381 Fed. Appx. 454, 457 (5th Cir. 2010); *Fed. R. Civ. P. 15(a)(2)*; *Fed. R. Bankr. P. 7015* (incorporating FRCP rule 15 to apply to adversary proceedings in bankruptcy cases); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lowrey*, *supra*, 117 F.3d at 245 (Rule 15 permits liberal amendment and supplementation); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).

[462]  *Halbert v. City of Sherman*, 33 F.3d 526, 539 (5th Cir. 1994) (decision to permit amendment is within trial court's discretion).

[463]  *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

[464]  *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003); *DeCarlo v. Fry*, 141 F.3d 56, 62 (2nd Cir. 1998).

[465]  *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."); *see Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (court need not expressly state granting leave to amend would be futile if this reasoning is apparent from the record).

is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts."[466]  Moreover, "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."[467]

Under the circumstances of this case, Defendant-Creditor has clearly established that Plaintiff-Debtor cannot state a plausible[468] claim for which she is entitled to any relief[469] as a matter of law.[470]  Additionally, as noted in the discussion above relating to Plaintiff-Debtor's proposed amended complaint and its inclusion of California's "One Action Rule" allegations, not only would Jane's contemplated amendment be futile but by the time of the instant motion's filing, she will have delayed almost **four months** prior to presumably seeking leave to file the amended complaint; this Court should not countenance Plaintiff-Debtor doing nothing to advance her cause.  Furthermore, leave to amend need not be granted where plaintiff fails to request it,[471] with some courts holding that to preserve the Rule 15(a) right to amend, plaintiff must do more than merely seek leave to amend in its opposition or at oral argument, and in fact must file a separate motion to amend, including a

---

[466] *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009).

[467] *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010); *Krupski v. Costa Crociere S. p. A.*, ___ U.S. ___, ___, 130 S. Ct. 2485, 2496 (2010); *Foman*, *supra*, 371 U.S. at 182; *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Muttathottil*, *supra*, 381 Fed. Appx. at 457.

[468] *Twombly*, *supra*, 550 U.S. at 555, 570.

[469] FED. R. CIV. P. 8(a).

[470] *See, e.g., Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988) (amendment to fraud complaint properly denied where alleged misstatements "could not be misrepresentations" as a matter of law).

[471] *Central Laborers' Pension Fund v. Integrated Elec. Services Inc.*, 497 F.3d 546, 555-56 (5th Cir. 2007); *Wagner v. Daewoo Heavy Indus. America Corp.*, 314 F3d 541, 542-44 (11th Cir. 2002) (en banc); *but see Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (court should grant leave to amend even if plaintiff did not request leave to amend, unless it is clear that the complaint cannot be cured by the allegation of different facts).

proposed amended complaint.[472]

A dismissal for failure to state a claim under Rule 12 bars further litigation on the particular claim pleaded unless leave to amend is granted, or the dismissal is made "without prejudice" to refiling.[473] Defendant-Creditor respectfully requests that on the granting of his motion for judgment on the pleadings that the Court dismiss Plaintiff-Debtor's adversary proceeding complaint **with prejudice and without leave to amend** so that judgment herein may be entered in Defendant-Creditor's favor.[474]

## XI.

## DEFENDANT-CREDITOR REQUESTS THAT THE ORDER GRANTING THE INSTANT MOTION AND ENTERING JUDGMENT IN HIS FAVOR INCLUDE A PROVISION FOR PLAINTIFF-DEBTOR'S PAYMENT OF THE COSTS AND REASONABLE ATTORNEYS' FEES DEFENDANT-CREDITOR INCURRED DEFENDING AGAINST THIS TRAVESTY OF AN ADVERSARY PROCEEDING

As should be readily apparent from the foregoing analysis of the claims asserted in Plaintiff-Debtor's Original Complaint, Jane's factual allegations lack evidentiary support and her legal contentions are not warranted by existing law;[475] Plaintiff-Debtor's only motivation for filing and prosecuting the instant adversary proceeding was improper, seeking to harass Defendant-Creditor, cause needless delay, and force Defendant-Creditor to incur tens of thousands of dollars in otherwise unnecessary expenses to obtain a measure of satisfaction with respect to the monies owed to him by

---

[472] *Ramsgate Court Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 161 (3rd Cir. 2002); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913-14 (8th Cir. 2002).

[473] *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir. 1986); *see* FED. R. CIV. P. 41(b) (involuntary dismissal of action is with prejudice unless dismissal order specifically states otherwise and constitutes adjudication on the merits); *Carter v. Norfolk Comm. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) (if dismissal ordered, it is usually with prejudice to refiling unless order specifically provides otherwise).

[474] *See, e.g.,* FED R. CIV. P. 50(a)(2) (judgment as a matter of law).

[475] *See, e.g.,* FED. R. CIV. P. 11(b)(2)-(3).

the Rashads.[476]  This has been Jane's strategy with respect to all litigation proceedings to which she has been a party since 2007.

California's anti-deficiency judgment provisions[477] do not prohibit an award of attorneys' fees in an action to set aside a foreclosure sale.  Furthermore, the statutory provisions[478] that establish the maximum sums that may be claimed as expenses of foreclosing on property do not limit the amount of fees the court may award as those maximum amounts do not include other costs, including legal fees, which may be incurred by a creditor in protecting the security.[479]  Standard trust deed forms typically provide that the trustor must pay reasonable attorneys' fees that may be incurred by the trustee or beneficiary in any action or proceeding concerning the trust deed; when the beneficiary prevails in an action brought by the trustor to attack a private sale, the beneficiary is entitled to add reasonable attorneys' fees to the outstanding debt.[480]  The January 2008 Promissory Note provided that "In the event that this Promissory Note is not paid on demand, [Dr. Rashad] agree[s] to pay **all reasonable attorneys fees an[d] costs of collection**."[481]  The Deed of Trust on the Aaron Street Property specifically incorporated the provisions of the "fictitious" deed of trust recorded in every county in California,[482] which provides that "To Protect the Security of This Deed of Trust, Trustor

---

[476]  *See, e.g.,* **FED. R. CIV. P. 11(b)(1)**.

[477]  **CAL. CODE CIV. PROC. § 580d** (LexisNexis 2011).

[478]  **CAL. CIV. CODE §§ 2924c, 2924d** (LexisNexis 2011).

[479]  **Jones v. Union Bank of California**, 127 Cal. App. 4th 542, 547-48 (Ct. App. 2005).

[480]  **De La Cuesta v. Superior Court (Fidelity Fed. Sav. & Loan Assn.)**, 152 Cal. App. 3d 945, 948-50 (Ct. App. 1984).

[481]  **$375,000 Promissory Note between Mohammed Rashad and J. Michael Kelly Secured by Deed of Trust**, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008 (emphasis added), attached as **Exhibit E** hereto and filed and served herewith.

[482]  **Fictitious Deed of Trust Recorded in Los Angeles County on August 28, 1968**, book T5910, p. 842, as appears in **Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly**, dated January 16, 2008 and recorded in the Los
(continued...)

Agrees ... [¶] ... To appear in and defend **any action or proceeding purporting to affect the security hereof or the rights or powers of beneficiary** or Trustee, and **to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum**, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed."[483]

Jane has requested attorneys fees in her complaint; reciprocity dictates that upon dismissal of the instant adversary proceeding and entry of judgment in Defendant-Creditor's favor that she be made to reimburse Defendant-Creditor for his costs and reasonable attorneys' fees incurred defending against this meritless case.

## XII.

### DEFENDANT-CREDITOR REQUESTS THAT THE COURT ISSUE A STATEMENT OF DECISION CONTAINING ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RULING ON THE INSTANT MOTION

Even though the Court is not required to state its findings and conclusions when ruling on a Rule 12 motion,[484] "we have required that the district court explain its reasons in sufficient detail to allow this Court to determine whether the district court correctly applied the proper legal rule."[485]

---

[482] (...continued)
Angeles County Recorder's Office on February 13, 2008, p. 2, attached as **Exhibit F** hereto and filed and served herewith.

[483] *Short Form Deed of Trust and Assignment of Rents (Individual) between Mohammed Rashad and J. Michael Kelly*, dated January 16, 2008 and recorded in the Los Angeles County Recorder's Office on February 13, 2008, p. 2, ¶ 3 (emphasis added), attached as **Exhibit F** hereto and filed and served herewith.

[484] *Fed. R. Civ. P. 52(a)(3)*; *Fed. R. Bankr. P. 7052* (incorporating FRCP rule 52 to apply to adversary proceedings in bankruptcy cases); *Davis v. Bayless*, *supra*, 70 F.3d at 376 ("[R]ule 12 does not require that the district court enter findings of fact or conclusions of law when deciding a motion to dismiss...."); *Over and Out, Inc. v. Eclipse Aviation Corp. (In re AE Liquidation, Inc.)*, 426 B.R. 511 (Bankr. D. Del. 2010) (no findings of fact or conclusions of law were necessary in memorandum opinion deciding motion to dismiss pursuant to FRCP 12.).

[485] *Davis v. Bayless*, *supra*, 70 F.3d at 376; *Wildbur v. Arco Chemical Co.*, 974 F.2d 631, (continued...)

"When the district court's 'reasoning is vague or simply left unsaid, there is little opportunity for effective review.' "[486] " 'In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons.' "[487]

If the Court were to grant the instant motion, it should provide a statement of its reasons so that Plaintiff-Debtor can make an intelligent decision on whether and how to amend her adversary proceeding complaint.[488]  And if the Court were to grant Defendant-Creditor's motion and dismiss without leave to amend, such a ruling would be subject to "strict scrutiny" on appeal so that the record should clearly establish the reason why leave to amend was denied.[489]  "Where the record does not clearly dictate the district court's denial [of leave to amend], we have been unwilling to affirm absent written findings and have reversed findings ... that were merely conclusory."[490]  Therefore, Defendant-Creditor respectfully requests that the Court issue a written statement of decision wherein it pronounces its findings of fact and conclusions of law made in determination of the instant motion.

## XIII.

## CONCLUSION

For all the reasons stated herein, Defendant-Creditor respectfully requests that this Court grant his motion for judgment on the pleadings, dismiss the instant adversary proceeding **with prejudice and without leave to amend**, and enter a final judgment in this adversary proceeding in

---

[485] (...continued)
644 (5th Cir. 1992).

[486] **Davis v. Bayless**, **supra**, 70 F.3d at 376, *quoting* **McIncrow v. Harris County**, 878 F.2d 835, 836 (5th Cir. 1989).

[487] **Davis v. Bayless**, **supra**, 70 F.3d at 376, *quoting* **McIncrow**, **supra**, 878 F.2d at 836.

[488] See **Griggs v. Hinds Junior College**, 563 F.2d 179, 180 (5th Cir. 1977); **Bonanno v. Thomas**, 309 F.2d 320, 322 (9th Cir. 1962).

[489] See **Foman**, **supra**, 371 U.S. at 182.

[490] **Mayes v. Leipziger**, 729 F.2d 605, 608 (9th Cir. 1984).

Defendant-Creditor's favor under Rule 41 in which Defendant-Creditor is awarded his costs and

reasonable attorneys' fees incurred in the defense of the instant adversary proceeding.[491]

                       Respectfully submitted July 8, 2011.

                       /s/ James E. Cuellar
                       James E. Cuellar, Esq.
                       State Bar No. 05202345
                       Wells Cuellar PC
                       440 Louisiana
                       Suite 718
                       Houston, Texas 77002-1637
                       Tel: (713) 222-1281
                       Fax: (713) 237-0570
                       Email: jcuellar@wellscuellar.com
                       *Counsel for Defendant-Creditor*
                       J. Michael Kelly

---

[491] *FED. R. CIV. P. 41(b)* ("If the plaintiff fails to prosecute or to comply with these rules ...,
a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states
otherwise, a dismissal under [Rule 41(b)] and dismissal not under this rule ... operates as an
adjudication on the merits."); *FED. R. BANKR. P. 7041* (incorporating FRCP rule 41 to apply to
adversary proceedings in bankruptcy cases); *Nasious v. Two Unknown B.I.C.E. Agents, at
Arapahoe County Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2011, I electronically filed a true and correct copy of the foregoing **Defendant J. Michael Kelly's FRCP Rule 12(c) Motion for Judgment on the Pleadings re Plaintiff-Debtor Jane Rashad's Original Complaint Seeking to Set Aside Non-Judicial Foreclosure on Aaron Street Real Property** with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas, Houston Division, via the Court's CM/ECF system.  Participants in this case entitled to receive notice and who are registered CM/ECF users will be served with a copy of the foregoing by the CM/ECF system, and that I will serve a copy of the foregoing on all participants in the case entitled to receive notice and who are not registered CM/ECF users by mailing a copy of the same, first-class, postage paid, to the address listed on the Court's CM/ECF system.

Debtor:
Jane Rashad
9374 Briar Forest Drive
Houston, Texas 77063

Debtor's Attorney:
David Venable, Esq.
12200 NW Freeway
Suite 316
Houston, Texas 77092

U.S. Trustee:
Ellen Maresh Hickman
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

/s/ James E. Cuellar, Esq.